IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | 1:23-md-3062-TDS-JEP |

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, on February 6, 2023, the Judicial Panel on Multidistrict Litigation ("JPML") centralized actions concerning certain crop protection products loyalty programs in this court for coordinated or consolidated pretrial proceedings;

WHEREAS, also pending before the court is *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Case No. 22-cv-00828 (M.D.N.C.) (the "Government Action");

WHEREAS, on February 22, 2023, the court entered an order setting a status conference for April 6, 2023, and setting forth a list of topics that the parties should address by March 23, 2023;

WHEREAS, the parties met and conferred on the topics identified in the court's February 22, 2023 order and offered a proposed order;

WHEREAS, on April 6, 2023, the court held a status conference to discuss the parties' joint proposals and points of disagreement concerning the organization and management of the case;

NOW, THEREFORE, the court enters the following order for the coordinated management of these cases:

**(1) Consolidation for pre-trial purposes.** All private related cases that have been filed in this district, and all cases that are transferred to or conditionally transferred to this district by the JPML or are otherwise subject to the JPML's orders (collectively, the "Centralized Actions") are hereby consolidated for pretrial purposes. Any "tag along" action later filed in, removed to, or transferred to this court, or related cases filed in this district, will be automatically assigned to the undersigned and Magistrate Judge Joi Elizabeth Peake and will be consolidated with the Centralized Actions without further motions or orders. This consolidation does not constitute a determination that these actions should be consolidated for trial or that a class should be certified, nor does it have the effect of making any entity a party to any action in which it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. The parties reserve the right to seek consolidation for trial purposes at a later date.

(2) **Captioning of filings.** All documents filed in the Centralized Actions must be captioned as follows:

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

If a particular document relates only to a particular case or cases, it should so indicate in the caption as follows:

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to:<br><br>[INSERT INDIVIDUAL CASE(S)] | Case No. 1:23-md-3062-TDS-JEP |

(3) **Application of MDL orders to newly-filed and transferred cases.** All orders entered by the court in this action shall apply to all Centralized Actions unless the court directs otherwise. The court's previous orders and any orders hereafter filed on the *In re: Crop Protection Products Loyalty Program Antitrust Litigation* docket will apply to related cases later filed in, removed to, or transferred to this court. Upon transfer to this court, all preexisting deadlines and orders issued by transferor courts will be automatically vacated.

3

**(4) Filing and docketing procedures.** The Clerk of Court will maintain a master docket for the Centralized Actions styled as *In re: Crop Protection Products Loyalty Program Antitrust Litigation*, No. 1:23-md-3062-TDS-JEP. All orders, pleadings, motions, and other documents will, when filed and docketed on the master docket, be deemed filed and docketed in each individual case to the extent applicable. If an order, pleading, motion, or other document is generally applicable to all consolidated actions, it will include in its caption that it relates to "ALL ACTIONS" and be filed and docketed only on the master docket. A document intended to apply only to a particular case(s) will indicate in its caption the case number(s) of the case(s) to which it applies and be filed and docketed both in the master docket and the dockets of the specified individual cases.

**(5) Admission of attorneys in transferred and newly-filed cases.** Any attorney representing a party in this action who was previously admitted to practice before a transferor district court (either as a permanent member of that court's bar or *pro hac vice* for the action in the transferor district court) and who is associated with a member of the bar of this court is admitted as specially appearing under Local Rule 83.1(d) for purposes of this MDL, and need not enter a Notice of Special Appearance or pay an appearance fee. All other attorneys seeking to appear in this MDL shall file a Notice of Special Appearance pursuant to L.R. 83.1(d)

4

to the extent they are not already admitted to practice in this District (unless they have already done so).

**(6) Organization of Plaintiffs' counsel and responsibilities.** Plaintiffs' counsel are engaging in ongoing discussions as to organization of Plaintiffs' counsel and the appointment of "Interim Class Counsel." Motions for the appointment of Interim Class Counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure must be filed by April 20, 2023. All motions for appointment of Interim Class Counsel shall include the requested appointment of "Liaison Counsel." Briefs in support of such motions shall be limited to 6,250 words. Motions may include supporting documents as exhibits, if warranted (e.g., copies of firm resumes, supporting declarations). There will be no oppositions or replies by Plaintiffs. Any Defendant who wishes to address any issue raised by the motions should file its briefing within seven days of the Plaintiffs' motions. Counsel for the Plaintiffs shall meet and confer before the filing of any such motions in an attempt to resolve any differences. Counsel shall also meet and confer after the filing of such motions in an effort to resolve any differences and shall report any resolution of any differences to the court within 14 days after the motions are filed.

Interim Class Counsel shall have the power to perform the duties and undertake the responsibilities reasonably necessary or

desirable in the prosecution and resolution of their actions, including, without limitation, the powers and responsibilities set forth in the Manual for Complex Litigation, §10.221. For purpose of this order, "Plaintiff" shall include every Plaintiff in these Centralized Actions other than a Plaintiff that has requested exclusion from a proposed class or who has filed a non-class complaint.

No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel, and no Plaintiff(s)' counsel shall be authorized to perform any work in the case without the express authorization of Interim Class Counsel provided that nothing in this order shall be construed to limit any Plaintiffs' rights under Federal Rule of Civil Procedure 23(d)(1)(B).

Interim Class Counsel shall have sole authority to communicate with Defendants' counsel, counsel in the Government Action, and the court on behalf of any Plaintiff unless Interim Class Counsel expressly delegates authority to communicate to other counsel, such as Liaison Counsel. Defendants' counsel, counsel in the Government Action, and the court may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel for the Centralized Actions.

**(7) Coordination of service and filing of pleadings, motions, and other papers.** All counsel are required to promptly register for and participate in this court's CM/ECF filing system. Documents filed in this action through the court's CM/ECF filing system shall constitute proper service on all parties. No service is required on any party not registered in this court's CM/ECF filing system.

**(8) Communications among counsel.** Generally, the communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel will not be deemed a waiver of the attorney-client privilege or the protection afforded work product, and cooperative efforts will in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff.

**(9) Filing of consolidated complaint.** Within 90 days following the appointment of Interim Class Counsel, Plaintiffs shall file a Consolidated Class Action Complaint (the "Consolidated Complaint").

The deadlines and word limits for briefing on any motions to dismiss, including the number of such motions, shall be determined following the filing of the Consolidated Complaint either by stipulation, or if the parties are unable to agree, by simultaneous submissions of no more than three pages to be filed within 14 days after the filing of the Consolidated Complaint. Deadlines will be

7

set and begin to run when a court-ordered schedule is entered on the master docket.

**(10) Discovery.** Discovery is stayed pending the court's consideration of the parties' briefing as to whether/when discovery should be permitted to commence, and, if so, on what basis. Such briefs shall be filed simultaneously by Plaintiffs and Defendants by April 19, 2023, and shall be limited to 3,000 words. The court urges the parties to file consolidated briefs per side if at all possible.

**(11) Schedule for class certification proceedings.** Following the disposition of any motions to dismiss the Consolidated Complaint, the parties will meet and confer in an attempt to reach agreement on the deadlines and word limits for Plaintiffs' motion for class certification and Defendants' oppositions, and if they are unable to agree, will submit any disputes concerning such schedule to the court promptly thereafter.

**(12)** The Clerk of Court shall file a copy of this order and any subsequent case management order(s) in all related cases, including any case filed or transferred into this MDL hereafter.

IT IS SO ORDERED.

                                                                   /s/   Thomas D. Schroeder
                                                     United States District Judge

April 7, 2023