# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | l:23-md-3062-TDS-JEP |

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT KAPLAN FOX & KILSHEIMER LLP AS A CO-LEAD COUNSEL AND BELL, DAVIS & PITT, P.A. AS LIAISON COUNSEL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

MATTER BEFORE THE COURT .................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 1

QUESTION PRESENTED ................................................................................................ 2

I.      Introduction. ................................................................................................................ 2

II.     Kaplan Fox And Bell Davis Should be Appointed As Interim Co- Lead
        Counsel and Liaison Counsel, Respectively, Based on their Extensive Due
        Diligence, Experience, Relationships, Bench Strength, and Commitment
        of Resources. ........................................................................................................... 5

        A.      Kaplan Fox And Bell Davis Have Worked Diligently to Develop
                this Case. ................................................................................................. 6

        B.      Kaplan Fox Is Experienced in Litigating Antitrust Class Actions
                And Has Extensive Knowledge of the Relevant Law; Bell Davis Is
                Well-Respected In This District And Has Extensive Experience
                Litigating Before This Court. ................................................................ 6

                1.      Kaplan Fox ................................................................................ 7

                2.      Bell Davis ................................................................................ 15

        C.      Proposed Interim Lead Counsel and Liaison Counsel Will Work
                Cooperatively with Co-Counsel, Defense Counsel, and the Court. ............ 17

III.    Billing And Other Procedures to Control Costs .................................................... 17

IV.     Conclusion .......................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Illinois Brick Co. v. Illinois,*
  431 U.S. 720 (1977)........................................................................................ 4

**Rules**

Fed. R. Civ. P. 23 ...................................................................................... 1, 5, 6, 7

**Other Authorities**

Manual for Complex Litigation (Fourth) (2009) ................................................ 6

ii

## MATTER BEFORE THE COURT

Pursuant to Fed. R. Civ. P. 23(g)(3), Plaintiffs Sayler Farms, LLC, River Island, Inc., Richard J. Slovak, Mercury Properties, LLC, Bullhead Acres, LLC, Matt King d/b/a King Farms, Dale R. Teske, Christopher L. Jessen, and Gary N. Vann submit this Memorandum in support of their Motion to Appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Interim Co-Lead Counsel and Bell, Davis & Pitt, P.A. ("Bell Davis") as Interim Liaison Counsel.

## STATEMENT OF FACTS

On September 29, 2022, the Federal Trade Commission (FTC") and various states filed suit against Defendants alleging violations of the FTC Act, Sherman Act, Clayton Act, and various state laws. Fed. Trade Comm., et al. v. Syngenta Crop Protection AG, et al., 1:22-cv-828-TDS-JEP, Dkt. 1 ("FTC Complaint"). Subsequently, private cases were filed in this and other districts and currently there are approximately 28 cases pending in this district including cases which have been transferred to this district. The complaints allege that Syngenta and Corteva violated antitrust laws by implementing loyalty programs with respect to certain of its branded crop protection products. These loyalty programs provided direct payments to distributors (including "substantially all" leading distributors, which control more than 80% of the relevant markets) that met sales quotas for branded Syngenta and Corteva crop protection products. These sales quotas had the purpose and effect of suppressing competition from generic crop protection competitors, i.e., those who manufactured products using the same chemicals as Syngenta and Corteva once their patents expired, maintaining Syngenta's and Corteva's monopolies on the relevant

1

products and keeping prices above competitive levels. Although the Bell Davis Plaintiffs filed all of their cases in this District, many other plaintiffs filed cases in the United States District Court for the Northern District of Indiana and other Districts, which resulted in a motion before the Judicial Panel on Multidistrict Litigation ("JPML"). That motion was argued before the JPML Panel on January 26, 2023, in Miami, Florida. Bell Davis Plaintiffs' counsel attended the argument. On February 6, 2023, the JPML centralized the actions in this court for coordinated or consolidated pretrial proceedings and on April 7, 2023, the Court entered Case Management Order No. 1 consolidating the actions, among other things.

## QUESTION PRESENTED

Should the Court appoint Kaplan Fox as Interim Co-Lead Counsel and Bell Davis as Interim Liaison Counsel when doing so would generate significant efficiencies and benefits for the proposed class, the Court, and Defendants, when proposed Interim Co-Lead and Liaison Counsel have already undertaken significant efforts to advance these cases efficiently and have already performed extensive work for the putative class, including (i) conducting Zoom calls with attorneys for the FTC and certain of the states prosecuting the related litigation, (ii) conducting Zoom calls with several agricultural trade associations and organizations that represent farmers directly or advocate on behalf of farmers, all of which will further the litigation, and (ii) conducting zoom calls with three potential experts?

## I.    Introduction.

Kaplan Fox and Bell Davis hereby respectfully move to be appointed as an Interim

2

Co-Lead Counsel and Liaison Counsel, respectively. They are endorsed by the six law firms representing plaintiffs in the eight actions filed in this District who are listed below ("Bell Davis Plaintiffs" or "Bell Davis Actions").[1] The Bell Davis Plaintiffs themselves also endorse the appointment of Kaplan Fox and Bell Davis. Accordingly, the Bell Davis Plaintiffs, who constitute 9 of the approximately 28 private actions pending in this district, or about one-third of the private pending cases, ask the Court to appoint Kaplan Fox as an Interim Co-Lead Counsel and Bell Davis as Interim Liaison Counsel.

Moreover, should the Court appoint an Executive Committee, Bell Davis Plaintiffs further suggest that Amanda Lewis of Cuneo, Gilbert and LaDuca be appointed to serve on the Committee. Ms. Lewis is a former FTC trial attorney who has been active in the Bell Davis Plaintiffs' counsel's investigation of this matter.

The Bell Davis Plaintiffs have had extensive leadership discussions with counsel for other plaintiffs, some of whom represent only one plaintiff or share a plaintiff with other counsel, to no avail. They insist that the Bell Davis Plaintiffs accede to their self-appointed case leadership structure and refuse to include Bell Davis Plaintiffs' counsel in it—despite the number of the Bell Davis Actions and Bell Davis Plaintiffs' counsel's

---

[1]    *Sayler Farms, LLC v. Syngenta Crop Protection AG, et al,* No. 1:22-cv-1055 (M.D.N.C.); *River Island, Inc. v. Syngenta Crop Protection AG, et al*, No. 1:23-cv-00242-TDS-JEP (M.D.N.C.); *Gary N. Vann v. Syngenta Crop Protection AG, et al,* No. 1:23-cv-00244-TDS-JEP (M.D.N.C.); *Christopher L. Jessen v. Syngenta Crop Protection AG, et al,* No. 1:23-cv-00243-TDS-JEP (M.D.N.C.); *Dale R. Teske v. Syngenta Crop Protection AG, et al*, No. 1:23-cv-90 (M.D.N.C.); *Matt King d/b/a King Farms v. Syngenta Crop Protection AG, et al,* No. 1:22-cv-01117 (M.D.N.C.); *Richard J. Slovak v Syngenta Crop Protection AG, et al,* No. 1:22-cv-1059 (M.D.N.C.); and *Mercury Properties, LLC, et al v. Syngenta Crop Protection AG, et al,* No. 1:23-cv-267 (M.D.N.C.)

experience leading antitrust MDL class actions. Nevertheless, the Bell Davis Plaintiffs' attorneys have worked cooperatively with other plaintiffs' and defendants' counsel in drafting the Case Management Order and Class Plaintiffs' Memorandum In Support of Their Request For Re-Production of The Government Documents ECF 36, dated April 19, 2023.

Bios of the Kaplan Fox and Bell Davis attorneys who will work on this matter are attached as Exhibits A and B, respectively.[2] See also https://kaplanfox.com/about/attorneysandstaff.html and https://www.belldavispitt.com/attorneys-and-counselors. If appointed as an Interim Co-Lead Counsel and Liaison Counsel, Kaplan Fox and Bell Davis will continue the substantive work they have already started to further the litigation and continue to work cooperatively and collegially with other counsel, including other Court-appointed leadership counsel, to efficiently prosecute this litigation and obtain the best possible result for the plaintiff class.

The eight Bell Davis Actions are class actions asserting indirect purchaser claims under the laws of several *Illinois Brick* repealer states, including the *only* North Carolina plaintiffs named in the litigation. Due to one of their counsel's representation of over 9000 farmers in over forty states in prior litigation against Syngenta, Bell Davis Plaintiffs' counsel believe they will ultimately be retained by plaintiffs in virtually all the *Illinois*

---

[2]     The resume of Amanda Lewis of Cuneo, Gilbert and LaDuca is attached as Exhibit C.

4

*Brick* repealer states.

Proposed Interim Lead Counsel and Liaison Counsel, in conjunction with other Bell Davis Plaintiffs' counsel, have already performed extensive work for the putative class, including (i) conducting more than six Zoom calls with attorneys for the FTC and certain of the states prosecuting the related litigation, (ii) conducting Zoom calls with several agricultural trade associations and organizations that represent farmers directly or advocate on behalf of farmers, all of which will further the litigation and (iii) conducting zoom calls with three potential experts.[3] Another of the Bell Davis Plaintiffs' counsel, Amanda Lewis, recently served as a trial attorney with the FTC and has extensive contacts within the agency, as well as with the State Attorneys General Offices that are co-plaintiffs with the FTC in its case against Defendants Syngenta and Corteva.

As further described below, proposed Interim Co-Lead Counsel and Liaison Counsel have the experience, skills, resources, and bench strength to lead this litigation, and respectfully request that they be appointed accordingly.

## II. Kaplan Fox And Bell Davis Should be Appointed As Interim Co-Lead Counsel and Liaison Counsel, Respectively, Based on their Extensive Due Diligence, Experience, Relationships, Bench Strength, and Commitment of Resources.

Rule 23(g)(1)(A) provides that, "[i]n appointing class counsel, the court: (A) must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and

---

[3] The Bell Davis plaintiffs have not retained any expert since they believe that such retentions should wait until the Court has appointed Lead Counsel.

5

the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" FED. R. CIV. P. 23(g)(1)(A)(i)-(iv). The MANUAL FOR COMPLEX LITIGATION (FOURTH) further states that the most important consideration in determining lead counsel is ensuring that the litigation proceeds efficiently and economically "without jeopardizing fairness to the parties." *Id.* §10.221.

### A. Kaplan Fox And Bell Davis Have Worked Diligently to Develop this Case.

To date, Kaplan Fox and Bell Davis have conducted an extensive independent investigation into potential anticompetitive conduct in the CPP market, including numerous contacts and interviews of persons with knowledge. In addition to multiple Zoom meetings with attorneys from the FTC facilitated by co-counsel Amanda Lewis, who was a trial attorney with the FTC, counsel also met via Zoom with representatives of four of the State Attorney Generals who filed suit with the FTC, which was also facilitated by co-counsel Amanda Lewis. Counsel in the Bell Davis Actions have also met with several potential economists and several agricultural trade associations and organizations dedicated to advancing farmers' interests, including the National Farmers Union, the National Corn Growers Association, the Texas Corn Growers Association, and the Open Markets Institute, as well as conferred with several individual farmers.

### B. Kaplan Fox Is Experienced in Litigating Antitrust Class Actions And Has Extensive Knowledge of the Relevant Law; Bell Davis Is Well-Respected In This District And Has Extensive Experience Litigating Before This Court.

Both law firms are well-qualified to lead and litigate this matter effectively on behalf

of the putative class. Kaplan Fox has a rich history of success leading and litigating large, complex antitrust class actions and is well-versed in antitrust and class certification jurisprudence. Bell Davis is a venerable firm in this District with extensive experience litigating before this Court. Accordingly, both firms meet the requirements of "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action," FED. R. CIV. P. 23(g)(1)(A)(ii), possess extensive "knowledge of the applicable law," FED. R. CIV. P. 23(g)(1)(A)(iii), and should be appointed.

### 1. Kaplan Fox

Kaplan Fox has been a leader in representing injured victims of antitrust violations for more than 40 years, recovering billions of dollars for class members. The firm has all the necessary skills to efficiently and effectively lead the prosecution of the antitrust claims here, including (i) decades of experience leading class and multidistrict antitrust litigation, (ii) expertise in complex antitrust cases with a deep bench of lawyers from diverse backgrounds and experience in econometrics and electronic discovery, and (iii) substantial financial resources and expertise to go the distance through trial. The firm has been involved in some of the largest and most important antitrust cases in history, litigating issues that resulted in significant changes in antitrust law.

For example, Robert Kaplan argued the appeal in *In re Flat Glass Antitrust Litigation*, 385 F. 3d 350 (3d Cir. 2004), and Greg Arenson argued the appeal in *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F. 3d 651 (7th Cir. 2002). Both decisions are landmark antitrust summary judgment decisions often cited by courts. In a relatively recent survey of defense counsel, in-house attorneys, and individuals involved in the civil justice reform

7

movement, both were named among the 75 best antitrust plaintiffs' lawyers in the country based on their expertise and influence.

Some of Kaplan Fox's larger antitrust recoveries include:

*In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D.N.Y.) (settled during trial preparation, for total settlement of more than $1.25 billion).

*In re Neurontin Antitrust Litigation,* MDL No. 1479, Master File No. 02-1390 (D.N.J.) ($190 million recovered).

*In re High Fructose Corn Syrup Antitrust Litigation***,** MDL No. 1087, Master File No. 95-1477 (C.D. Ill) ($531 million recovered).

*In re Brand Name Prescription Drugs Antitrust Litigation*, MDL No. 997 (N.D. Ill.) ($720 plus million recovered).

*In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.) ($126 million recovered).

*In re Flat Glass Antitrust Litigation*, MDL No. 1200 (W.D. Pa.) ($122 plus million recovered).

*In re Hydrogen Peroxide Antitrust Litigation*, MDL No. 1682 (E.D. Pa.) ($97 million recovered).

*In re Plastics Additives Antitrust Litigation*, No. 03-CV-1898 (E.D. Pa.) ($46.8 million recovered).

*In re Medical X-Ray Film Antitrust Litigation*, No. CV 93-5904 (E.D.N.Y.) ($39.6 million recovered).

*In re NBR Antitrust Litigation*, MDL No. 1684 (E.D. Pa.) ($34.3 million recovered).

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* No. 14-md-2542 (VSB) (S.D.N.Y. Dec. 16, 2020) ($31 million recovered).

*In re Cast Ion Soil Pipe and Fittings Antitrust Litigation,* No. 1:14-md-02508 (E.D. Tenn.) ($30 million recovered).

Kaplan Fox currently holds leadership positions in several other significant antitrust cases, including:

8

*In re Google Play Consumer Antitrust Litigation,* No. 3:20-cv-05761-JD (N.D. Cal.). Kaplan Fox is one of two co-lead counsel for the consumer class in this Multi-District Litigation.  In that case we are working jointly with a large number of states.

*In Re: Generic Pharmaceuticals Pricing Antitrust Litigation,* No. 2:16-md-02724-CMR (E.D.P.A.) a multi-district case, Kaplan Fox is one of six firms on the Direct Purchaser Executive Committee, and is working jointly with state plaintiffs.

*In re Caustic Soda Antitrust litigation*, No. 1:19-cv-00385 (W.D.N.Y.). Kaplan Fox is one of two co-lead counsel for the direct purchaser class.

Kaplan Fox is also currently representing wholesalers, foodservice distributors, and grocery retailers in private antitrust cases, including *In re Broiler Chickens Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.), *In re Pork Antitrust Litigation*, No. 18-cv-1776-JRT-JFD (D. Minn.), and *In re Cattle and Beef Antitrust Litigation*, No. 22-md-3031 (JRT/JFD) (D. Minn.). In the *Pork Antitrust Litigati*on, Robert Kaplan of Kaplan Fox was appointed liaison counsel by then Chief Judge John Tunheim of the District of Minnesota.

In many of its cases, the judges before whom Kaplan Fox lawyers have appeared opined positively about the firm. For example:

**In re Air Cargo Shipping Servs. Antitrust Litig**., No. 1:06-md-1775-JG VVP (E.D.N.Y.). In a contested motion, Kaplan Fox was appointed one of four co-lead counsel for direct purchasers of air cargo shipping services in this antitrust class action against the world's major providers of air cargo shipping services. Close to trial, the case settled for more than $1.25 billion. Kaplan Fox led plaintiffs' three-day evidentiary hearing on class certification, which resulted in Magistrate Judge Pohorelsky's detailed Report and Recommendation to certify the class and to exclude certain portions of defendants' experts' testimony. *See In re Air Cargo*

9

*Shipping Servs. Antitrust Litig.*, No. 06-MD-1775, 2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014). In denying defendants' motions for summary judgment and granting plaintiffs' motions to strike defendants' affirmative defenses (argued by Kaplan Fox), the Honorable John Gleeson stated: "Well, first of all, thank you for your advocacy, both in writing and orally. You travel in different circles than the ones I travel in so you probably don't appreciate how unusual it is to have such excellent lawyering, so I am grateful for it."

*In re High Fructose Corn Syrup Antitrust Litig.*, MDL No. 1087 (C.D. Ill.). Kaplan Fox was appointed as one of three co-lead counsel to represent a class of direct purchasers alleging that the Archer Daniels Midland Company and several of its competitors conspired to fix the price of high fructose corn syrup. After the district court granted summary judgment for the defendants, Gregory Arenson of Kaplan Fox successfully argued the case before the U.S. Court of Appeals for the Seventh Circuit, with Judge Posner writing a seminal antitrust opinion reversing the trial court's decision. *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651 (7th Cir. 2002). The case settled shortly before trial for $531 million. At the end of the *Fructose* case, presiding judge Michael H. Mihm complimented plaintiffs' lead counsel, stating that "[t]he opinion of competent counsel. I respect their opinion greatly. I have no reason to think that, based on everything I know of in this case, that this matter wasn't settled completely on an arms' length basis and that the plaintiffs' counsel aggressively represented the class in the settlement negotiations," and "I've said many times during this litigation that you and the attorneys who

10

represented the defendants here are as good as it gets. Very professional. At least in my presence or in my contacts with you, you've always been civil. You've always been cutting to the chase and not wasting my time or each other's time or adding to the cost of the litigation."[4]

*In re Bank of America Corp. Securities Derivative, and Employee Retirement Income Security Act (ERISA) Litigation,* **09 MD 2058 (PKC) (SDNY).** Kaplan Fox was appointed as one of two co-lead counsel. Shortly before trial, the case settled for $2.45 billion. At the final approval hearing, Judge Kevin Castel applauded counsel for their exceptional behavior throughout the litigation, stating: "plaintiff's counsel made it something of a pleasure to preside over this case, because the briefing at all types was cogent on point. I was not pestered with petty discovery disputes. There were legitimate discovery disputes. That's what a judge is supposed to do for a living of the one or two, not many. And at every turn, there

---

[4] On other occasions Judge Mihm stated: (a) "I want to thank you for the high quality of your presentation today. I told my interns earlier today that, you know, everyone involved in a case like this has really significant obligations and responsibilities. As lawyers, you to your clients. From where I'm sitting, to everybody. So, it's very serious business. At the same time, I woke up early this morning because I couldn't wait to get here because I knew this was going to be a really interesting day listening to good lawyers and you didn't disappoint me." After a two day hearing on various pretrial issues on May 17 and 18, 2004, Judge Mihm stated: (b) "Well, I do want to say, I know that there have been some rather contentious arguments here, but I do appreciate the quality of the arguments and the briefs and I do want to say I recognize that this could be a lot worse than it is and it's as good as it is because I think you've all worked quite hard. Now you have to take those efforts and multiply them by two, particularly with the depositions and the exhibit issues. It's a real pleasure to deal with lawyers of your quality and professionalism, so thank for that."

was the absence of the cat and mouse that judges see so often in cases with many fewer zero rows. Lawyers did a very fine job of keeping their eye on the ball, both in the plaintiffs side and from the defendant's side. So, you're all welcome back to my courtroom in time and thank you all very much."

The following Kaplan Fox lawyers will be principally responsible for overseeing and managing the litigation if the firm is appointed:

**Robert N. Kaplan**

Mr. Kaplan has more than 40 years of experience in antitrust and other complex litigation, is widely recognized as a leading plaintiff's litigator, and has led the prosecution of numerous class actions and shareholder derivative actions, recovering billions of dollars for the victims of corporate wrongdoing. After clerking for a judge in the Southern District of New York, Mr. Kaplan served as a trial attorney with the Antitrust Division of the U.S. Department of Justice in Washington before entering private practice. In addition to prosecuting major antitrust cases, Mr. Kaplan was also a lead attorney in *In re Bank of America Corp. Securities Derivative, and Employee Retirement Income Security Act (ERISA) Litigation,* in which a settlement in the amount of $2.425 billion and corporate governance changes was approved by the Court.

Mr. Kaplan is currently serving as co-lead counsel in *In re Caustic Soda Antitrust litigation*, 1:19-cv-00385 (W.D.N.Y.) and a member of the Direct Purchaser Steering committee in re Generic Drugs Antirust Litigation, appointed by Judge Cynthia Rufe, He is also currently representing major clients in private antitrust cases, including in *In re Broiler Chickens Antitrust Litigation,* No.: 1:16-cv-08637 (N.D.Ill.); *In re Pork Antitrust*

*Litigation,* Case No. 18-cv-1776-JRT-JFD (D. Minn.); and *In re Cattle and Beef Antitrust Litigation*, Case No. 22-md-3031 (JRT/JFD) (D.Minn.).  In the Pork Antitrust Litigation, Mr. Kaplan was appointed as liaison counsel by Chief Judge John Tunheim of the District of Minnesota for the Direct Action Plaintiffs.

**Elana Katcher**

Ms. Katcher, a partner at Kaplan Fox since 2015, has extensive complex antitrust litigation experience drawn from her work on both the plaintiff and defense sides, and was recently appointed as a member of the Steering Committee for a class of plaintiffs in *Reece v. Altria Group, Inc. and JUUL Labs, Inc.*, Case No. 3:20-cv-02345-WHO (N.D. Cal.). Ms. Katcher began her career in antitrust litigation as an associate at Sullivan & Cromwell LLP where she was a member of the trial team defending Microsoft Corporation against a series of private class actions brought in courts around the country, as well as representing other major defendants in bet-the-company litigation. Since joining the firm in 2007, Ms. Katcher has been instrumental in some of Kaplan Fox's largest cases, including *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.), and a successful bellwether trial in *Neurontin Marketing, Sales Practices & Products Liability Litig.*, MDL No. 1629 (D. Mass.). In addition, Ms. Katcher co-drafted a successful opposition to the first Rule 12(b)(6) motion to dismiss in the sprawling Generic Pharmaceutical antitrust actions, *In re Propranolol Antitrust Litig.*, 249 F. Supp. 3d 712 (S.D.N.Y. 2017) (Rakoff, J.), and continues to work on behalf of the Direct Purchaser Plaintiffs in the *Generic Pharmaceutical* antitrust actions now pending before District Judge Cynthia M. Rufe in the Eastern District of Pennsylvania. *See In re Generic Pharm. Pricing Antitrust Litig.*, No.

13

16-CB-27243 (E.D. Pa.). She currently serves as part of the co-lead team in *In re Caustic Soda Antitrust Litigation*, 1:19-cv-00385 (W.D.N.Y.), in which the court upheld plaintiffs' price-fixing claims against five major manufacturers of caustic soda. She is very knowledgeable about e-discovery and also recently authored an article entitled "*Discovery from Foreign Litigants in U.S. Courts: Why hasn't the Sedona Conference Shifted the Narrative?*" ABA Antitrust Section, Global Private Litigation Bulletin (Feb. 2020).

## Gregory K. Arenson

Mr. Arenson is principally a plaintiffs' antitrust lawyer with among other things, expertise in econometrics. He is often called upon by plaintiffs' lead counsel in cases where Kapan Fox is not a lead counsel to handle expert discovery, preparation for expert reports, and the taking and defending of expert depositions. *See* Ex. A

## Matthew McCahill

Mr. McCahill, a partner at the firm since 2015, has extensive antitrust experience, playing large roles in many of the firm's major antitrust cases, including *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.); *In re Cast Iron Soil Pipe Antitrust Litigation*, MDL No. 2508 (E.D. Tenn.); and *In re Neurontin Antitrust Litigation*, MDL No. 1479 (D.N.J.). Mr. McCahill is also part of the Kaplan Fox team representing large grocery chains and food distributors in *In re Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. Cal.), alleging price-fixing and other antitrust violations against the country's largest suppliers of packaged tuna, and *In re Broiler Chicken Antitrust* Litig., Master File No. 16-cv-08637 (N.D. Ill.) against the country's primary suppliers of chickens, *In re Pork Antitrust*

14

*Litigation,* Case No. 18-cv-1776-JRT-JFD (D. Minn.); and *In re Cattle and Beef Antitrust Litigation*, Case No. 22-md-3031 (JRT/JFD) (D.Minn.).

### Hae Sung Nam

Ms. Nam, a partner at the firm since 2005, is involved in the firm's antitrust practice, having represented purchasers of flat glass products in a class action alleging a price-fixing conspiracy. She prosecuted an antitrust case against Keurig, the maker of "K-Cup" individual-serving coffee products and is currently a court appointed co-lead counsel in a multi-district Antitrust case pending in the Northern District of California against Google, Inc. alleging that it violated the Antitrust laws with respect to its app Playstore.

### 2. Bell Davis

Bell Davis has been a well-respected member of the North Carolina legal community for over 40 years. The firm has the necessary skills and experience to serve as Liaison Counsel for a matter of this complexity, including a deep familiarity with the rules and professional culture of this District, a proven track record of collaborating with national counsel on complex constitutional and business litigation matters, and a communication skillset based on consistency, efficiency, and mutual respect.

The firm's proximity to, and familiarity with, this District make it well-suited to serve as Liaison Counsel in this matter. Bell Davis and its team of more than twenty litigators regularly represent clients in this District and in the Fourth Circuit, often on matters of significant complexity and public importance. As a result, the firm has a nuanced understanding of the rules and expectations of this Court. Bell Davis also has strong working relationships with North Carolina counsel for the Defendants in this matter.

Because the firm appears in this Court on a regular basis, it is well-positioned to answer questions from, and make appearances on behalf of, plaintiffs' counsel in this matter, as needed.

Moreover, the firm's experienced litigators and long history in this District make it a natural partner as local or liaison counsel in this Court. When not serving as lead counsel, Bell Davis frequently serves as local counsel for significant cases in the federal courts of North Carolina, and its attorneys are skilled collaborators with national counsel on such matters. Accordingly, the firm has extensive experience with determining and fulfilling the proper scope of its role as local or liaison counsel.

Finally, Bell Davis excels at the communication functions that are central to the liaison counsel role. As discussed above, the firm's attorneys are skilled collaborators with significant experience. The firm's ability to engage with conceptually complex substantive arguments serves to facilitate more productive conversations, especially given liaison counsel's responsibility to keep plaintiffs' counsel apprised of developments in the multidistrict litigation.

In this matter, attorneys Alan M. Ruley and Kevin G. Williams propose to lead the team of Bell Davis attorneys to serve as Liaison Counsel. Mr. Ruley received his J.D. from Stanford University in 1986 and has been with Bell Davis for over 30 years. Mr. Ruley is a seasoned civil trial and appellate attorney. Mr. Ruley is a member of the American College of Trial Lawyers and was named as the 2020 Lawyer of the Year in the Triad area for "Bet-the-Company" litigation by The Best Lawyers in America. Mr. Ruley has also served in numerous professional leadership roles with the North Carolina Bar Association,

including serving on the councils of the Antitrust/Complex Business Dispute Section and the Insurance Section.

Mr. Williams is a 1998 graduate of the Wake Forest University School of Law and has practiced with Bell Davis for 25 years. Mr. Williams has served as President of Bell Davis since 2017 and is the incoming President of the Chief Justice Joseph Branch Inn of Court. Mr. Williams represents clients in a variety of complex business disputes in all state and federal courts in North Carolina and in the Fourth Circuit, most frequently in this District. Mr. Williams has been active in the North Carolina Bar Association and the North Carolina State Bar where he currently serves as a State Bar Councilor.

### C. Proposed Interim Lead Counsel and Liaison Counsel Will Work Cooperatively with Co-Counsel, Defense Counsel, and the Court.

Proposed Interim Lead Counsel and Liaison Counsel have an established history of working cooperatively and collegially with other plaintiffs' firms, defendants' counsel, and the courts. And they would do so here to effectively litigate this case – efficiently, synergistically, and without duplication of effort among them or other counsel – as they have in other cases. In addition, proposed Interim Lead Counsel and Liaison Counsel have the "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" supports their appointment as interim co-lead counsel. MANUAL § 10.224.

## III.  Billing And Other Procedures to Control Costs

To control costs and increase efficiencies, proposed Interim Co-Lead Counsel and Liaison Counsel would use proven methodologies to monitor billing, control costs, review

17

assignments, and avoid duplication of efforts of plaintiffs' counsel. This includes capping attorney and non-attorney billable rates spent for specific projects and not permitting other firms to do work without the specific authorization of lead counsel. All firms would be required to maintain contemporaneous timekeeping records and report detailed monthly timekeeping records for review and audit by the leadership structure.

In addition, we would work to secure a joint prosecution agreement with the FTC and the states, save time and expense by maintaining a shared database, and sharing work product as we are doing in other antitrust cases that we are prosecuting jointly with various states.

## IV.    Conclusion

For the foregoing reasons, the Bell Davis Plaintiffs respectfully request the Court to appoint Kaplan Fox as an Interim Co- Lead Counsel and Bell Davis as Liaison Counsel, and if an Executive Committee is created, appoint Amanda Lewis of Cuneo, Gilbert and LaDuca to serve on the Committee.

Date: April 20, 2023

By: /s/ Kevin G. Williams
Kevin G. Williams, N.C. State Bar No. 25760
Alan M. Ruley, N.C. State Bar No. 16407
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, North Carolina 27120-1029
T: (336) 722-3700
kwilliams@belldavispitt.com
aruley@belldavispitt.com

*Counsel for Plaintiffs Sayler Farms, LLC, River Island, Inc., Richard J. Slovak, Mercury Properties, LLC, Bullhead Acres, LLC, Matt*

*King d/b/a King Farms, Dale R. Teske,*
*Christopher L. Jessen, and Gary N. Vann.*

Robert N. Kaplan
Gregory K. Arenson
Hae Sung Nam
Matthew P. McCahill
Elana Katcher
KAPLAN FOX & KILSHEIMER, LLP
800 Third Avenue, 38th Floor
New York, New York 10022
T: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
hnam@kaplanfox.com
mmccahill@kaplanfox.com
ekatcher@kaplanfox.com

*Counsel for Plaintiffs Sayler Farms, LLC and*
*River Island, Inc.*

Richard L. Coffman
THE COFFMAN LAW FIRM
3355 W. Alabama, Suite 240
Houston, Texas 77098
T: (713) 528-6700
rcoffman@coffmanlawfirm.com

*Counsel for Plaintiffs Richard J. Slovak, and*
*Mercury Properties, LLC and Bullhead Acres,*
*LLC*

Eric R. Lifvendahl
LIFVENDAHL LAW, LLC
265 Latrobe Ave.
Northfield, Illinois 60093
T: (847) 830-7002
eric@liflaw.com

*Counsel for Plaintiff Matt King d/b/a King*
*Farms*

19

Solomon B. Cera
CERA LLP
201 California St., Suite 1240
San Francisco, California 94111
T: (415) 777-2230
scera@cerallp.com

C. Andrew Dirksen
CERA LLP
800 Boylston St., 16th Floor
Boston, Massachusetts 02199
T: (857) 453-6555
cdirksen@cerallp.com

*Counsel for Plaintiff Dale R. Teske*

Jonathan Cuneo
Amanda G. Lewis
Cody McCracken
Pamela Gilbert
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
T: (202) 789-3960
jonc@cuneolaw.com
alewis@cuneolaw.com
pamelag@cuneolaw.com
cmccracken@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
Two City Place Drive
St. Louis, MO 63141
T: (314) 226-1015
mflannery@cuneolaw.com

*Counsel for Plaintiff Christopher L. Jessen and
Dale R. Teske*

20

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Memorandum in Support of Motion to Appoint Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Interim Co-Lead Counsel and Bell, Davis & Pitt, P.A. ("Bell Davis") as Interim Liaison Counsel complies with Local Civil Rule 7.3(d) and this Court's Order because it contains less than 6,250 words.

Dated: April 20, 2023

/s/ Kevin G. Williams
KEVIN G. WILLIAMS

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2023, I authorized the electronic filing of the foregoing with the Clerk of Court, and the electronic service of the same on all counsel of record, using the CM/ECF system.

*/s/ Kevin G. Williams*
KEVIN G. WILLIAMS
