IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In Re: CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | CASE NO.: 1:23-md-03062-TDS-JEP |

**MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT SEEGER WEISS, SIMMONS HANLY CONROY, AND
WILLIAMS DIRKS DAMERON AS INTERIM CO-LEAD CLASS COUNSEL**

Plaintiff Dale Grapperhaus respectfully submits this memorandum in support of Plaintiff's motion for the appointment of Christopher Seeger and Jennifer Scullion of Seeger Weiss LLP ("Seeger Weiss"), Michael Angelides and Michael Stewart of Simmons Hanly Conroy ("Simmons Hanly"), and Michael Williams and Matthew Dameron of Williams Dirks Dameron LLP ("Williams Dirks") as Interim Co-Lead Counsel for the proposed class pursuant to Federal Rule of Civil Procedure 23(g). Plaintiff also respectfully requests the appointment of Patrick Wallace of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") as liaison counsel for the proposed class.

This is an important case to Mr. Grapperhaus, other purchasers nationwide, and the American economy. The litigation will entail relatively complex issues of fact and law, multi-party discovery, and substantial damages. Early appointment of a cohesive team of committed, experienced, and proven counsel to lead the Plaintiffs' case is essential.

1

Plaintiff respectfully submits that Seeger Weiss, Simmons Hanly, and Williams Dirks, along with Milberg, (the "Grapperhaus Team") are eminently qualified for appointment as Interim Co-Lead Counsel and Liaison Counsel. The lawyers and firms that make up the Grapperhaus Team have decades of experience leading, trying, and resolving antitrust claims, MDLs and complex class actions.

Mr. Seeger has successfully led more MDLs than anyone in the country,[1] including some of the nation's largest and most complex and most impactful MDLs and class matters.[2] And, combined, the Grapperhaus Team have a decades-long track record of passionately representing farmers and others in the farming community, including in *In re Syngenta AG MIR 162 Corn Litig.*, MDL 2591 (D. Kansas) (Lungstrum, J.). As explained in more detail below, in the *Syngenta* MDL, Judge John Lungstrum personally appointed Christopher Seeger in 2017 to get stalled settlement efforts moving among a highly contentious group that included thousands of individual cases in state and federal court. Through months of exhaustive efforts, Mr. Seeger negotiated with Syngenta and brought

---

[1] *See* "ALM Study Shows Progress for Women in MDL Leadership," ALM (July 8, 2020) (discussing ALM study of MDL leadership appointments).

[2] E.g., *In re NFL Players Concussion Injury Litig.*, MDL 2323 (E.D. Pa.) (class settlement: uncapped monetary award fund that has resulted in the distribution of over $1 billion and a medical testing program for thousands of former NFL players); *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) (comprehensive class settlements with Volkswagen worth more than $20 billion for class members, including a "buyback" program, plus billions more in environmental relief); *In re National Prescription Opiates Litig.*, MDL 2804 (N.D. Ohio) (global settlements worth more than $40 billion, plus injunctive relief).

together multiple groups of plaintiffs to produce a nationwide, $1.5 billion settlement on behalf of a class of 650,000 farmers. Mr. Seeger's personal role in bringing about the breakthrough settlement was expressly recognized by Special Master Ellen Reisman, Judge Lungstrum, and the Tenth Circuit panel in their respective orders on attorneys' fees.[3]

It is equally essential that the right size and type of leadership structure is put in place to ensure the case proceeds promptly and efficiently. The interests of the proposed class—as well as the need "to secure the just, speedy, and inexpensive determination of every action and proceeding" (Fed. R. Civ. P. 1)—will be served best by appointing a three-member Interim Co-Lead Counsel team, with authority to request court approval of a Plaintiffs' Steering Committee formed from counsel from additional firms to work under Interim Co-Lead Counsel's direction on briefing, fact and expert discovery, class certification, trial, and settlement efforts. In the Grapperhaus Team's many years of experience, in even the largest and most complex MDLs (such as the *National Prescription Opiates* MDL), three co-leads is the maximum for true and effective leadership. Suggestions here of a four co-lead structure should be rejected as unnecessary and unworkable. Similarly, the size and importance of the case calls for even greater attention to efficiency so that time and costs do not spiral out of control. Applications that ask the Court to appoint a bloated, multi-layered structure consisting of a dozen or more law firms

---

[3] *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-02591-JWL-KGG (D. Kan. Nov. 21, 2018), ECF No. 3816, p. 27; *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-02591-JWL-KGG (D. Kan. Dec. 31, 2018), ECF No. 3882, p. 31; *In re Syngenta AG MIR 162 Corn Litig.*, 61 F. 4th 1126, 1149, n.9 (10th Cir. 2023).

are a red flag for a poorly managed case that will not serve the interests of the class, the Court, or any of the parties.

For all of the reasons set forth in this Motion and the accompanying materials, Plaintiff respectfully requests appointment of the Grapperhaus Team as Interim Co-Lead and Liaison Counsel for the class.

## I. Background

This case is about real people—hard-working people—being cheated and gouged by Defendants' illegal practices. For years, Defendants have conspired to block competition and keep the prices for crop-protection products artificially high. Their unlawful practices have cost America's farmers many millions of dollars each year.

Plaintiff Dale Grapperhaus knows that pain firsthand. Mr. Grapperhaus is a third-generation family farmer from Madison County, Illinois. He and his sons farm the same land Mr. Grapperhaus's grandfather bought in the 1930s. He works hard. He serves his community as an elected township supervisor.

Mr. Grapperhaus purchased and overpaid for a number of different products covered by Defendants' "loyalty" programs for years. In the wake of the FTC's investigation and lawsuit, he filed a class action on January 31, 2023 in the Southern District of Illinois on behalf of himself and other Illinois purchasers. Mr. Grapperhaus is not looking for a quick buck or a handout. He wants his family and everyone else buying Defendants' products get an honest deal—and treble-damages for the Defendants' years of antitrust violations.

Because so much is at stake, the Grapperhaus Team should be appointed to protect

4

and serve the interest of the class.

## II. The Court Should Appoint Seeger Weiss, Simmons Hanly, Williams Dirks as Interim Co-Lead Counsel for the Proposed Class. [4]

### A. Seeger Weiss– Proposed Interim Co-Lead Counsel

Seeger Weiss is one of the preeminent plaintiffs' complex litigation firms in the nation, known for its leadership of and landmark verdicts and settlements in high-stakes MDLs and class action litigation on behalf of consumers, farmers, service members, local goverments, athletes, and other injured parties. Seeger Weiss's work on this matter is led by its founding partner, Christopher Seeger, and partner Jennifer Scullion.

**Christopher Seeger**

During the past 25 years, Mr. Seeger has had the privilege to lead some of the most groundbreaking and socially consequential mass and class-action litigations in the U.S., pioneering new legal strategies, securing key jury verdicts, and negotiating innovative, effective settlements that collectively recovered tens of billions of dollars for injured parties. He has been appointed to leadership by courts in dozens of MDLs throughout his career, including: *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (Breyer, J.) (in which Mr. Seeger and his colleagues worked intensively for the better part of a year to obtain comprehensive settlements with Volkswagen worth more than $20 billion for class members (including an optional "buyback" program), plus billions more in environmental relief); *In re NFL*

---

[4] Biographical summaries and firm resumes for the Grapperhaus Team are annexed to this brief as Appendices A-D.

5

*Players' Concussion Injury Litig.*, MDL 2323 (E.D. Pa.) (Brody, J.) (in which Mr. Seeger led negotiations that resulted in a groundbreaking class settlement that has provided more than $1 billion payments from an uncapped fund, plus a medical testing program for thousands of former NFL players); *In re National Prescription Opiates Litig.*, MDL No. 2804 (N.D. Ohio.) (Polster, J.) (in which Mr. Seeger and Ms. Scullion helped secure and implement a series of global settlements to provide up to more than $40 billion in cash payments to local and state governments, plus injunctive relief); and *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885 (N.D. Fla.) (Rogers, J.) (in which Mr. Seeger serves as co-lead in litigation seeking recovery for hundreds of thousands of current and former service members).

Of particular importance for this case, Mr. Seeger and his firm have a track record of excellence in complex proceedings in the farming industry. In 2014, Seeger Weiss was named to the Plaintiffs' Executive Committee in *In re Syngenta AG MIR162 Corn Litig.* (MDL No. 2591 D. Kansas) (Lungstrum, J.)), which sought recovery for hundreds of thousands of U.S. farmers whose corn crops were contaminated with Syngenta's MIR 162 corn. Seeger Weiss was substantially involved in all aspects of the litigation, including preparing Bellwether Plaintiffs for trial, taking depositions, participating in mediation, and vetting potential plaintiff class representatives. In 2017, the Judge Lungstrum appointed Mr. Seeger to the Plaintiffs' Settlement Negotiation Committee following earlier, fruitless negotiations. Mr. Seeger devoted hundreds of hours over six months to spearhead global settlement discussions involving multiple class and non-class litigation groups in federal

and state proceedings, including thousands of individual cases. Working closely with Syngenta's counsel and the differing plaintiff groups, Mr. Seeger brought the groups to the table and negotiated a $1.52 billion global settlement. Special Master Ellen Reisman commended Mr. Seeger's work, finding that he personally "ke[pt] discussions going even when they (frequently) seemed in danger of breaking down" and that "without Mr. Seeger's involvement in the process, a resolution would not have been reached."[5]

Judge Lungstrum similarly singled out Mr. Seeger, finding that he "contributed more than any other attorney in accomplishing the settlement of the litigation."[6] And, in an appeal concerning attorneys fees, the Tenth Circuit underscored the specific commendations below for Mr. Seeger's role in bringing about the breakthrough settlement.[7]

We invite the Court to contact Judge Lungstrum if it would be helpful in evaluating Mr. Seeger or his firm's quality, skills, and experience.).

Seeger Weiss similarly represented farmers in *In Re: StarLink Corn Prod. Liab Litig.*, (MDL No. 1403, N.D. Ill), in which the firm was appointed Co-Lead Counsel for

---

[5] *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-02591-JWL-KGG (D. Kan. Nov. 21, 2018), ECF No. 3816, p. 27

[6] *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-02591-JWL-KGG (D. Kan. Dec. 31, 2018), ECF No. 3882, p. 31

[7] *In re Syngenta AG MIR 162 Corn Litig.*, 61 F. 4th 1126, 1149, n.9 (10th Cir. 2023) (highlighting the observation by Special Master Reisman of Mr. Seeger's effectiveness as Settlement Class Counsel and the leader of the Plaintiffs' Negotiating Committee: "without [Mr. Seeger's] involvement, a settlement [was] unlikely to have been achieved—certainly not in the same timeframe or at the same amount.")

7

the Settlement Class, and *In re LLRice. 601 Contamination Litig.*, (MDL No. 1811, E.D. Mo.), in which Seeger Weiss was appointed to the Plaintiff Executive Committee.

Seeger Weiss, and Mr. Seeger in particular, also has a depth of experience in class actions and antitrust matters beyond the farming industry, including *In re Liquid Aluminum Sulfate Antitrust Litig.* (Plaintiffs' Steering Committee for antitrust class action; settlements totalling nearly $90 million), *In re Mercedes-Benz Emissions Litig.* (Co-Counsel for Class; settlements up to $700 million), *In re Valeant Securities Litig.* (Liaison Counsel for Class; class settlement of $1.2 billion), and *In re: Copaxone Antitrust Litig.* (Liaison Counsel for Class).

An example of Mr. Seeger's tenacity and innovation is his work as court-appointed Co-Lead Counsel for the plaintiffs in *In re NFL Players' Concussion Injury Litig.*, MDL 2323 (E.D. Pa.). The case presented significant legal and procedural challenges, including federal preemption, causation, and sub-classing issues. As chief negotiator for the plainitffs, Mr. Seeger navigated these complexities and successfully led negotiations to a class settlement with an uncapped monetary award fund that has resulted in the distribution of over $1 billion and a medical testing program for thousands of former NFL players. The Hon. Anita B. Brody wrote in that case that the "successful implementation of the [NFL] settlement agreement to date is a credit to the work done by the attorneys at Seeger Weiss."

Mr. Seeger's leadership in complex litigation extends beyond the courtroom. He is proud to serve as a member of Duke Law's Bolch Judicial Institute Leadership Council and is a recurring faculty member in Duke Law's Mass Tort MDL Certification program.

8

Mr. Seeger also is an elected member of the American Law Institute, and a Fellow of the International Society of Barristers. The Chambers guide has ranked Mr. Seeger as a Band 1 lawyer, and the National Law Journal has called him a "trailblazer and pioneer" who has "changed the practice of litigation."

**Jennifer Scullion**

Seeger Weiss' team on this case is co-led by litigation partner Jennifer Scullion. Ms. Scullion has deep experience leading antitrust, class actions, and other complex litigation from pre-complaint investigation to motions, discovery, class certification, trial, settlement, and appeal. Her antitrust cases have run the gamut from generic drug makers fighting off brand name abuses[8] to bid-rigging in the water treatment chemical industry[9] to groundbreaking claims over distribution restraints n major league sports.[10] Ms. Scullion has led or co-led multi-firm briefing, discovery, and expert witness teams in multiple class actions and MDLs[11]—briefing and arguing merits and discovery motions and deposing salespeople, engineers, marketers, CEOs and a host of expert witnesses in

---

[8] *Andrx v. Biovail*, (D. D.C.); *Apothecon v. Barr Labs.*, (S.D.N.Y.)

[9] *In re Liquid Aluminium Sulfate Antitrust Litig.*, MDL 2687 (D.N.J.)

[10] *Garber v. Office of the Comm'r of Baseball*, 12-cv-2704-SAS (S.D.N.Y.)

[11] *E.g.*, *In re National Prescription Opiate Litig.*, MDL 2804 (N.D. Ohio) (co-led discovery against Endo, law & briefing committee, settlement committee); *In re Liquid Aluminum Sulfate* (co-led Plaintiffs' discovery team); *In re Fieldturf* (co-lead pleading, briefing, and expert witness teams); *Garber* (co-led Defendants' discovery team); *In re Social Media Addiction*, MDL 3047 (N.D. Cal.) (First Day Orders, Master Complaint, Law & Briefing).

the U.S. and abroad. Ms. Scullion also is among the increasingly small number of antitrust lawyers that has successfully tried a complex antitrust case to jury verdict.[12]

Ms. Scullion is a member of the Antitrust Law Section of the ABA and the Committee for the Support of Antitrust Laws (where she serves as Vice Chair of the State Attorney General Liaison Committee). She speaks and writes on complex litigation and discovery issues through organizations such as the Sedona Conference, the Law & Economics Center of the Antonin Scalia Law School, the Bolch Judicial Institute of Duke Law School, and the National Trial Lawyers Association.

Before joining Seeger Weiss, Ms. Scullion practiced antitrust and complex commercial litigation at Munger, Tolles & Olson and Proskauer. Her decades of experience on "both sides of the v" give her a clear-eyed perspective on the strengths and weaknesses of each side. In all of her matters, Ms. Scullion has a reputation for tenacity and integrity—focusing intensely on what matters and eschewing gamesmanship and needless bickering.

### B. Simmons Hanly Conroy– Proposed Interim Co-Lead Counsel

Simmons Hanly Conroy ("SHC") is a leading national trial firm representing individuals, businesses and government entities in a wide array of cases, including economic conspirarices. The firm is privileged to have served in leadership on many of the most impactful MDLs and class actions, including: *In re: Syngenta AG MIR162 Corn*

---

[12] *Deutscher Tennis Bund v. ATP Tour, Inc.*, (D. Del.).

10

*Litigation*, MDL 259 (D. Kan.), *In re: National Prescription Opiate Litigation*, MDL 2804 (N.D. Ohio 2018), *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672, *In re: Pelvic Repair System Products Liability Litigation, MDL 2325, 2326 & 2327 (S.D. W. Va. 2012),* and *In re: Actos Products Liability Litigation, MDL 2299 (W.D. La. 2012).* SHC also brings to the table considerable resources, with 90 attorneys and 150 support staff in offices coast to coast. Since 2014, SHC has been ranked one of "The Best Law Firms" in the country by U.S News & World Report.

Simmons Hanly Conroy has a proven track record in complex litigation involving the farming industry. Of particular relevance, in 2015 Simmons Hanly Conroy was named to the Plaintiffs' Executive Committee in *In re Syngenta AG MIR162 Corn Litig*. (MDL No. 2591 D. Kansas) (Lungstrum, J.)), which sought recovery for hundreds of thousands of U.S. farmers whose corn crops were contaminated with Syngenta's MIR 162 corn. Simmons Hanly Conroy was significantly involved in all aspects of the litigation, including preparing Bellwether Plaintiffs for trial, taking depositions, and participating in mediation.

SHC's work on this matter is led by shareholders Michael Stewart and Michael Angelides, each resident in SHC's southern Illinois office. Mr. Stewart and Mr. Angelides each have extensive class action experience in financial and other disputes. In this matter, Mr. Stewart has led the Grapperhaus Team's investigation of the impact of Defendants' practices on farmers. Mr. Stewart has broad civil and criminal trial experience and has first-chaired numerous trials. Mr. Angelides led Simmons Hanly Conroy as the managing

11

shareholder for 15 years and has deep experience coordinating and working with large groups of people and law firms around the country.

**C. Williams Dirks Dameron – Proposed Interim Co-Lead Counsel**

Williams Dirks Dameron LLC (WDD) is a seven-attorney law firm based in Kansas City, Missouri. WDD's founding partners grew up in farming communities in rural Missouri and Kansas, and each partner began his career at large, defense-oriented law firms in the Midwest.

WDD prosecutes class action and complex litigation in a variety of fields, including antitrust, consumer protection, and public nuisance. The firm regularly represents public entities in affirmative litigation, often after being selected via a rigorous bidding process. WDD has served as counsel for the City of Kansas City (multiple cases); Jackson County, Missouri (multiple cases); the State of Mississippi; the State of Arkansas; and the City of Los Angeles.

In the antitrust arena, WDD serves as court-appointed co-lead counsel for a class of over 250,000 home sellers in antitrust litigation against the National Association of Realtors and other corporate defendants. WDD and its co-counsel have successfully litigated the matter through initial dispositive motions, class certification (including an attempted interlocutory appeal under Fed. R. Civ. P. 23(f)), and summary judgment. WDD has also served as antitrust counsel for the State of Mississippi in earlier litigation related to automotive component parts.

Federal judges in the Midwest routinely call upon WDD's partners for service to the courts. The firm is one of three co-lead counsel in an MDL proceeding in the Northern District of Illinois.[13] And judges in the Kansas City area have appointed WDD partners to serve on three Magistrate Judge Merit Selection Panels (chairing two of them—one in the Western District of Missouri and another in the District of Kansas), the Western District of Missouri's ESI Protocol Committee, and the Western District of Missouri's Civil Practice Committee.[14] Partners at the firm also have served on the Sixteenth Judicial Circuit's Judicial Selection Commission (a panel that vets judicial applicants and selects three for the Governor's consideration), the Missouri Supreme Court's Commission on Racial and Ethnic Fairness, and the Missouri Supreme Court's Commission on Civil Justice Reform.

Collectively and throughout their careers, WDD's attorneys have recovered over $200 million for claimants in complex litigation. Our attorneys are often recognized and receive peer-reviewed honors for their legal service in their community and statewide. In addition to the firm's work on behalf of its clients, WDD is committed to serving the Kansas City community and the firm's attorneys are involved in leadership positions throughout the community.

---

[13] *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Products Liability Litigation*, MDL No. 3009 (N.D. Illinois).

[14] WDD invites the Court to contact members of the federal bench in the Western District of Missouri if it would be helpful to the Court's consideration, specifically Chief Judge Beth Phillips, Judge Stephen R. Bough, and Judge Brian Wimes.

WDD's is well suited to serve as co-lead counsel in this MDL. WDD not only has extensive experience in prosecuting complex and class litigation, it is a smaller firm located in the Midwest whose members reflects the diversity of the bar and of the proposed class— in considering geography, age, gender, and experience.

WDD's work on this matter is led by partner Matt Dameron. Matt has substantial experience representing plaintiffs in antitrust and consumer fraud matters, including several class actions and MDL proceedings. Also, during his tenure at the Missouri Attorney General's Office, Matt often participated in multi-state and multi-party proceedings with other regulatory agencies- a track record of cooperation that will benefit the proposed class in its coordination with the FTC and States in this case. Matt also brings to the table his considerable business advisory work and his years of service with state and local governments as a lawyer and staff member.

### D. Milberg – Proposed Liaison Counsel

The Grapperhaus Team also respectfully requests appointment of Partick Wallace from Milberg as Liaison Counsel to the proposed class. Mr. Wallace is a member of the bar of the Middle District of North Carolina and has appeared before this Court on multiple occasions, including in complex class actions that have resulted in favorable settlements. Mr. Wallace personally has extensive trial, MDL, and class action experience and he and Milberg have worked with Seeger Weiss and SHC on other matters outside this District. Notably, Milberg also brings to the table its own substantial antitrust experience, including

14

in the agriculture industry (e.g., *In re Deere & Company Repair Services Antitrust Litigation*, (N.D. Ill.), *In re Fresh Process Potatoes Antitrust Litigation*, (D. Idaho).[15]

### E. The Grapperhaus Team's Work to Date

It goes without saying that much of this MDL originates in the FTC's investigation and action. And Defendants' have thus far refused to permit any Plaintiffs' counsel access to the materials they produced during that investigation. Nonetheless, the Grapperhaus Team has diligently commenced investigation of information available to it, including through interviews with Mr. Grapperhaus and others in the farming community, as well as review of records pertaining to Defendants' products, pricing, and distribution channels.

As a result of the Grapperhaus Team's work, Mr. Grapperhaus was the first to file a complaint in the Southern District of Illinois alleging antitrust violations arising from the "loyalty" programs run by Syngenta and Corteva. Since filing, the Grapperhaus Team has continued to investigate the depth and breadth of Defendants' unlawful actions, including identifying a potential new class not yet represented among any of the existing actions in the MDL. Members of the Grapperhaus Team also have participated in multiple conference calls with other Plaintiffs' counsel, counsel for the FTC, and counsel for Defendants and provided comments on drafts of the submissions filed with the Court in advance of the April 6, 2023 Status Conference. Each firm in the Grapperhaus Team (as well as proposed Liaison Counsel) also attended the April 6, 2023 Status Conference. In

---

[15] For clarity, Milberg has not had any communication with William Audet about serving as Liaison Counsel with his firm.

conjunction with firms in other groups seeking appointment, members of the Grapperhaus Team also worked on the brief in support of Plaintiffs' request for reproduction of the Government Documents.

### F. The Grapperhaus Team Has the Resources Necessary to Prosecute this Case for the Class

The Grapperhaus Team member firms are willing and able to fund the prosecution of this case. As they have demonstrated in the similar complex class actions disucssed above, each of our firms is a well-established and successful law firm that has the financial resources necessary to pursue a case of this magnitude. The members of the Grapperhaus Team also have the personnel and expertise necessary to litigate this case effectively.

### G. Other Factors Support the Appointment of the Grapperhaus Team

The Grapperhaus Team members have proven in multiple MDLs and class actions that they understand the importance of fostering cooperative and productive working relationships that will help ensure the efficient prosecution of this litigation—and that they have the skills and leadership to make that happen. As demonstrated above, each of the firms in the Grapperhaus Team has successfully led, certified, tried, and/or resolved multiple complex class cases. Indeed, some of the most complex cases (such as the *NFL Players Concussion* and *Syngenta AG MIR 162 Corn* cases). Moreover, the members of the Grapperhaus Team have a track record of working successfully with each other and with other firms seeking leadership here—as well as counsel for the Defendants. If appointed as Interim Lead Counsel, the Grapperhaus Team would intend to recommend approval of a Plaintiffs' Steering Committee selected from counsel from the other groups

16

applying for leadership. In short, the Grapperhaus Team's proven ability and willingness to acheive coordination and cooperation will help keep this case streamlined and on track to the benefit of the class, the Court, and all parties involved.

## III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) appoint Christopher Seeger and Jennifer Scullion of Seeger Weiss, Michael Angelides and Michael Stewart of Simmons Hanly Conroy, and Matthew Dameron of Williams Dirks Dameron as Interim Co-Lead Counsel for the proposed class and (2) appoint Patrick Wallace of Milberg as Liaison Counsel for the proposed class.

This is the 20th day of April, 2023.

Respectfully submitted,

**SEEGER WEISS LLP**

*/s/ Christopher A. Seeger*
Christopher A. Seeger (*admitted pro hac vice*)
Jennifer R. Scullion (*admitted pro hac vice*)
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (212)584-0700
cseeger@seegerweiss.com
jscullion@seegerweiss.com

**SIMMONS HANLY CONROY**

*/s/ G. Michael Stewart*
G. Michael Stewart*
Michael J. Angelides*
One Court Street
Alton, Illinois 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251

17

mstewart@simmonsfirm.com
mangelides@simmonsfirm.com

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*
Matthew L. Dameron*
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7100
Facsimile: (816) 945-7118
matt@williamsdirks.com
mwilliams@williamsdirks.com
dirks@williamsdirks.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*/s/ Patrick M. Wallace*
Patrick M. Wallace
N.C. Bar No. 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
pwallace@milberg.com

* *pro hac vice* applications forthcoming

## **CERTIFICATION OF WORD COUNT PURSUANT TO LR 7.3**

Pursuant to LR 7.3, the undersigned states the word count for this motion is compliant with this rule and there are less than 6,230 words contained within this Memorandum.

*/s/ Patrick M. Wallace*
Patrick M. Wallace
N.C Bar No.: 48138
Milberg Coleman Bryson
Phillips Grossman, PLLC
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
pwallace@milberg.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 20, 2023, the foregoing Memorandum in Support of Motion for Appointment of Lead Counsel and Liaison Counsel for the Proposed Class was filed using the CM/ECF document filing system which will send notification of the filing via email to all counsel of record.

*/s/ Patrick Wallace*
Patrick Wallace