IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| IN RE: CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23md3062-JEP-TDS |

## ORDER APPOINTING
## INTERIM CLASS COUNSEL AND LIAISON COUNSEL

Before the court in this multidistrict litigation concerning alleged violations of antitrust laws are six competing motions from several Plaintiffs and law firms for appointment of interim co-lead counsel and liaison counsel. (Docs. 37, 39, 41, 43, 44, & 47.)[1] The purpose of this Order is to appoint interim class counsel and liaison counsel.

I. BACKGROUND

This litigation was initially brought as ten actions in two districts, as well as approximately a dozen related actions in three districts, and was consolidated by the Multidistrict Litigation Panel February 6, 2023. In re Crop Protection Products Loyalty Program Antitrust Litigation, 2023 WL 1811955 (Feb. 6, 2023). Currently, there are 29 civil actions pending involving 52

---

[1] All Docket citations refer to case number 1:23md3062 unless noted otherwise.

Plaintiffs.[2]

By previous order, the court directed Plaintiffs' counsel to move for the appointment of interim class counsel and liaison counsel by April 20, 2023. (Doc. 31 at 5.) The court wrote "there will be no oppositions or replies by Plaintiffs" but "[a]ny Defendant who wishes to address any issue raised by the motions should file its briefing within seven days of the Plaintiffs' motions." (Doc. 31 at 5.) Further, Plaintiffs' counsel was ordered to meet and confer in an attempt to determine whether consensus could be reached for the appointment of counsel. To date, no responses from Defendants have been filed, and Plaintiffs' counsel report they were unsuccessful in reaching agreement. (Doc. 52 ¶¶ 1-3.)

Before the court are the following motions:

1. Dicello Levitt LLC ("Dicello Levitt"), Preti, Flaherty, Beliveau, & Pachios, Chartered, LLP, ("Preti Flaherty"), and Mullins Duncan Harrell & Russell PLLC ("Mullins Duncan") move to appoint Dicello Levitt and Preti Flaherty as interim co-lead class counsel and Mullins Duncan as liaison counsel. (Doc. 37.)

2. Several Plaintiffs move for the appointment of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as interim co-lead counsel and

---

[2] The Master Docket notes 36 cases. However, the cases from the Southern District of Indiana listed in Schedule A of the First Transfer Order (Doc. 1 at 4) were consolidated such that there are now 29 civil actions. See, e.g., Doc. 17 in Danny Day, Jr. Farms, et al. v. Syngenta Crop Protection AG, et al., No. 1:23cv122 (M.D.N.C. 2023).

2

Bell, Davis & Pitt, P.A. ("Bell Davis") as interim liaison counsel. (Doc. 39.)

3. Plaintiff Peter Bonin moves for William Audet of Audet & Partners, LLP ("Audet") to be appointed as "interim class counsel and/or e-discovery coordinator" and Daniel Kent Bryson of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") as interim liaison counsel. (Doc. 41.)

4. Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), Korein Tillery LLC ("Korein Tillery"), Lowey Dannenberg, P.C. ("Lowey"), and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") (collectively self-styled as the "First-Filed Group") move for the appointment as interim co-lead class counsel and the appointment of Pinto Coates Kyre & Bowers, PLLC ("Pinto Coates") as liaison counsel. (Doc. 43.)

5. Plaintiff Dale Grapperhaus moves to appoint Christopher Seeger and Jennifer Scullion of Seeger Weiss LLP ("Seeger Weiss"), Michael Angelides and Michael Stewart of Simmons Hanly Conroy ("Simmons Hanly"), and Michael Williams and Matthew Dameron of Williams Dirks Dameron LLP ("Williams Dirks") as interim co-lead class counsel. (Doc. 44.) Grapperhaus also moves to appoint Patrick Wallace of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") as liaison counsel. (Id.)

6. Finally, two plaintiffs move the court to appoint Warren T. Burns of Burns Charest LLP as interim class counsel and Charles

3

Gabriel of Chalmers & Adams PLLC as liaison counsel.[3]  (Doc. 47.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 23(g)(3) allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Although Rule 23(g)(3) does not enumerate factors to consider, Rule 23(g)(1) sets out factors for courts to consider in evaluating the adequacy of counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).  Further, the Manual for Complex Litigation offers:

> [i]f . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be suits may be

---

[3] Chalmers & Adams PLLC has recently filed to change its name to Chalmers, Adams, Backer & Kaufman, LLC; however, at the time of this filing, the parties present that the name change remains pending in North Carolina. (Doc. 47 at 1 n.1.)

4

> consolidated, a number of lawyers may compete for class counsel appointment. In such cases designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.

<u>Manual for Complex Litigation</u> (4th) § 21.11 at 246 (2004) (the "Manual"); <u>see</u> <u>Mey v. Patriot Payment Group, LLC</u>, Civ. A. No. 5:15-CV-27, 2016 WL 11501481, at *2 (N.D. W. Va. Jan. 5, 2016). The Manual notes that unless there is an agreement or stipulation among the lawyers as to who shall serve as interim counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected." <u>Manual</u> at 247.

The appointment of interim class counsel is appropriate in this case. Designation of interim counsel will clarify responsibilities and protect the interest of the putative class. <u>Manual</u> § 21.11 at 246; <u>see</u> <u>Mey</u>, 2016 WL 11501481, at *2. (<u>See</u> Docs. 1, 2, 12.) Appointment of interim class counsel, as well as liaison counsel, will help expedite pre-certification process in an efficient manner.

The filings reflect that numerous exceedingly qualified, experienced, professional, and well-regarded firms representing various Plaintiffs have moved for appointment of counsel. No doubt, any of these firms and their skilled attorneys would zealously represent the putative class. Each firm appears to have deep knowledge of the applicable areas of antitrust law, and

5

as a group they demonstrate a remarkable collection of talent and resources for the representation of the putative class.

After reviewing the competing motions for appointment of interim class counsel and liaison counsel, and considering the Rule 23(g)(1) factors as detailed below, the court appoints Cohen Milstein, Korein Tillery, Lowey, and Quinn Emanuel as interim co-lead class counsel and Pinto Coates as liaison counsel.

The court considers first the work counsel has performed in identifying or investigating potential claims in the actions and the involvement of counsel in the process. Fed. R. Civ. P. 23(g)(1)(A)(i). The court also considers counsel's involvement in the early stages of litigation. In re Gerber Products Co. Heavy Metals Baby Food Litigation, No. 1:21cv269, 2022 WL 149378, *3-4 (E.D. Va. May 10, 2022) (citing Providence v. AbbVie Inc., No. 20cv5538, 2020 WL 6049139, at *4 (S.D.N.Y 2020)). These factors strongly favor counsel that has moved litigation forward. Further, "[d]eference may be given to counsel who were the first to file and advance the case." Id. (citing In re GSE Bonds Antitrust Litigation, 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019)). Some courts, however, may not give deference, or accord little to no weight, to first to file counsel when a lawsuit may be based on publicly available records or another suit. See id. (citing Providence, 2020 WL 6049139, at *5). While there is some indication that all of these actions arose in the wake of the

6

Federal Trade Commission's parallel action in this court, <u>Federal Trade Commission, et al., v. Syngenta, et al.</u>, No. 1:22cv828, (M.D.N.C. 2022), thus possibly mitigating this factor to some extent, it is nevertheless apparent that the selected group of lawyers stands at the forefront of the activity.

Lowey and Korein Tillery were among the first to file a class complaint in this court in October 2022,[4] as well as to conduct comprehensive investigations into the claims. (Doc. 45 at 9.) In addition, they conducted significant activity in the case in its nascent stages, including the following: (i) continuing consultations with industry participants; (ii) organizing and leading conferences among Plaintiffs' counsel regarding case management; (iii) communicating and coordinating with the government Plaintiffs; (v) drafting the proposed case management order, reaching consensus among Plaintiffs' counsel, and leading conferences with Defendants; (vi) organizing the roles of counsel in preparation for the April 6, 2023 court hearing; and (vii) in conjunction with other firms, drafting the brief in support of Plaintiffs' request for reproduction of the document Defendants produced to the Government in the related FTC action. (Doc. 45 at 10.) Although this litigation came on the heels of a lawsuit filed by the FTC, this group of counsel notes that it contacted over

---

[4] <u>Anderson v. Syngenta Crop Protection AG, et al.</u>, No. 1:22cv858 (M.D.N.C. 2022).

7

sixty industry participants that allowed for factual allegations broader than the FTC complaint. (Doc. 45 at 9 (citing Doc. 1 in <u>Meadows v. Syngenta Crop Protections</u>, No. 22cv1128, (M.D.N.C. Dec. 26, 2022)).) Therefore, even if the court gave little or no weight to the group for being the first to file, it nevertheless gives weight to the group's investigation and efforts to contact numerous participants and develop claims.

The court considers next counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action. Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii).

Each of the law firms in this group has significant antitrust and class-action experience, as well as extensive background in the applicable law, all of which supports their appointment. (Doc. 45 at 10-16.) Although the court recognizes that each movant has experience in these matters, the court concurs with the selected group that these factors weigh in their favor because of their collective experience. Each firm in this group proffers evidence of their extensive experience in the relevant areas. (Doc. 45-5 (Lowey); Doc. 45-8 (Quinn Emanuel); Doc. 45-15 (Cohen Milstein); Doc. 45-22 (Korein Tillery).) Affidavits and exhibits demonstrate that the lawyers who will work on this case possess the requisite skill and knowledge to adequately represent the class. (<u>See, e.g.</u>, Docs. 45-6, 45-8, 45-9, 45-10, 45-16, 45-17.) This includes counsel's "extensive agricultural experience." (Doc. 45 at 16-19

8

(citing numerous agricultural cases led by each of the four law firms).) Even though quantity of cases alone is not dispositive, this group's case quantity and relevancy supports their appointment pursuant to factors (ii) and (iii). See Providence, 2020 WL 6049139, *6 (recognizing that appointment cannot be based on "mere mechanical nose count alone [because it] would cement forever as incumbent the lawyer who numerically had the most cases").

Moreover, this group has submitted affidavits from multiple other counsel in these MDL cases in support of its motion. (See, e.g., Doc. 45-30; Doc. 45-28.) This group represents at least 5 of the Plaintiffs and has filed affidavits indicating that the vast majority – from the court's count, 39 out of 52 – of the Plaintiffs have voiced their support for the group to serve as co-lead class counsel. (Doc. 45 at 6; see, e.g., Docs. 45-23 through 45-32 (showing multiple firms representing numerous Plaintiffs in this action support appointment of the group as interim co-lead class counsel).)

Finally, the court considers the various resources counsel can provide to the case. Fed. R. Civ. P. 23(g)(1)(A)(iv). This group collectively has the depth of human, technical, and financial resources to litigate this proposed class action. (Doc. 45 at 20.) As noted above, each of the four firms outlines several of their attorneys' backgrounds and how those attorneys have broad

9

experience in antitrust cases, class actions, agricultural cases, or some combination thereof. (Id. at 20-24.) They have also achieved success on behalf of their clients. (See, e.g., Doc. 45 (representing that Quinn Emanuel's partners have tried more than 2,500 cases and arbitrations and won 86% of them, and Korein Tillery has tried numerous class actions).) The group has also committed to devote extensive trial resources to the matter in order to be well-prepared for trial. (Doc. 45 at 20-24.) This group contends it will bring together "local, national, and international resources," and highlights that it will work extensively with attorneys at Pinto Coates in Greensboro, North Carolina. (Doc. 45 at 25.) Also, while of marginal additional importance for a case of this magnitude, the group also notes it uniquely has an office in North Carolina. (Doc. 45 at 26.) Finally, the group appears to have the depth of technological resources, including those necessary for the efficient handling of electronic discovery, and expert resources, including retained experts, that have already gathered data on relevant issues. (Doc. 45 at 26-27.)

While these factors favor this group, its large size presents a challenge. The group represents that it has already made efforts to allocate responsibility to avoid duplication of work. (Doc. 45 at 27-29.) The group must be especially mindful of the need for close and efficient coordination, which means these firms must

divide up responsibility to avoid unnecessary duplication and thus unnecessary costs for the putative class. The group notes that it is not proposing committees or multi-tiered structures and represents that "work will be done directly by those in charge." (Doc. 45 at 29.) Further, it contends that "the familiarity and trust built up through [] prior experiences means that the group will be able to delegate tasks to the attorneys best suited to handle them." (Id.) The court will expect this group to adhere to these representations and work in a manner that does not inflate the cost of litigation. Any subsequent requests for attorneys' fees and costs will be carefully reviewed to ensure they are reasonable under the prevailing circumstances. And while the court has every expectation that these counsel, who are professional and experienced, will adhere to an efficient representation that invites and considers the needs of the whole Plaintiff class, any inability to efficiently handle the representation of the entire class may invite the court's consideration of a reassessment of the counsel appointment.

For all the reasons stated above, the court finds the factors support the appointment of Cohen Milstein, Korein Tillery, Lowey, and Quinn Emanuel as interim co-lead class counsel and Pinto Coates as liaison counsel.

## III. CONCLUSION

For the reasons stated,

11

IT IS THEREFORE ORDERED that the motion to appoint Cohen Milstein, Korein Tillery, Lowey, and Quinn Emanuel as interim co-lead class counsel and Pinto Coates as liaison counsel (Doc. 43) is GRANTED, and that all other motions for appointment of counsel (Docs. 37, 39, 41, 44, and 47) are DENIED.

/s/   Thomas D. Schroeder
United States District Judge

June 4, 2023