IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | ) ) ) ) | 1:23MD3062 |
| This document relates to: ALL ACTIONS | ) ) | |

**ORDER**

At the hearing in this case on April 6, 2023, the parties raised competing positions on when discovery should be permitted to commence. (Doc. 33 at 12-15.) The court directed the parties to file briefing as to "whether/when discovery should be permitted to commence, and, if so, on what basis." (Doc. 31 at 8.) Defendants have filed a memorandum opposing any discovery prior to resolution of dispositive motions. (Doc. 35.) Class Plaintiffs have filed a request for re-production of the documents Defendants produced to the Government via subpoena in the Government's related action, Federal Trade Commission v. Syngenta Crop Protection AG, Case No. 22-cv-828 (M.D.N.C.).[1] (Doc. 36.) The Government has filed a brief in support of the Class Plaintiffs' request. (Doc. 57.)

Commencement of discovery at this early stage is

---

[1] Class Plaintiffs' motion (e.g., Doc. 36 at 10, 12) referenced unreported cases without providing copies, in violation of Local Rule 7.3(i).

inappropriate.  With the appointment of interim class counsel on June 4, 2023 (Doc. 60), the litigation is awaiting the filing of a consolidated complaint, which will define the issues to be litigated and the parties.  Defendants represent they intend to file motions to dismiss which will address the complete scope of the anticipated claims, as they have done in the Government's related action.  (Doc. 35 at 5-6, 16.)  It is the long-standing practice of this district not to commence discovery until dispositive motions are resolved.  L.R. 26.1(a) n.1.  There is no reason to alter that approach here.

Plaintiffs contend that the court should nevertheless order Defendants to produce to Plaintiffs the documents Defendants produced to the Government in response to federal subpoenas as a result of a federal investigation pre-dating the Government's related action.  (Doc. 36 at 5.)  Defendants argue that the subpoenas for the federal investigation were broader than the issues ultimately raised in the Government's complaint in the related action.  Plaintiffs argue that the more expansive production will assist them in fashioning a better consolidated complaint and narrow the disputes at the pleading stage.  They also argue that there is minimal burden on Defendants, who can reproduce the documents "almost with a push of a button."  (Doc. 36 at 6.)

Even if Plaintiffs were correct as to the ease at which the

2

documents could be produced, which is doubtful (particularly given privilege and other reviews that might be necessary), it does not follow that private parties are entitled to document productions merely because of ease of reproduction, benefit to assisting the fashioning of a complaint, or prior compelled production to the Government.  In re Graphics Processing Units Antitrust Litigation, No. C 06-07417 WHA, 2007 WL 2127577, *3 (N.D. Cal. July 24, 2007) (noting that while the discovery sought was the same as that "already gathered, assembled, and produced to the government," "there would be the issue of various objections" which Defendants would have to evaluate, and the "compelled act of turning records over to the government pursuant to the subpoena does not mean that everyone else has an equal right to rummage through the same records").  Moreover, the court need not become embroiled in any attempt to discern the scope of the federal subpoenas as compared to the scope of the issues in this case at this early stage, especially where no consolidated complaint is even on file and no anticipated dispositive motions have been addressed.  Morris v. CrossCountry Mortgage, LLC, No. 5:22-CV-336-BO, 2023 WL 2541702, *2 (E.D.N.C. Mar. 16, 2023) (denying discovery until after the court addressed the merits of a motion to dismiss and recognizing that "if the motions to dismiss are granted, the time and resources devoted to discovery will have been wasted").  For these reasons,

3

IT IS THEREFORE ORDERED that Class Plaintiffs' motion seeking an order that Defendants re-produce documents they produced to the Government in connection with its investigation predating the related FTC action (Doc. 36) is DENIED, and discovery remains STAYED pending further order of the court.

/s/ Thomas D. Schroeder
United States District Judge

June 7, 2023