UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No: 1:23-md-3062-TDS-JEP |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE SOLE PURPOSE OF THE COURT PROVIDING INTERIM CLASS COUNSEL AND LIAISON COUNSEL ACCESS TO THE GOVERNMENT COMPLAINTS**

Class Plaintiffs ("Plaintiffs") submit this memorandum in support of their Motion for Entry of the Proposed Protective Order.

## INTRODUCTION

Plaintiffs are aware of, and do not seek to modify, this Court's previous order denying Plaintiffs' motion for pre-complaint discovery. Doc. 62.[1] Plaintiffs' sole purpose in requesting entry of the Proposed Protective Order at this time is to obtain access to the unredacted copies of the complaints filed under seal in *Federal Trade Commission v. Syngenta Crop Protection AG*, No. 22-cv-00828 (M.D.N.C.) (the "Government Action"), which involves the same facts as this case. As detailed below, denying Plaintiffs the opportunity to incorporate information from the Government

---

[1] All docket citations to Case No. 1:23-md-3062 unless designated as "Government Action" docket citation.

1

Action into their consolidated complaint would promote confusion, create the danger of inconsistent pleadings and rulings, and result in judicial inefficiency.

On September 29, 2022, the Federal Trade Commission and various states filed suit against defendants[2] alleging violations of the FTC Act, Sherman Act, Clayton Act, and various state laws. *Fed. Trade Comm., et al. v. Syngenta Crop Protection AG, et al.*, 1:22-cv-828-TDS-JEP, Doc. 1 ("First Government Complaint"). The First Government Complaint reflected information obtained during a pre-complaint investigation by the Government and was filed on the public docket in redacted form. Government Action, Doc. 2. On December 12, 2022, Corteva filed a motion to dismiss the First Government Complaint, arguing, *inter alia*, that the Government plaintiffs failed to allege unlawful exclusive dealing under the Sherman and Clayton Acts, brought untimely claims, failed to allege a relevant product market, and stated defective state law claims. Government Action, Doc. 70. The Syngenta Defendants also moved to dismiss the First Government Complaint. Government Action, Doc. 66. This motion made a myriad of additional arguments, including that the loyalty programs Syngenta maintained do not violate the Sherman or Clayton Acts or any state laws. Government Action, Doc. 66-1.

Following the motions to dismiss, plaintiffs in the Government Action ("Government Plaintiffs") filed an amended complaint on December 23, 2023. Doc. 79

---

[2] Defendants in the Government Action are Syngenta Crop Protection, LLC, Syngenta Crop Protection AG, Syngenta Corporation (collectively, the "Syngenta Defendants"), and Corteva Inc. ("Corteva").

2

("Second Government Complaint," and together with the First Government Complaint, the "Government Complaints").  The Second Government Complaint was also filed on the public docket in redacted form.  The Second Government Complaint mooted the motions to dismiss the First Government Complaint and added new allegations.  Government Action, Doc. 83.  On January 13, 2023, Corteva and Syngenta filed motions to dismiss the Second Government Complaint.  Government Action, Doc. 94-100.  Combined, the briefing on this second round of motions to dismiss totaled 145 pages, exclusive of exhibits, and addressed many of the same issues raised in the earlier motion to dismiss along with additional arguments.  Government Action, Doc. 95, 100, 110, 130, 133.  On April 24, 2023, Judge Peake issued an order allowing the First Government Complaint to remain under seal pending the Court's consideration of a motion to seal the Second Government Complaint.  Government Action, Doc. 140.  The motions to dismiss the Second Government Complaint and the motion to seal the Second Government Complaint remain pending before the Court.

After the First Government Complaint was filed, private plaintiffs brought follow-on, parallel actions, challenging the same loyalty programs that are at issue in the Government Action on behalf of a class of farmers who purchased the products at issue at allegedly inflated prices.  *See* Doc. 1.  On February 6, 2023, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order centralizing and transferring all private lawsuits challenging these loyalty programs to this District.  Doc. 1.  In this order, the JPML acknowledged that this Court was already presiding over the Government Action

3

and recognized that "assigning this litigation to Judge Schroeder facilitates the close coordination between the [government] enforcement action and the private MDL litigation." Doc. 1, at 2. On June 4, 2023, this Court entered an order appointing Interim Class Counsel (Doc. 60), which triggered the current September 5, 2023, deadline to file a consolidated complaint. *See* Doc. 31.

Interim Class Counsel prepared a proposed joint protective order that would govern filings both in this case and in the Government Action. The Government Action plaintiffs do not object to the contents of the proposed joint protective order. Class Plaintiffs sent the proposed joint protective order to Defendants on July 14, 2023, and invited Defendants to submit edits and schedule a time to meet and confer. *See* MacLean Decl., Ex. A ¶4. After 12 days without a response, Class Plaintiffs again emailed Defendants to solicit their input on the proposed joint protective order on July 26, 2023. The email requested a response on the issue by Friday, July 28, 2023, informing that, if a response was not received by that date that Plaintiffs would file a motion requesting entry of the protective order and advise the Court that Defendants had not provided a position on the issue. MacLean Decl., Ex. A ¶5. On July 28, 2023, at around close of business, Defendants responded to this email stating their position that discussion or entry of a protective order in either action is premature while discovery has not yet commenced. MacLean Decl., Ex. A ¶6. Plaintiffs clarified that they were not intending to commence discovery, but rather only to obtain access to the unredacted complaints in the Government Action. MacLean Decl., Ex. A ¶7. Defendants have not responded further.

Because no third parties have sought to seal any confidential third-party information that is redacted in the Government Complaints, the Government Plaintiffs have no objection to Defendants or the Court (upon notice to Defendants) allowing Plaintiffs to access the unredacted versions of the Government Complaints upon entry of the attached protective order.

## ARGUMENT

### I. THE COURT SHOULD ENTER THE PROPOSED PROTECTIVE ORDER FOR THE SOLE PURPOSE OF ALLOWING CLASS PLAINTIFFS TO REVIEW THE GOVERNMENT COMPLAINTS.

#### A. The Government Complaints are Core to this Action.

This action tracks the Government Action. Both actions challenge the same allegedly anticompetitive loyalty programs maintained by the Syngenta Defendants and Corteva. Although Plaintiffs do not have access to the redacted materials in the Government Complaints, context strongly suggests that the redacted material is highly relevant to Plaintiffs' claims. *See, e.g.,* Government Action, Doc. 79, Second Government Complaint ¶¶ 195-198 (redacting paragraphs following the allegation that "successful loyalty-program implementation has curtailed generic entry and sustained higher prices than would otherwise prevail."). The relevance of the redacted material is also apparent on the face of defendants' briefing in the Government Action. For example, it appears that allegations are redacted concerning specific details about Defendants' retaliation against dealers that may have failed to meet the requirements of relevant loyalty program. *See, e.g.,* Government Action, Doc. 130, p. 11; Doc. 133, pp.

11-12. Defendants' use of coercion to dissuade defections from their respective loyalty programs is an issue that is highly relevant to this action. *See, e.g., In re Mid-Atl. Toyota Antitrust Litig.*, 560 F. Supp. 760, 778 (D. Md. 1983) (crediting allegations that a manufacturer-conspirator used coercion to secure the cooperation of distributors).

>     B.  **Allowing Plaintiffs to Access the Government Complaints Would Reduce the Possibility of Inconsistent Pleadings and Rulings and Promote Judicial Efficiency.**

The issues involved in both this action and the Government Action raise numerous complex issues that will require the parties and the Court to expend significant time and resources. To illustrate, briefing on the motions to dismiss the Second Government Complaint exceeded 140 pages, most of which is likely to be applicable to Plaintiffs' case here. Motions to dismiss Plaintiffs' forthcoming consolidated complaint are likely to raise similarly complex issues. Allowing Plaintiffs to review the redacted materials in advance of filing their consolidated complaint would enable Plaintiffs to more perfectly align their allegations with the Government pleading and bring more relevant material to the Court's attention on the first round of motion to dismiss briefing, which would save the parties and the Court from further rounds of time-consuming, resource-intensive motion practice and subsequent amended complaints. *See In re Google Digital Advertising Antitrust Litig.*, No. 21-md-3010, Dkt. 392 at 2 (S.D.N.Y. Nov. 18, 2022) (ordering the private parties not to re-brief issues that overlapped with those resolved in a parallel government action).

## II. Entry of the Proposed Protective Order Imposes No Burden on Defendants.

Plaintiffs are mindful of the Court's order denying pre-complaint discovery of the materials produced by Defendants to the Government Plaintiffs. Doc. 62 ("Pre-Complaint Discovery Order"). However, entering the Proposed Protective Order and allowing Plaintiffs to access the unredacted Government Complaints does not constitute "discovery" because it would not require Defendants to produce anything. Rather, it would merely add Plaintiffs as additional parties that may access materials that have already been filed with the Court in the Government Action. It would also be entirely consistent with the Pre-Complaint Discovery Order. For example, a central issue addressed by the Pre-Complaint Discovery Order was the Defendants' contention that the subpoenas issued by the Government Plaintiffs, and the Defendants' responses thereto, were outside the scope of Plaintiffs' case. *See* Doc. 62 at 3 ("[T]he court need not become embroiled in any attempt to discern the scope of the federal subpoenas as compared to the scope of the issues in this case at this early stage."). This Motion presents no such concerns because allowing Plaintiffs to access the Government Complaints does not implicate any subpoenaed information that is purportedly beyond the scope of Defendants' loyalty programs. Moreover, the Government Complaints do not include any information that a third-party has designated as confidential. Allowing Plaintiffs to access these documents would not require Defendants to turn over any information in their possession or control, and therefore does not implicate this District's practice of deferring discovery to after dispositive motions as codified in LR 26.1(a).

7

# CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the Court enter the proposed Protective Order for the sole purpose of allowing Plaintiffs to access unredacted copies of the Government Complaints, and add Interim Lead Counsel and Liaison Counsel in this action as parties that may access the unredacted versions of the Government Complaints in the Government Action.

This the 1st day of August, 2023.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel L. Brockett* | */s/ Jay J. Chaudhuri* |
| Daniel L. Brockett (*pro hac vice*) | Jay J. Chaudhuri |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | N.C. State Bar No. 27747 |
| | Cohen Milstein Sellers & Toll PLLC |
| 51 Madison Avenue, 22nd Floor | 50 Fayetteville St., Suite 980 |
| New York, New York 10010 | Raleigh, NC 27601 |
| Tel. (212) 849-7345 | Telephone (919) 890-0560 |
| Facsimile (212) 849-7100 | Facsimile (919) 890-0567 |
| danbrockett@quinnemanuel.com | jchaudhuri@cohenmilstein.com |
| Steig D. Olson (*pro hac vice*) | Michael B. Eisenkraft (*pro hac vice*) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Cohen Milstein Sellers & Toll PLLC |
| | 88 Pine Street, 14th Floor |
| 51 Madison Avenue | New York, New York 10005 |
| New York, New York 10010 | Telephone (212) 838-7797 |
| Phone (212) 849-7231 | Facsimile (212) 838-7745 |
| Fax (212) 849-7100 | meisenkraft@cohenmilstein.com |
| steigolson@quinnemanuel.com | |
| | |
| Sami H. Rashid (*pro hac vice*) | */s/ Christopher M. Burke* |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Christopher M. Burke |
| | Walter Noss |
| 51 Madison Avenue, 22nd Floor | Yifan (Kate) Lv |
| New York, New York 10010 | KOREIN TILLERY PC |
| Tel. (212) 849-7237 | 707 Broadway, Suite 1410 |
| Facsimile (212) 849-7100 | San Diego, CA 92101 |

samirashid@quinnemanuel.com

Jeremy Andersen (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel. (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com

*/s/ Vincent Briganti*
LOWEY DANNENBERG, PC
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Roland R. St. Louis, III (*pro hac vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com

*/s/ Richard L. Pinto*
Richard L. Pinto N.C. State Bar No. 9412
Kenneth Kyre, Jr. N.C. State Bar No. 7848
Lyn K. Broom N.C. State Bar No. 17674
PINTO COATES KYRE & BOWERS, PLLC
3202 Brassfield Road Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com

*Liaison Counsel*

Tel: (619) 625-5621
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

George Zelcs
Rosemarie Fiorillo
Randall P. Ewing, Jr.
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com

*Interim Class Counsel*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I hereby certify that the foregoing Memorandum totals fewer than 6,250 words, exclusive of the caption, signature lines, and certificate of service. According to the word count feature of the word processing software, the word count is 1728. I make this certification in compliance with M.D.N.C. LR 7.3(d)(1).

This the 1st of August, 2023.

>  */s/ Lyn K. Broom*
> Lyn K. Broom N.C. State Bar No. 17674
> PINTO COATES KYRE & BOWERS, PLLC
> 3202 Brassfield Road Greensboro, NC 27410
> Tel: (336) 282-8848
> Facsimile: (336) 282-8409
> lbroom@pckb-law.com
> *Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all counsel of record.

This the 1st day of August, 2023.

>*/s/ Lyn K. Broom*
>Lyn K. Broom N.C. State Bar No. 17674
>PINTO COATES KYRE & BOWERS, PLLC
>3202 Brassfield Road Greensboro, NC 27410
>Tel: (336) 282-8848
>Facsimile: (336) 282-8409
>lbroom@pckb-law.com
>*Liaison Counsel*