# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE SOLE PURPOSE OF THE COURT PROVIDING INTERIM CLASS COUNSEL AND LIAISON COUNSEL ACCESS TO THE GOVERNMENT COMPLAINTS"

Defendants BASF SE, BASF Corporation, BASF Agricultural Products Group, CHS Inc., Corteva, Inc., Helena Agri-Enterprises, LLC, Nutrien Ag Solutions, Inc., Syngenta Crop Protection AG, Syngenta Corporation and Syngenta Crop Protection, LLC (together, "Syngenta") (collectively, "Defendants") submit this consolidated opposition to Plaintiffs' "Motion For Entry of a Protective Order For The Sole Purpose of The Court Providing Interim Class Counsel And Liaison Counsel Access to The Government Complaints" (the "Motion"). Doc. 68.

Through this Motion, Plaintiffs ask the Court to decide an issue that has already been decided. The Court has ruled that Plaintiffs are not entitled to pre-complaint discovery. If Plaintiffs believe the previous orders of the Court were not clear on this issue, Plaintiffs could have easily sought clarification as part of the previous briefing on Plaintiffs' request for information relating to the pending FTC proceeding (the

"Government Action") or immediately after the Court's decision on that request. Thus, there is no "urgency" here, and any implication from Plaintiffs that Defendants were dilatory in this matter is unfounded.

**Background**

Last Spring, the Court asked the parties to provide a joint proposed case management order. *See* Doc. 9. The parties' submission included their positions on discovery and the entry of a protective order. *See* Doc. 20-1 ¶ 10. Despite Plaintiffs' request in that submission that the parties should be ordered to file a proposed protective order within 14 days of the appointment of Interim Lead Counsel, the Court declined to address protective orders in its subsequent Case Management Order No. 1. Doc. 31.

Instead, in June, the Court set a schedule for the filing of a Consolidated Amended Complaint in this action and stayed all discovery in the matter. At the same time, the Court ruled on, and denied in full, Plaintiffs' request for information from Defendants relating to the Government Action, and in particular information relating to the FTC investigation that led to that Action. *See* Doc. 62.

Over a month after the Court's denial, on July 14, 2023, Plaintiffs sent Defendants an email, seeking to negotiate a protective order. Plaintiffs provided no explanation as to why a protective order was necessary or appropriate at that time, particularly given that Plaintiffs had yet to file any Consolidated Amended Complaint, and discovery remained stayed. Defendants accordingly considered the proposal premature.

Plaintiffs emailed again on July 26, 2023 about their request that Defendants agree to enter into a protective order, asking for a response by July 28 and forecasting the filing of a motion if Defendants refused to agree. Defendants responded on Friday, July 28, 2023, explaining that discussion or entry of a protective order in either the Government Action or MDL was premature, given that discovery had not yet commenced. Defendants also pointed out that the proposal was particularly inappropriate given that Plaintiffs sought a blanket protective order applying both to this case and to the Government Action, to which many Defendants are not parties.[1]

Plaintiffs replied after close of business on July 28, 2023, to explain, for the first time, that they sought entry of the proposed protective order to facilitate discovery of the sealed allegations in the original and amended Government Action complaints. One business day later, while Defendants were discussing this new request, and before Defendants had responded, Plaintiffs made middle of the night filings moving for entry of their proposed protective order and expedited briefing on the same. Docs. 68–71.

### Plaintiffs' Motion Should Be Denied

Plaintiffs' Motion should be denied first and foremost because the Court has already denied the relief sought by Plaintiffs' Motion. Doc. 62. While now presented in the form of unilaterally proposed blanket protective orders covering both this case and the Government Action, Plaintiffs concede that the "sole purpose" of the exercise is to discover the allegations under seal in the Government Action. Doc. 68 ¶ 1.

---

[1] *FTC v. Syngenta Crop Protection AG*, No. 22-cv-00828 (M.D.N.C.).

3

Case 1:23-md-03062-TDS-JEP   Document 73   Filed 08/08/23   Page 3 of 13

Plaintiffs' stated need for this discovery is "to incorporate information from the Government Action into their consolidated complaint." *Id.* ¶ 11. But the Court has already ruled that "commencement of discovery at this early stage is inappropriate," rejecting Plaintiffs' identical argument that discovery of information from the Government Action would "assist them in fashioning a better consolidated complaint." Doc. 62 at 1–2. Thus, Plaintiffs' Motion should be denied on this basis alone.

Beyond that, Plaintiffs' backdoor effort to relitigate this settled issue is inappropriate for several additional reasons.

*First*, if Plaintiffs believe they have a claim to assert, they should be able to raise their own good faith allegations and should know what their claims are before they sue. Plaintiffs insist they need information from the unredacted complaints in the Government Action, but that is not how lawsuits work. As the Court wrote in June, "the litigation is awaiting the filing of a consolidated complaint, which will define the issues to be litigated and the parties," and that complaint should be filed without the benefit of discovery, which "at this early stage is inappropriate." Doc. 62 at 1–2. The mere existence of the yet-untested unredacted complaints in the Government Action does not give Plaintiffs a good faith basis to assert allegations and claims that are not supported by their own standalone knowledge, information, and belief, formed after Plaintiffs' own reasonable inquiries. In short, as this Court already ruled, Plaintiffs either do or do not have good faith allegations to assert, and they are not entitled to unseal documents or obtain other discovery before making such allegations.

*Second*, Plaintiffs' assertions as to "judicial inefficiency" do not support their

request for the FTC's now-sealed allegations. Doc. 69 at 5. Plaintiffs claim they wish to "more perfectly align their allegations with the Government pleading." Doc. 69 at 6; *id.* at 2 (warning against "judicial inefficiency"). To begin with, Plaintiffs have no right to copy allegations in a sealed pleading; again, they should be raising their own good faith allegations based on their own inquiry. In any event, it is hard to see why it is more "efficient" for Plaintiffs to parrot unproven allegations made by another party, particularly when those allegations themselves are currently subject to motions to dismiss, which may well lead to a decision that such allegations are insufficient to state a claim.[2]

*Third*, Plaintiffs' proposed process is also premature, heavy-handed, and simply incorrect. Plaintiffs propose that the Court enter a full-blown protective order governing two litigations (with different parties), purportedly for the limited purpose of allowing Plaintiffs to access the unredacted government complaints.

This proposal is excessive and not in any way tailored to the stated purpose. It inappropriately burdens the Defendants—particularly those not involved in the Government Action and who may not remain in the MDL—with premature process. In essence, Plaintiffs try to force the entry of a protective order with broad implications before the parties and Court have determined what the MDL litigation will look like, or

---

[2] Plaintiffs' citation to *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010, (S.D.N.Y. Nov. 18, 2022), is not to the contrary. That decision did not address any question of pre-complaint discovery. And the direction of the Southern District of New York court to the parties there not to re-brief issues that had already been decided on a prior motion to dismiss, *In Re Google*, No. 21-md-3010, Doc 392 at 2, simply underscores that there is nothing efficient to be gained by permitting Plaintiffs to parrot unproven allegations that are already the subject of a pending motion to dismiss.

5

if there will even be a litigation.

There are numerous, more tailored approaches that Plaintiffs could have taken, but did not. Instead, perhaps hoping the Court would not realize they were trying to relitigate a decided issue, Plaintiffs chose to propose a protective order governing both the MDL *and* the Government Action to which Plaintiffs and at least several Defendants are not even parties. If and when discovery does begin in either of these actions, only *then* will it be the right time for a protective order. Moreover, any ultimate entry of a protective order should follow a meet and confer process between the parties. Given the prematurity and overbreadth of Plaintiffs' request, as well as Plaintiffs' failure to inform Defendants of their purported motivation for their request until shortly before filing this Motion, the proposed protective order reflects no input from Defendants.

The Court should deny Plaintiffs' Motion. It is an inappropriate, and legally unsupportable, effort to obtain discovery prior to the filing of a Consolidated Amended Complaint—discovery to which Plaintiffs are not entitled, as this Court has already ruled.

Respectfully submitted this 8th day of August, 2023.

    MCGUIREWOODS LLP

    */s/ Mark E. Anderson*
    Mark E. Anderson (Bar No. 15764)
    manderson@mcguirewoods.com
    501 Fayetteville Street, Suite 500
    Raleigh, North Carolina 27601
    Phone: 919.755.6600
    Fax: 919.755.6699

    David R. Marriott*
    dmarriott@cravath.com
    Margaret T. Segall*
    msegall@cravath.com
    CRAVATH, SWAINE & MOORE LLP
    825 Eighth Avenue
    New York, New York 10019
    Telephone: (212) 474-1000
    Facsimile: (212) 474-3700

    * Special appearances under L.R. 83.1(d) forthcoming

    *Attorneys for Defendant Corteva, Inc.*

7

Case 1:23-md-03062-TDS-JEP   Document 73   Filed 08/08/23   Page 7 of 13

FOX ROTHSCHILD LLP

 */s/ Patrick M. Kane*
Patrick M. Kane (Bar No. 36861)
pkane@foxrothschild.com
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington A venue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

* Special appearance under L.R. 83.1(d) forthcoming

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

8

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Colin D. Dailey*
Colin D. Dailey (Bar No. 54408)
colin.dailey@bclplaw.com
One Wells Fargo Center
301 S. College Street, Suite 2150
Charlotte, NC 28202
Telephone: (704) 749-8950
Facsimile: (704) 749-8990

Paul J. Lopach**
paul.lopach@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 861-0200

G. Patrick Watson**
patrick.watson@bclplaw.com
Lindsay Sklar Johnson**
lindsay.johnson@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

** Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant Nutrien Ag Solutions, Inc.*

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Jonathan H. Todt*
Jonathan H. Todt (Bar No. 52952)
jonathan.todt@faegredrinker.com
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone (202) 230-5000
Facsimile: (202) 842-8465

Kathy Osborn**
kathy.osborn@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

Colby Anne Kingsbury**
colby.kingsbury@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

** Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant CHS Inc.*

ROBINSON, BRADSHAW & HINSON, P.A.

*/s/ Fitz E. Barringer*
Fitz E. Barringer (Bar No. 42679)
fbarringer@robinsonbradshaw.com
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: 704-377-2536

David J. Lender*
David.Lender@weil.com
Adam C. Hemlock*
Adam.Hemlock@weil.com
Taylor B. Dougherty*
Taylor.Dougherty@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

* Special appearances under L.R. 83.1(d) forthcoming

*Attorneys for Defendants BASF Corporation, BASF SE and BASF Agricultural Products Group*

11

ELLIS & WINTERS LLP

*/s/ Jonathan D. Sasser*
Jonathan D. Sasser (Bar No. 10028)
jon.sasser@elliswinters.com
4131 Parklake Avenue Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7002
Facsimile: (919) 865-7010

Allan J. Arffa*
aarffa@paulweiss.com
William B. Michael*
wmichael@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Joseph J. Bial*
jbial@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

* Special appearances under L.R. 83.1(d) forthcoming

*Attorneys for Defendant Helena Agri-Enterprises, LLC*

12

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2023, I caused the foregoing RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE SOLE PURPOSE OF THE COURT PROVIDING INTERIM CLASS COUNSEL AND LIAISON COUNSEL ACCESS TO THE GOVERNMENT COMPLAINTS, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF System.

MCGUIREWOODS LLP

*/s/ Mark E. Anderson*
Mark E. Anderson (Bar No. 15764)
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone: 919.755.6600
Fax: 919.755.6699

David R. Marriott*
dmarriott@cravath.com
Margaret T. Segall*
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

* Special appearances under L.R. 83.1(d) forthcoming

*Attorneys for Defendant Corteva, Inc.*