UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No: 1:23-md-3062-TDS-JEP |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER FOR THE SOLE PURPOSE OF THE COURT PROVIDING INTERIM CLASS COUNSEL AND LIAISON COUNSEL ACCESS TO THE GOVERNMENT COMPLAINTS**

Class Plaintiffs ("Plaintiffs") submit this reply memorandum in further support of their Motion for Entry of a Protective Order for the Sole Purpose of the Court Providing Interim Class Counsel and Liaison Counsel Access to the Government Complaints. *See* Doc. 68 ("Motion").

## INTRODUCTION

Plaintiffs write briefly concerning three issues raised by Defendants in their opposition brief. Doc. 73[1]. First, Plaintiffs' Motion is fully consistent with, and is not an "end-run around," the Court's order denying pre-complaint discovery. Second, Defendants' suggestion that the Court's original sealing order in the Government Action[2]

---

[1] All docket citations to Case No. 1:23-md-3062 unless designated as a "Government Action" docket citation.

[2] *Federal Trade Commission v. Syngenta Crop Protection AG*, No. 22-cv-00828 (M.D.N.C.) (the "Government Action").

1

was intended to require litigants to operate in ignorance of facts uncovered by other investigations is contradicted by Defendants' own motions to seal in the Government Action, by the public's default right to public access, and by the routine and proper practice of plaintiffs pleading facts first uncovered by others—be it a newspaper journalist or a government regulator. Third, Defendants' assertion that Plaintiffs could have filed the Motion earlier is both irrelevant and ignores that Defendants refused to engage with Plaintiffs concerning the negotiation of a proposed protective order.

## ARGUMENT

**I. THE MOTION IS CONSISTENT WITH THE COURT'S ORDER CONCERNING PRE-COMPLAINT DISCOVERY.**

Defendants misconstrue the Court's Order denying Plaintiffs' motion for pre-complaint discovery. *See* Doc. 73 ("Defs.' Br.") at pp. 1-2 (citing Doc. 62 ("Pre-complaint Discovery Order")). Defendants contend that the Court denied the relief Plaintiffs request in this Motion, but the Court did no such thing. Rather, the Court denied Plaintiffs' motion to access materials that the Defendants provided to the government in response to investigatory subpoenas. Doc. 62. That is a far cry from the relief sought here—access to two pleadings that have already been filed in the related Government Action, specifically Government Action Docs. 1 and 79. Plaintiffs' Motion is fully consistent with the Pre-Complaint Discovery Order because it raises none of the concerns identified by the Court in that Order.

First, requesting access to docket entries in the Government Action hardly qualifies as "discovery." Anybody, even a member of the public who is merely curious

about the subject matter of a case, has the right to request access to sealed materials filed in a case. *See, e.g.*, *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 578 (4th Cir. 2004); *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances."). It follows that requesting access to two sealed pleadings is not "discovery" within the meaning of this District Court's local rules.

Second, the Court reasoned that the materials sought in Plaintiffs' initial motion for discovery—Defendants' responses to government subpoenas—might be broader than the issues relevant to this case. Doc. 62 at pp. 2-3. In the Court's view, granting Plaintiffs access to those materials would have risked embroiling the Court in parsing through investigatory subpoenas and responses before the scope of the relevant issues had been developed. Doc. 62 at p. 3. But here, it cannot be disputed that the allegations in the under-seal complaints, by definition, relate to the scope of the claims being pursued by the government in those complaints. And as access to only two filed pleadings is being sought—the same access that any member of the public should have absent the Court's sealing order—there is no burden to Defendants at issue here, including because the Court itself would give Plaintiffs access to the filed pleadings.

## II. THE REDACTED COMPLAINTS ARE HIGHLY LIKELY TO CONTAIN FACTS THAT WOULD ASSIST PLAINTIFFS IN PREPARING A MORE FACTUALLY COMPLETE CONSOLIDATED COMPLAINT.

When seeking to keep portions of the government complaint secret, Defendants prevailed by stressing that *public* disclosure would threaten their *commercial* fortunes,

3

because competitors could gain an economic advantage by seeing the specific terms of Defendants' negotiated contracts.  *See, e.g.*, Government Action, Doc. 86 at p. 3 (seeking sealing because information is "commercially or competitively sensitive"); Government Action, Doc. 88 at p. 9 (fearing "competitors and potential counterparties" getting "windfall") and Government Action, Doc. 88 at p. 10 (fearing loss of "bargaining power" over commercial counterparties).  Notably, Defendants do not now argue that providing Plaintiffs access to the government pleadings would put them at risk of commercial harm.  Nor could they, given Plaintiffs are offering to keep the pleadings confidential under the same terms as the government plaintiffs are keeping them confidential.  That alone should resolve this matter.

To avoid that conclusion, Defendants invent an entirely different reason for keeping the documents under seal than what they used to seal the complaints in the first place.  They do so by repeatedly disparaging the notion of Plaintiffs using facts revealed by the government to help Plaintiffs plead their parallel case.  Contrary to the implicit suggestion that building on the work of others is something to be ashamed of, the public has a presumptive right to access court materials, including so they can learn facts uncovered by others; and relatedly, it is a routine and sound practice for the efforts of government regulators to serve as a starting point for private plaintiffs in parallel litigation.  *See Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 325 (2d Cir. 2010) (holding that government investigations into the anticompetitive conduct at issue supported plausibility of private antitrust complaint); Doc. 1 (noting that centralizing private crop

4

protection loyalty program litigation in this district would facilitate coordination between the private and government actions).

Defendants similarly seek to disparage the relevance of the government complaints' allegations by calling them "unproven." But *Defendants* sought to have portions of those allegations sealed because they quoted from and revealed the contents of *their own documents*. *See, e.g.,* Government Action, Doc. 86 at p. 3 and Doc. 88 at p. 8. While the legal relevance of the government's allegations may be in dispute, it seems unlikely the existence of the documents apparently quoted in the sealed pleadings will be. But even if the basic facts are disputed, Defendants again ignore that courts regularly permit plaintiffs to rely on facts revealed by others, including as-yet "unproven" complaints filed by others. *See, e.g.*, *In re Bear Stearns Morg. Pass-Through Cert. Litig.*, 851 F. Supp. 2d 746, 768 (S.D.N.Y. 2012) (refusing to strike allegations drawn from another complaint; "It makes little sense to say that information from such a study— which the TAC could unquestionably rely on if it were mentioned in a news clipping or public testimony—is immaterial simply because it is conveyed in an unadjudicated complaint."); *Fed. Housing Fin. Agency v. JPMorgan Chase & Co.*, 902 F. Supp. 2d 476, 488 (S.D.N.Y. 2012) (noting that allegations about "the findings in the government and private investigations" provided valid support for a claim).

In sum, though Plaintiffs are prepared to pursue claims regardless of the outcome of this Motion, there is nothing wrong with Plaintiffs' position that it would be more just, and more efficient, for their upcoming consolidated complaint to be based on the most

5

fulsome set of facts potentially available. Nor is there anything wrong with a source for those allegations being the government complaints. Noticeably absent from Defendants' response is a citation to *any* law or logic that suggests that sealing orders are to be enforced for the purpose of enabling a game of "gotcha" as to which victim could independently uncover which fact.

## III. PLAINTIFFS' MOTION IS TIMELY.

Defendants' assertion that Plaintiffs could have requested access to the unredacted pleadings earlier ignores the fact that their own refusal to even respond to Plaintiffs' request caused the very delay about which they are complaining.

Defendants also fail to cite any authority suggesting that Plaintiffs were required to combine the instant Motion (which requests altogether different relief) with their motion for production of documents by the Defendants which were produced in response to investigatory subpoenas. Defendants' argument also ignores that Plaintiffs attempted to engage Defendants in a cooperative effort to access the Government Complaints, which included negotiating a proposed protective order with the FTC and providing Defendants with ample opportunity to review the proposal and respond. Doc. 68 at pp. 4-5 and Doc. 68-1.

Finally, Defendants contradict themselves by saying the issue is "premature" because more conferring should take place—presumably until after Plaintiffs file their Amended Complaint. But noticeably absent is any hint that Defendants are willing—

under any terms—to allow Plaintiffs to access the government complaints in their unredacted form.

## CONCLUSION

For these reasons and those set forth in Plaintiffs' Motion, Plaintiffs respectfully request that the Motion be granted.

This the 10th day of August, 2023.

Respectfully submitted,

*/s/ Daniel L. Brockett*
Daniel L. Brockett (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7345
Facsimile (212) 849-7100
danbrockett@quinnemanuel.com
Steig D. Olson (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com

Sami H. Rashid (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7237
Facsimile (212) 849-7100
samirashid@quinnemanuel.com

*/s/ Jay J. Chaudhuri*
Jay J. Chaudhuri
N.C. State Bar No. 27747
Cohen Milstein Sellers & Toll PLLC
50 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone (919) 890-0560
Facsimile (919) 890-0567
jchaudhuri@cohenmilstein.com
Michael B. Eisenkraft (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone (212) 838-7797
Facsimile (212) 838-7745
meisenkraft@cohenmilstein.com

*/s/ Christopher M. Burke*
Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
KOREIN TILLERY PC
707 Broadway, Suite 1410
San Diego, CA 92101
Tel: (619) 625-5621
cburke@koreintillery.com

Jeremy Andersen (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel. (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com

*/s/ Vincent Briganti*
LOWEY DANNENBERG, PC
Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean (*pro hac vice*)
Roland R. St. Louis, III (*pro hac vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com

*/s/ Richard L. Pinto*
Richard L. Pinto N.C. State Bar No. 9412
Kenneth Kyre, Jr. N.C. State Bar No. 7848
Lyn K. Broom N.C. State Bar No. 17674
PINTO COATES KYRE & BOWERS, PLLC
3202 Brassfield Road Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com

*Liaison Counsel*

wnoss@koreintillery.com
klv@koreintillery.com

George Zelcs
Rosemarie Fiorillo
Randall P. Ewing, Jr.
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com

*Interim Class Counsel*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I hereby certify that the foregoing Memorandum totals fewer than 3,125 words, exclusive of the caption, signature lines, and certificate of service. According to the word count feature of the word processing software, the word count is 1,495. I make this certification in compliance with M.D.N.C. LR 7.3(d)(1).

This the 10th of August, 2023.

>*/s/ Lyn K. Broom*
>Lyn K. Broom N.C. State Bar No. 17674
>PINTO COATES KYRE & BOWERS, PLLC
>3202 Brassfield Road Greensboro, NC 27410
>Tel: (336) 282-8848
>Facsimile: (336) 282-8409
>lbroom@pckb-law.com
>*Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which will send notification of such filing to all counsel of record.

This the 10th day of August, 2023.

>*/s/ Lyn K. Broom*
>Lyn K. Broom N.C. State Bar No. 17674
>PINTO COATES KYRE & BOWERS, PLLC
>3202 Brassfield Road Greensboro, NC 27410
>Tel: (336) 282-8848
>Facsimile: (336) 282-8409
>lbroom@pckb-law.com
>*Liaison Counsel*