## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

IN RE: CROP PROTECTION
PRODUCTS LOYALTY PROGRAM
ANTITRUST LITIGATION

This document relates to: ALL
ACTIONS

) Civil Action No. 1:23-MD-3062-TDS-JEP

**INTERIM STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-

captioned action (the "Action," as defined below), through their respective counsel, agree

that the terms and conditions of this Interim Protective Order (the "Order") shall govern

the production and handling of the Investigative Materials in this Action. The parties

anticipate entering into a complete protective order to govern all further discovery in the

Action, and agree that the entry of this Order shall be without prejudice to the parties'

respective arguments as to the contents of the complete protective order. In the interests

of allowing Plaintiffs immediate access to the Investigative Materials pending negotiation

of the full protective order, which will facilitate efficient and prompt resolution of the

Action; and (ii) protecting confidential information in the Investigative Materials from

improper disclosure or use, the Court, upon good cause shown and pursuant to Fed. R.

Civ. P. 26(c)(1) and Local Rule 26.2, **HEREBY ORDERS** as follows:

1

1.    **Definitions**. As used herein:

(a)    Action means *In re Crop Protection Products Loyalty Program Antitrust Litigation,* Case No. 1:23-md-3062-TDS-JEP, pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b)    Commission or FTC means the Federal Trade Commission, or any of its employees, agents, or attorneys, and all other persons acting on its behalf.

(c)    CONFIDENTIAL Information means (i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret or confidential research, analysis, development, or commercial or business information that is commercially sensitive, and has not been released into the public domain (unless through unauthorized disclosure, in which case it shall still be deemed CONFIDENTIAL Information); (ii) personal identifying information, information that has the potential to subject any person to embarrassment, humiliation, or ridicule, or personal information that is protected from disclosure by statute or regulation, or is otherwise entitled to protection from public disclosure; (iii) any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law; or (iv) information required by agreement to be kept confidential.

(d)    Corteva means Corteva, Inc. and its subsidiary Corteva Agriscience LLC.

(e)    Counsel of Record means the attorneys employed by outside law firms representing a Plaintiff or Defendant and appearing in the Action, as well as attorney support staff employed by the same law firms.

2

(f)    <u>Designating Party</u> means a Party or Non-Party that designates pursuant to this Protective Order information or items produced in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, or that has produced Investigative Material and designates such Investigative Material pursuant to Paragraph 4 of this Protective Order.

(g)    <u>Discovery Material</u> means information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in the Action.

(h)    <u>HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information</u> means any CONFIDENTIAL Information for which a good faith claim can be made that, if disclosed, such CONFIDENTIAL Information is likely to cause significant competitive or commercial harm. By way of example only, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information may include: trade secrets; sensitive and non-public research or analysis; competitively sensitive customer information; financial, marketing, or strategic business planning information; current or future pricing information; information relating to research, development, or testing of, or plans for, existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a Party or Non-Party in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; and communications that disclose any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information.

3

(i)     In-House Counsel means attorneys who are employees in the legal departments of any of the Parties in this action (and their support staff). In-House Counsel does not include Counsel of Record or any other outside counsel.

(j)     Investigative Material means any document produced (or material containing or summarizing information from a document produced), as well as all transcripts of any investigational hearings conducted, during the Commission's and the State Plaintiffs' pre-Complaint investigations.

(k)     Non-Party means any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

(l)     Party means any Plaintiff or Defendant in the Action, including their respective successors or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. Parties means collectively the Plaintiffs and Defendants in the Action.

(m)     Producing Party means any Party or Non-Party that produces Discovery Material in this Action.

(n)     Professional Vendors means persons or entities that provide litigation support services directly related to the Action, such as e-discovery vendors, couriers, and copying service vendors, and their employees and subcontractors.

(o)     Protected Material means any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.

(p)     Receiving Party means a Party that receives Discovery Material.

4

(q) Related Action means *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.,* Civil Action No. 22-cv-828-TDS-JEP , pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings, or *Griffin v. Syngenta Crop Protection AG, et al.*, Case No. 4:22-cv-1287-BSM, pending in the Eastern District of Arkansas, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(r) Related Action Counsel of Record means the attorneys employed by outside law firms or government agencies representing a plaintiff or a defendant in any Related Action and appearing in any Related Action, as well as attorney support staff employed by the same law firms or agencies.

(s) State Plaintiffs mean each and every state plaintiff in the Action, and any of the employees, agents, attorneys, and all other persons acting on the behalf of any such state plaintiff.

(t) Syngenta means each of the Syngenta corporate entities named in the Action, specifically: Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC.

2. **Persons/Entities Covered**. This Order is binding upon all current and future Parties to the Action, including their respective successors or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. This Order shall also apply to any materials or testimony produced in discovery in the Action by Non-Parties. This Order does not limit any Party's or Non-Party's rights with respect to materials that it produces in discovery in the Action. When

5

conducting discovery from Non-Parties, the Parties shall provide notice of the terms of this Order to such Non-Parties.

3.    **Duration**. The confidentiality obligations set forth in this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.    **Designating Protected Material**.

(a)    <u>Exercise of Reasonable Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take reasonable care to limit its designation of Discovery Material as Protected Material to specific material that qualifies under the appropriate standards.

If a Designating Party believes that information it previously designated as Protected Material does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Parties that it is withdrawing the previous designation and, if applicable, of the new designation.

(b)    <u>FOIA</u>. Protected Material shall be considered "trade secrets and commercial or financial information" under 5 U.S.C. § 552(b)(4) for the purpose of the Freedom of Information Act and all similar state laws or regulations that may apply.

(c)    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

6

(i)      Any document may be designated as CONFIDENTIAL Information by marking it "CONFIDENTIAL" on the face of the document at the time of production. Any document may be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY by marking it "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" on the face of the document at the time of production. A Designating Party may also designate electronic documents and other non-paper media as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, as appropriate, by: (i) affixing the confidentiality designation to the material or its container; (ii) including the appropriate confidentiality designation in the load file provided with the electronic production; (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production; or (iv) using any other means that reasonably notifies the Receiving Party of the designation.

(ii)     A Designating Party may, during the course of a deposition (or any other testimony) designate any portion of testimony Protected Material by so stating orally on the record on the day that the testimony is being given. Following any such oral designation, the confidential portions of the testimony shall be taken only in the presence of persons entitled to access such information under this Order, provided that persons authorized only to receive CONFIDENTIAL Information shall only be excluded from the portion of the testimony that contains questions and answers that reveal the content of information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. A Designating Party may designate any or all portions of the

7

transcript and/or video of any deposition (or any other testimony) as containing Protected

Material in accordance with this Order by notifying all other Parties in writing, within

thirty (30) business days of the Designating Party's receipt of the final transcript, that the

transcript contains Protected Material and designating the specific pages and/or lines as

containing CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL EYES ONLY Information. All transcripts and/or videos of testimony in the

Action shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

ONLY Information and subject to this Order until thirty (30) business days after a final

transcript of the deposition (or other testimony) is received by the Designating Party. Any

portion of any deposition testimony that is not designated as CONFIDENTIAL

Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

Information in accordance with this Paragraph within thirty (30) business days after a

final transcript and/or video of the deposition (or other testimony) is received by the

Designating Party shall not be entitled to the protections afforded Protected Material

under this Order, except upon a showing of good cause. The Parties will collectively

undertake best efforts to ensure that if Protected Material unique to a Non-Party will be

discussed at a deposition, that Non-Party can be present at any such portions of the

deposition. A Non-Party's presence at any portion of a deposition does not entitle the

Non-Party to be present for any other portion of the deposition not related to that Non-

Party's Protected Materials.

                (iii)    The Investigative Material shall be treated in the first instance

as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information under

this Order for 90 (ninety) calendar days from the date of production in the Action. At any time during this 90-day period, the Designating Party that originally provided the Investigative Material may designate as CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information any Investigative Material or portions thereof (identified by Bates number, transcript pages and lines, or other means of easy identification) that constitute CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information, respectively. To be effective, such designations must be provided in writing to counsel for all Parties. The confidentiality of Investigative Material may later be challenged under the provisions of Paragraph 5 below. Nothing in this Order shall constitute any waiver of any applicable privileges or protections from discovery that may apply to Investigative Materials pursuant to the FTC's Rules of Practice, the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), or other legal obligation imposed upon or privilege available to the Commission or the State Plaintiffs, and Defendants reserve all rights concerning any assertions of such privileges or protections.

(iv)    For all other information or tangible items, the Designating Party may designate information as Protected Materials by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the label CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

9

(v)     Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain (so long as not through unauthorized disclosure), is already known to a Receiving Party through proper means and on a non-confidential basis, or is available to a Receiving Party from a source rightfully in possession of such information on a non-confidential basis. For the avoidance of doubt, Investigative Material disclosed with confidential treatment requested is material disclosed on a confidential basis.

5.     **Challenging Confidentiality Designations**

(a)     A Receiving Party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Material at the time the designation is made. A Receiving Party may challenge a confidentiality designation at any time, and a Receiving Party's failure to have made such a challenge at any previous time, including after acceptance or receipt of material with a confidentiality designation, shall not be deemed a waiver of the Receiving Party's right to challenge any confidentiality designation.

(b)     A Party seeking to challenge a designation of Discovery Material as Protected Material shall give notice in writing of such challenge to counsel for the Designating Party. The challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must meet-and-confer within seven (7) business days of the service of such notice. If the challenging Party and the Designating Party are unable to resolve the challenge, then the challenging Party may move the Court for an

10

order removing the challenged material from the restrictions of this Order. The burden of persuasion in any such challenge shall be on the Designating Party.

(c)     Until the challenging Party and the Designating Party, or the Court, resolves a challenge to the designation of Discovery Material as Protected Material, the asserted designation shall remain in effect.

6.     **Disclosure of CONFIDENTIAL Information**.  Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any CONFIDENTIAL Information only to:

(a)     Counsel of Record;

(b)     In-House Counsel (1) who have no involvement in competitive decision-making for a Defendant, as defined in *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n. 3 (Fed. Cir. 1984), (2) who have responsibility for preparation, trial, or resolution of the Action; and (3) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c)     Named class representatives, provided that such CONFIDENTIAL Information is contained in or attached to a court filing, disclosure is reasonably necessary for named class representatives to carry out their duties to the class pursuant to F.R.C.P. 23, and they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     Any person (other than an employee of a Defendant) retained by a Party to serve as a testifying or consulting expert in the Action, including employees of the firm with which the expert or consultant is associated or independent contractors who

11

assist the expert's work in the Action, provided that they have signed the

"Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     The Court and its personnel and all persons assisting the Court in the

Action, including court reporters, court videographers, and similar transcription services

and their support staff (this category hereinafter referred to as the "Court");

(f)     Professional Vendors to whom disclosure is reasonably necessary

for the Action and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A);

(g)     The Designating Party and its employees, the author or recipient of a

document containing the information, or a custodian or other person who otherwise

possessed or knew the information;

(h)     The Designating Party's current directors or officers;

(i)     Any person who has been designated as a Rule 30(b)(6) witness by

the Designating Party;

(j)     Any witness and their counsel that has or had possession of the

material or access in the ordinary course of business to the material;

(k)     Any current or former employee of the Designating Party during

their deposition in this Action to whom disclosure is reasonably necessary, provided that,

in the case of a former employee, such former employee is not employed by a competitor

of the Designating Party;[1]

---

[1] Such deposition witnesses shall not retain a copy of documents containing Protected
Information.

(l)     Related Action Counsel of Record, provided that (1) the information has been produced in their applicable Related Action; or (2) the information has been requested by a party to the applicable Related Action and the disclosing party has complied with the provisions of Paragraph 11;[2]

(m)     Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in the Action (this category hereinafter referred to as "Court Reporters");

(n)     Any mediators engaged by the Parties or appointed by the Court, and their support staff (this category hereinafter referred to as "Mediators"), provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

(o)     Any person and their counsel who authored or previously received the material;

(p)     Any person and their counsel (other than those listed in this Paragraph) for whom a Party requests permission to disclose Protected Material by providing counsel for the Designating Party with advance written notice, via electronic mail or hand delivery. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. The Designating Party shall respond to such written request within a reasonable time frame. If the Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure.

---

[2] Nothing in this provision shall be construed to obligate, rather than permit, any Party to produce information to Related Action Counsel of Record.

The Party seeking disclosure may move the Court for an order allowing such disclosure; and

       (q)    Any other person to whom the Designating Party consents in writing or by order of the Court.

       7.    **Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL**

**EYES ONLY Information**. Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information only to:

       (a)    Counsel of Record;

       (b)    Any person (other than an employee of a Defendant) retained by a Party to serve as a testifying or consulting expert in the Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in the Action, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (c)    the Court;

       (d)    Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (e)    the Designating Party and its employees, the author or recipient of a document containing the information or a custodian, or other person who otherwise possessed or knew information;

       (f)    The Designating Party's current directors or officers;

(g)     Any person who has been designated as a Rule 30(b)(6) witness by the Designating Party;

(h)     Any witness and their counsel that has or had possession of the material or access in the ordinary course of business to the material;

(i)     Any current or former employee of the Designating Party during their deposition in this Action to whom disclosure is reasonably necessary, provided that, in the case of a former employee, such former employee is not employed by a competitor of the Designating Party;[3]

(j)     Related Action Counsel of Record, provided that (1) the information has been produced in their applicable Related Action; or (2) the information has been requested by a party to the applicable Related Action and the disclosing party has complied with the provisions of Paragraph 11; [4]

(k)     Court Reporters;

(l)     Mediators, provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

(m)     Any person and their counsel who authored or previously received the material;

(n)     Any person and their counsel (other than those listed in this Paragraph) for whom a Party requests permission to disclose Protected Material by

---

[3] Such deposition witnesses shall not retain a copy of documents containing Protected Information.

[4] Nothing in this provision shall be construed to obligate, rather than permit, any Party to produce information to Related Action Counsel of Record.

15

providing counsel for the Designating Party with advance written notice, via electronic mail or hand delivery. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. The Designating Party shall respond to such written request within a reasonable time frame. If the Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure. The Party seeking disclosure may move the Court for an order allowing such disclosure; and

(o) Any other person to whom the Designating Party consents in writing or by order of the Court.

8. **Use of Confidential Material and Highly Confidential Material**.

(a) Each Receiving Party shall only use materials produced in discovery in the Action, including but not limited to all Protected Materials, in furtherance of the prosecution, defense, or attempted settlement of the Action, and shall not use such materials at any time for any other purpose whatsoever, including, without limitation, any commercial or business purpose, and such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All Protected Materials must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

(b) This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a Party with respect to the Action, and in the course thereof, from generally relying upon his or her

16

examination of Protected Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

(c) If any Protected Material is filed in the public record by the Designating Party, such public filing shall constitute the Designating Party's waiver of the designation of the publicly filed material for its use by any Party in the Action; provided, however, that inadvertent disclosure of Protected Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within three (3) business days by withdrawing the public filing containing Protected Material, and the filing is replaced with a filing under seal. However, such public filing will not constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in any hearing or other pre-trial proceeding before the Court, or any Party's right to challenge any such use. If a Party intends to use Protected Material in any hearing or other pre-trial proceeding before the Court, it should alert the Court and the Designating Party in advance of the anticipated use so that the appropriate protections can be put in place. For the avoidance of doubt, this sub Paragraph shall not apply to Court filings, and the Parties will comply with all requirements as they relate to materials to be filed under seal.

17

9. **Use of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information at Trial**. Further procedures for the handling of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY Information at trial shall be addressed in a final pretrial order. The Parties to the Action shall meet and confer to negotiate a proposal for addressing the treatment of Protected Material prior to the entry of a final pretrial order.

10. **Documents Protected From Discovery**. The following types of information shall not be the subject of discovery and need not be placed on a privilege log: email, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely among and between:

(a) Counsel of Record;

(b) In-House Counsel or other employees of a single Defendant, on the one hand, and Counsel of Record for that same Defendant, on the other hand, provided such information directly relates to the representation of a Defendant in the Action, a Related Action, or in the Commission's and State Plaintiffs' pre-Complaint investigations, and provided further that such information post-dates October 4, 2019; and

(c) In-House Counsel within the legal department of a single Defendant, who are responsible for the representation of that single Defendant in the Action, a Related Action, or in the Commission's and State Plaintiffs' pre-Complaint investigations, provided that such information directly relates to the representation of the

18

Defendant in the Action, a Related Action, or the investigations, and provided further that such information post-dates October 4, 2019.

(d) Counsel of Record for the Plaintiffs and named class representative or absent class member provided such information directly relates to the representation of the class representative or putative class in the Action or investigations, and provided that such information post-dates September 29, 2022.

11. **Protected Material Subpoenaed or Ordered Produced in Other Proceeding**. If a Party is served with a subpoena, request for production, civil investigative demand, or court order in another proceeding that compels disclosure of any information or items designated in the Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, request for production, or court order;

(b) promptly notify in writing the party who caused the subpoena, request for production, or order to issue in the other litigation that some or all of the material covered by the subpoena, request for production, or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena, request for production, or court order shall not produce any of the relevant Protected Material before a determination by the court or tribunal from which a protective order is

sought, unless the Party has obtained the Designating Party's permission. The

Designating Party shall bear the burden and expense of seeking protection of its Protected

Material. Nothing in these provisions should be construed as authorizing or encouraging

a Receiving Party to disobey a lawful directive from another court.

12. **Filing Protected Material**. Except as provided for below, no Protected

Material, including, but not limited to, any documents, pleadings, motions, transcripts, or

other filings that disclose the contents or substance thereof, shall be filed in the public

record of the Action unless otherwise ordered by the Court or with permission from the

Designating Party. Such materials shall be filed under seal pursuant to Local Rules 5.4

and 5.5, and the Parties' Rule 5.5 Report.

13. **Inadvertent or Unauthorized Disclosure of Protected Material**. Any

Party that produces Protected Material without designating it as Protected Material or

with a designation below the highest designation for which that Protected Material

qualifies, may request destruction of that Protected Material by notifying the recipient(s),

as soon as reasonably possible after the producing Party becomes aware of the disclosure,

and providing, within three (3) calendar days of notice, replacement Protected Material

that is properly designated. If any person subject to this Order becomes aware that he or

she or any other person has, either intentionally or inadvertently, disclosed Protected

Material to someone not authorized to receive such material under this Order, counsel for

the party involved shall (i) immediately inform Counsel of Record for the Designating

Party whose Protected Material has been disclosed of all known relevant information

concerning the nature and circumstances of the disclosure and (ii) use his or her best

efforts to obtain the return or destruction of all improperly disseminated copies of such materials (including hardcopies and electronic versions) and to prevent any further improper dissemination of the same. Each Party shall cooperate in good faith in efforts to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.

14.     **Inadvertent Production or Disclosure of Privileged Documents**. The inadvertent production of privileged or work-product protected Documents, ESI or information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply in the Action. A Producing Party that determines it has made an inadvertent production of material subject to an applicable privilege or immunity shall promptly notify all Receiving Parties. A Receiving Party in receipt of such clawback notice shall either (1) destroy the specified information, or (2), in the event of a dispute about the application of the asserted privilege or immunity, sequester the information pending determination by the Court of the claim. Notwithstanding the foregoing, any Discovery Material used in a deposition, expert report, or court filing in the Action, that a Designating Party does not claw back within 7 days of such use, shall not be eligible for clawback under this Paragraph.

15.     **Reservation of Rights**. By designating any Discovery Material as Protected Material, the Parties do not acknowledge that any such material is relevant or

21

admissible in either Action. All Parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in the Action.

16. **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Nothing in this Order shall preclude any Party, or any Non-Party from whom discovery has been requested, from seeking an order of the Court amending, modifying, or supplementing this Order. Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order.

17. **Final Disposition**.

(a) Final disposition shall be deemed to be the later of (a) a dismissal of all claims and defenses in all Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of all Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(b) Within 90 days after the final disposition of the Action as to a Receiving Party, such Receiving Party must return all Protected Material to the Designating Party or take commercially reasonable efforts to destroy all copies of Protected Material in its possession, custody, or control (including but not limited to copies in the possession or control of any expert or employee). The Receiving Party's reasonable efforts shall not require the destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived

electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order. This provision shall also apply to the extent any Party ceases to be part of the Action, for instance in the case of settlement.

(c)     Notwithstanding any other provision of this Order, Counsel of Record are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; the trial record; and consultant and expert work product even if such materials contain Protected Material, so long as this Order will continue to govern any such retained materials.

18.     **Termination of Access**.

(a)     In the event any person permanently ceases to be engaged in the conduct of the Action, such person's access to Protected Material shall be terminated. Such person will thereafter comply with the requirements of Paragraph 17.

(b)     The provisions of this Order shall remain in full force and effect as to any person or Party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Designating Party.

**STIPULATED AND AGREED BY:**

*/s/ Daniel L. Brockett*
Daniel L. Brockett (*pro hac vice)*

*s/ Jay Chaudhuri*
Jay Chaudhuri (N.C. Bar No. 27747)

23

Steig D. Olson *(pro hac vice)*
Sami H. Rashid *(pro hac vice)*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com
steigolson@quinnemanuel.com
samirashid@quinnemanuel.com

Jeremy D. Andersen *(pro hac vice)*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com

*Interim Class Counsel*

Richard L. Pinto (N.C. Bar No. 9412)
Kenneth Kyre, Jr. (N.C. Bar No. 7848)
Lyn K. Broom (N.C. Bar No. 17674)
**PINTO COATES KYRE &
BOWERS, PLLC**
3203 Brassfield Rd.
Greensboro, NC 27410
Telephone: (336) 282-8848
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com

*Liaison Counsel*

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
407 N. Person Street, Fifth Floor
Raleigh, N.C. 27601
Telephone: (919) 890-0560
Fax: (919) 890-0567
jchaudhuri@cohenmilstein.com

Michael B. Eisenkraft
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-0177
Fax: (212) 838-7745
meisenkraft@cohenmilstein.com

*/s/ Christopher M. Burke*
Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
**KOREIN TILLERY PC**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Fax: (202) 408-4699
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

George Zelcs
Rosemarie Fiorillo
Randall P. Ewing, Jr.
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com

Vincent Briganti (*pro hac vice*)
Christian Levis (*pro hac vice*)
Margaret MacLean *(pro hac vice)*
Roland R. St. Louis, III (*pro hac vice*)
**LOWEY DANNENBERG P.C.**
44 South Broadway
White Plains, NY 10601

24

Telephone: (914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com

*Interim Class Counsel*

| | |
|---|---|
| /s/ Patrick M. Kane | /s/ Mark E. Anderson |

Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC 27401
Telephone: 336.378.5200
Facsimile: 336.378.5400

Paul S. Mishkin*
paul.mishkin@davispolk.com
David B. Toscano*
david.toscano@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

*Specially appearing under L.R. 83.1(d)

*Attorneys for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

Mark E. Anderson
N.C. Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: 919.755.6600
Facsimile: 919.755.6699

David R. Marriott**
dmarriott@cravath.com
Margaret T. Segall**
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

** Specially appearing under L.R. 83.1(d)

*Attorneys for Defendant Corteva, Inc.*

**IT IS SO ORDERED.**

This, the 24th day of May, 2024.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge

25

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, am employed by

_____.

I acknowledge and certify as follows:

I have read the Protective Order entered in *In re Crop Protection Products Loyalty Program Antitrust Litigation, Case No. 1:23-md-3062-TDS-JEP* (the "Action"), United States District Court for the Middle District of North Carolina, and agree to be bound by its terms.

I will not make copies or notes of Protected Material (as defined in the Protective Order for the Action) that I receive in the Action except as necessary to enable me to render assistance in connection with the Action.

I will not disclose Protected Material that I receive in the Action to any person not expressly entitled to receive it under the terms of the Protective Order, and will retain any such material in a safe place.

I will not use Protected Material that I receive in the Action for any purpose other than that authorized by the Protective Order.

I will retain all Protected Material that I receive in the Action in my custody until I have completed my assigned duties, whereupon the materials will be returned to the Party that provided them to me or destroyed, as provided by the Protective Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

Date: _____     Signature:

_____

Name: _____

Address: _____

_____