UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-03062-TDS-JEP |

## SCHEDULING ORDER

Following an Initial Pretrial Conference held in the above-captioned action (this "Action") on May 23, 2024, the Court orders as follows:

1. **Discovery Plan**.

    A. <u>Case Management Track</u>. The case management track (as modified below) is that designated in LR 26.1(a) as Exceptional. The modified discovery limitations and extended discovery schedule are reflected below and in the attached case schedule (found at Exhibit A).

    B. <u>Depositions.</u>

        i. Plaintiffs collectively may take up to 30 depositions of third-party witnesses, not including former employees of Defendants Corteva, Inc. ("Corteva"), Syngenta Crop Protection AG, Syngenta Corp., or Syngenta Crop Protection, LLC (together, "Syngenta") (former employees of Corteva or Syngenta are considered party depositions of Defendants).

ii. Defendants collectively may take up to 30 depositions of third-party witnesses.

iii. Plaintiffs collectively may take up to 15 depositions of Syngenta witnesses, including former employees, and up to 15 depositions of Corteva witnesses, including former employees.

iv. Defendants collectively may take up to two depositions of each named Plaintiff or associated employees.

v. Depositions of the Parties' designated expert witnesses do not count against the above deposition limits.

C. <u>Interrogatories.</u> Syngenta and Corteva may each serve up to 30 interrogatories, including discrete subparts, to the Plaintiffs collectively. Correspondingly, Plaintiffs collectively may serve up to 30 interrogatories, including discrete subparts, to each of Syngenta and Corteva.

D. <u>Requests for Admission.</u> Syngenta and Corteva may each serve up to 30 requests for admission to the Plaintiffs collectively. Correspondingly, Plaintiffs collectively may serve up to 30 requests for admission to each of Syngenta and Corteva.

E. <u>Schedule.</u> The Court orders the schedule set out in Attachment A.

F. <u>Rule 26 Disclosures</u>. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) (as modified herein) shall be due during the discovery period as set forth in Exhibit A. Supplementations shall be as provided in Rule 26(e) or as otherwise ordered by the Court.

2. **Mediation**. The Parties shall engage in mediation to be concluded by July 25, 2025. The Parties shall agree on a mediator and report that to the Court by January 22, 2025. If the Parties are unable to agree on a mediator, the Court will appoint one.

3. **Preliminary Deposition Schedule**. The Parties shall meet and confer regarding a schedule for depositions to be conducted during the discovery period.

4. **Other Items**.

   A. <u>Stipulations</u>. The Court has adopted the Parties' Stipulated Order regarding the Discovery of Electronically Stored Information on May 20, 2024 (Doc. 129). The Parties may file other joint motions with proposed stipulated orders relating to remote depositions and expert discovery as needed.

   B. <u>Deadline for Amendment of Pleadings</u>. Pursuant to Fed. R. Civ. P. 15, the Parties may request leave to amend pleadings or add additional parties until December 6, 2024.

   C. <u>Expert Discovery</u>. Deadlines relating to expert discovery are not being set at this time. The parties will meet and confer regarding deadlines for proceedings following fact discovery, including deadlines relating to expert discovery, and will submit joint or competing proposals for a schedule for further proceedings by August 25, 2025.

   D. <u>Consent to Magistrate and Appointment of Special Master</u>. The Parties have not agreed to refer either Action to magistrate judge civil trial jurisdiction under 28 U.S.C. § 636(c).

3

Case 1:23-md-03062-TDS-JEP   Document 133   Filed 06/11/24   Page 3 of 7

E. <u>Confidential and sealed documents</u>. The Court accepts and orders the Alternative Proposal for motions to seal proposed by the parties in their May 20, 2024 Joint Local Rule 5.5 Report (Doc. 114) as further outlined during the Scheduling Hearing on May 23, 2024.

F. <u>Service By Email</u>. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party then appearing on the ECF docket, at the email addresses listed thereon. If agreed to by the Parties, email service of non-filed documents may be limited to a specified group of attorneys that is narrower than all counsel appearing on the ECF docket. In the event the volume of served materials is too large for email, the serving party may accomplish service using electronic data transfer by file transfer protocol or a similar technology. For purposes of calculating response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

G. <u>Document Subpoenas to Non-Parties.</u> Any Party that serves a Rule 45 subpoena shall request that the recipient of the subpoena produce materials responsive to the subpoena to all Parties. In the event that the non-party does not produce responsive material to all Parties, the party that served a Rule 45 subpoena shall produce a copy of all materials that the non-party produces in response to that Rule 45 subpoena to all other Parties within five (5) business days after receipt of the materials from the non-party.

H. _Privilege Logs_. Privilege logs shall be produced in accordance with the schedule at Exhibit A.

IT IS THEREFORE ORDERED that the Scheduling Order set out above and in Attachment A is adopted in this case.

This, the 11th day of June, 2024.

                                                           /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge

# EXHIBIT A
## Case Schedule

| Event | Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | May 31, 2024 |
| Deadline for Defendants to produce investigative file(s) Defendants produced and/or received in the FTC Action and for Defendants to identify custodians and search protocol used for investigation discovery | Defendants will produce Defendants' investigative files and identify custodians/search protocol by May 29, 2024; <br><br> Defendants will produce third party investigative files received from the FTC by June 7, 2024, subject to any protections sought by applicable third parties pursuant to Paragraph 13 of the protective order entered in the FTC Action. |
| Deadline for Parties to propound Requests for Production[1] | October 15, 2024 |
| Deadline for Parties to file joint status report in advance of October 24, 2024 conference[2] | October 22, 2024 |
| Discovery Status Conference | October 24, 2024 |

---

[1] The Parties shall use best efforts to serve comprehensive Requests for Production as early as practicable in the fact discovery period.

The Parties shall produce documents responsive to Requests for Production on a rolling basis.

This deadline shall not apply to non-party subpoenas under Fed. R. Civ. P. 45.

[2] By this date, the Parties shall endeavor to agree upon custodians and search or TAR protocols for any supplemental requests for documents. Any disputes should be identified in the Parties' joint status report for resolution at the October 24, 2024 conference.

Case 1:23-md-03062-TDS-JEP   Document 133   Filed 06/11/24   Page 6 of 7

| Event | Date |
|---|---|
| Deadline for Amendment of Pleadings | December 6, 2024 |
| Deadline for all Parties to substantially complete the production of data and documents | January 22, 2025 |
| Deadline for Parties to select a mediator and report selection to Court | January 22, 2025 |
| Deadline for all Parties to provide privilege logs | February 21, 2025 |
| Deadline for all Parties to notice fact depositions | For depositions of Defendants' witnesses, including former employees: February 21, 2025[3]<br><br>For depositions of all other witnesses: June 13, 2025 |
| Deadline for Defendant witnesses to be deposed | April 22, 2025 |
| Close of Fact Discovery | July 25, 2025 |
| Deadline for Mediations | July 25, 2025 |
| Deadline for the Parties to agree upon or else file competing proposals for a schedule for further proceedings | August 25, 2025 |

---

[3] Additional depositions of Defendants' witnesses can occur after February 21, 2025 by agreement of the parties or an order from the Court upon a showing of good cause.

7

Case 1:23-md-03062-TDS-JEP   Document 133   Filed 06/11/24   Page 7 of 7