IN RE CROP PROTECTION PRODUCTS
LOYALTY PROGRAM ANTITRUST
LITIGATION

This document relates to: ALL ACTIONS

Case No: 1:23-md-3062-TDS-JEP

**BRIEF IN SUPPORT OF MOTION
FOR ENTRY OF PROTECTIVE
ORDER**

Plaintiffs, by and through their undersigned attorneys, respectfully submit this brief

in support of their Motion for Entry of Protective Order. The parties have negotiated at

length over the terms of this Protective Order and have reached agreement on all but two

provisions. Plaintiffs therefore move for entry of the attached proposed Protective Order

containing all of the agreed provisions (which mirror those in the Interim Stipulated

Protective Order currently in place) and Plaintiffs' version of the two disputed provisions.

Plaintiffs have also provided a  version in redline identifying the disputed provisions for

the Court's convenience.

**Disputed Provision No. 1: Class Representatives' Access to Confidential and

Highly Confidential Materials.** Plaintiffs propose permitting named class representatives

to view discovery materials marked Confidential and Highly Confidential, where: (1) the

materials are contained in or attached to a court filing or draft of a court filing; (2)

disclosure is reasonably necessary for the named class representatives to carry out their

duties to the class pursuant to Fed. R. Civ. P. 23; and (3) the named class representatives

1

have executed the "Acknowledgement and Agreement to be Bound" Addendum to the court-ordered protective order. Should Plaintiffs' counsel wish to show the named class representatives any additional materials marked Confidential or Highly Confidential outside the context of a court filing, they will first meet and confer with counsel for the designating party. *See* Proposed Protective Order ¶¶ 6(c), 7(c).

Courts in similarly large and complex antitrust class actions regularly enter protective orders allowing the named class representatives to view Confidential and Highly Confidential materials. *E.g., Batton v. Nat'l Ass'n of Realtors*, No. 21-CV-430 (N.D. Ill.), ECF No. 161, at 12, 15 (attached hereto as Exhibit A); *Iowa Public Employees Ret. Sys. v. Bank of Am. Corp.*, No. 17-CV-6221 (S.D.N.Y.), ECF No. 150, ¶¶ 7.3(b), 7.4(b) (attached hereto as Exhibit B); *Dennis v. JPMorgan Chase & Co.*, No. 16-CV-6496 (S.D.N.Y.), ECF No. 365, ¶¶ 9(a), 10(a), 10(c) (attached hereto as Exhibit C); *Fund Liquidation Holdings LLC v. UBS AG*, No. 15-CV-5844 (S.D.N.Y.), ECF No. 599, ¶¶ 9(a), 10(b) (attached hereto as Exhibit D). The reason is obvious: Class representatives have a fiduciary responsibility to absent class members to monitor the case and class counsel on behalf of the class. *See, e.g.,* Fed. R. Civ. P. 23(a)(4) (class action may only be maintained where "the representative parties will fairly and adequately protect the interests of the class"); 7A Fed. Prac. & Proc. Civ. § 1766 ("If the representative displays…a lack of knowledge or understanding concerning what the suit is about, then the court may conclude that Federal Rule of Civil Procedure 23(a)(4) is not satisfied."); *In re Remicade Antitrust Litig.,* No. 17-CV-04326, 2023 WL 2530418, at *11 (E.D. Pa. Mar. 15, 2023) (named plaintiffs met adequacy requirements where they "participated in regular conference calls and Board

2

meetings with Class Counsel 'concerning the status and direction of the case, the investigation and filing of the complaints, discovery, class certification and summary-judgment related issues, and settlement' and 'actively participated in extensive discovery.'"). Barring the putative class representatives from reviewing highly confidential materials will force them to review only redacted versions of key filings and will prevent them from viewing key pieces of evidence in the case. This limitation would hamper the putative class representatives in carrying out their supervisory responsibilities. It will likely also impede class counsel's ability to meaningfully involve the putative class representatives in prosecution of this action, forcing them to censor their communications about the case. For the same reason, Defendants' proposal that Plaintiffs' counsel meet and confer with them each and every time they want to show the putative class representatives a filing containing highly confidential material is unworkable. It would prevent Plaintiffs' counsel from working with the putative class representatives in real time to prepare draft filings, and would put them at the mercy of Defendants' and their counsels' schedule— while also giving Defendants an unfair preview of Plaintiffs' drafting process.

No competing interest of Defendants' here overrides the putative class representatives' interest in viewing the complete court filings in their own case. Over the course of the parties' many meet and confers on this issue, Defendants failed to articulate any credible reason why allowing the putative class representatives limited access to highly confidential documents would harm their business interests. Plaintiffs here are farmers— end users of Defendants' products. They do not develop, manufacture, or sell *any* products that compete with Defendants. Even where opposing parties *are* competitors, the party

3

seeking to shield its documents from disclosure must "provide 'specific examples of articulated reasoning' that disclosure will work a 'clearly defined and very serious injury' to its business." *McEvoy v. Diversified Energy Co. PLC*, No. 5:22CV171, 2023 WL 6195075, at *3 (N.D.W. Va. May 2, 2023) (quoting *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) and *Harrisonville Telephone Co. v. Ill. Commerce Com'n*, 472 F.Supp.2d 1071, 1077 (S.D. Ill 2003)) (declining to enter protective order barring expert employed as "the COO of a direct competitor" from viewing "attorneys eyes' only" documents). Defendants here have come nowhere close to meeting that burden. The only explanation for Defendants' reluctance to permit the named Plaintiffs to view highly confidential materials is that Defendants fear that the named Plaintiffs might disclose the materials to their *actual* competitors. But Plaintiffs' proposal requires the putative Class Representatives to sign and abide by the "Acknowledgement and Agreement to be Bound" to the court-ordered protective order. This means that should a putative class representative somehow violate that order by reviewing a pleading and then discussing the materials contained therein to a competitor of Syngenta or Corteva, they would be subject to court sanction for doing so. In other words, Defendants are fully protected even under the sole, highly improbable scenario they identify.

In sum: Plaintiffs seek to permit the putative class representatives to view a limited set of documents (only those contained in or attached to court filings or drafts of same), to facilitate them adequately representing absent class members. They will be bound by the terms of the protective order to keep those materials confidential and use them only in the context of prosecuting this action. They have no business interests competitive with

4

Defendants' and no reason or ability to cause Defendants any type of competitive harm. The Court should enter the narrowly tailored protective order proposed by Plaintiffs here.

**Disputed Provision No. 2: Procedure for Challenging Privilege Clawback**

The parties have agreed that inadvertently produced privileged documents may be clawed back, as set forth in paragraph 14 of the Proposed Protective Order. Plaintiffs seek to incorporate a simple procedure for allowing the party receiving the clawed-back document to review it for the sole purpose of determining whether to challenge the privilege claim: "However, if the Receiving Party has already reviewed the information subject to this paragraph prior to being notified, the Receiving Party may designate two attorneys, who may review the document for the sole purpose of determining whether to challenge the privilege claim, but they may not quote or attach the information, or disclose the substance of the information, when making the challenge or otherwise use or discuss the information contained therein, except in a submission made to the Court in Chambers with a proposed order sealing the submission."

Like Plaintiffs' proposal with respect to named class representatives' access to highly confidential materials, this proposal has also been adopted in other large, complex antitrust class actions. Indeed, Judge Castel of the Southern District of New York not only approved the parties' draft protective order allowing for limited review of a clawed-back document for the sole purpose of challenging the privilege designation, but *sua sponte* added the provision for submitting the document to the Court in Chambers. *See In re Google Digital Advertising Antitrust Litigation*, No. 21-MD-3010 (S.D.N.Y.), ECF No. 297, at 15 (attached hereto as Exhibit E). This procedure provides ample protection for the

5

inadvertently producing party in the event the document in question is in fact privileged, while also protecting the receiving party against abuse of the clawback procedure. Further, this provision will only be triggered if, at the time of the clawback request, the Receiving Party has already reviewed the document. Once again, Defendants articulated no principled objection to this proposal during the meet and confer process beyond the vague assertion that they did not think it necessary.

Wherefore, the Plaintiffs pray this Court enter the proposed Protective Order.

This 14th day of July, 2024.

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7345
Facsimile (212) 849-7100
danbrockett@quinnemanuel.com
Steig D. Olson (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Phone (212) 849-7231
Fax (212) 849-7100
steigolson@quinnemanuel.com


Sami H. Rashid (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7237
Facsimile (212) 849-7100
samirashid@quinnemanuel.com

/s/ Jay J. Chaudhuri

Jay J. Chaudhuri
N.C. State Bar No. 27747
Cohen Milstein Sellers & Toll PLLC
50 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone (919) 890-0560
Facsimile (919) 890-0567
jchaudhuri@cohenmilstein.com
Michael B. Eisenkraft (*pro hac vice*)
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Telephone (212) 838-7797
Facsimile (212) 838-7745
meisenkraft@cohenmilstein.com


/s/ Christopher M. Burke

Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
KOREIN TILLERY PC
707 Broadway, Suite 1410
San Diego, CA 92101
Tel: (619) 625-5621

Jeremy Andersen (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.  (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com

*/s/ Vincent Briganti*
LOWEY DANNENBERG, PC
Vincent Briganti  (*pro hac vice*)
Christian Levis  (*pro hac vice*)
Margaret MacLean  (*pro hac vice*)
Roland R. St. Louis, III  (*pro hac vice*)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel.  (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com

*/s/ Lyn K. Broom*
Richard L. Pinto N.C. State Bar No. 9412
Kenneth Kyre, Jr. N.C. State Bar No. 7848
Lyn K. Broom N.C. State Bar No. 17674
PINTO COATES KYRE & BOWERS, PLLC
3203 Brassfield Road Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com

*Liaison Counsel*

cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

George Zelcs
Rosemarie Fiorillo
Randall P. Ewing, Jr.
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com

*Interim Class Counsel*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I hereby certify that the foregoing Memorandum totals fewer than 6,250 words, exclusive of the caption, signature lines, and certificate of service. According to the word count feature of the word processing software, the word count is 1883. I make this certification in compliance with M.D.N.C. LR 7.3(d)(1).

This the 14th day of July, 2024.

/s/ Lyn K. Broom
Lyn K. Broom N.C. State Bar No. 17674
PINTO COATES KYRE & BOWERS, PLLC
3203 Brassfield Road Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
lbroom@pckb-law.com
*Liaison Counsel*