# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE CROP PROTECTION
PRODUCTS LOYALTY PROGRAM
ANTITRUST LITIGATION

This document relates to: ALL
ACTIONS

Case No: 1:23-md-3062-TDS-JEP

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR <u>ENTRY OF A PROTECTIVE ORDER</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT .......................................................................... 1

BACKGROUND ................................................................................................. 4

ARGUMENT ...................................................................................................... 5

I.   Defendants' Framework for Disclosure of Protected Material
     Resolves Plaintiffs' Concerns While Maintaining Appropriate
     Confidentiality Protections for Defendants and Third Parties ............... 5

II.  Defendants' Proposed Clawback Procedures Are Standard,
     Consistent with Traditional Privilege Principles,
     and Appropriate For This Action ........................................................... 13

CONCLUSION ................................................................................................. 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A/R Roofing, L.L.C. v. CertainTeed Corp.,*
2005 WL 6794228 (D. Kan. Dec. 5, 2005) ..................................................... 6

*In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prods. Liability Litig.,*
2012 WL 2601880 (S.D.W. Va. July 5, 2012) ............................................. 14

*Deman Data Sys., LLC v. Schessel,*
2014 WL 204248 (M.D. Pa. Jan. 16, 2014) ................................................... 6

*In re Google RTB Consumer Priv. Litig.,*
2022 WL 1316586 (N.D. Cal. May 3, 2022) ............................. 13, 14, 15, 16

*Klein v. Facebook, Inc .,*
2021 U.S. Dist. LEXIS 111370 (N.D. Cal. June 14, 2021) ....................... 10

*McAirlaids, Inc. v. Kimberly-Clark Corp.,*
299 F.R.D. 498 (W.D. Va. 2014) ..................................................................... 6

*McEvoy v. Diversified Energy Co. PLC,*
2023 WL 6195075 (N.D.W. Va. May 2, 2023) ............................................. 8

*Natchitoches Par. Hosp. Serv. Dist. v. Tyco Int'l, Ltd.,*
247 F.R.D. 253 (D. Mass. 2008) ..................................................................... 9

*Parker Compound Bows, Inc. v. Hunters Manufacturing Co., Inc.,*
2014 WL 12462305 (W.D. Va. Dec. 8, 2014) ............................................. 12

*Progress Solar Sols., LLC v. Fire Prot., Inc.,*
2018 WL 11281543 (E.D.N.C. Sept. 24, 2018) ........................................... 5

*In re Relafen Antitrust Litig.,*
231 F.R.D. 52 (D. Mass. 2005) ....................................................................... 9

*In re Remicade Antitrust Litig.,*
2023 WL 2530418 (E.D. Pa. Mar. 15, 2023) ............................................. 10

*U.S. Equal Emp. Opportunity Comm'n v. George Washington Univ.,*
502 F. Supp. 3d 62 (D.D.C. 2020) ............................................................. 14

ii

## Statutes & Rules

Fed. R. Civ. P. 23 .......................................................................... 9

Fed. R. Civ. P. 26 ............................................................... 13, 14, 16

Fed. R. Evid. 502(d) ............................................................ 2, 15, 16

Local Rule 37.1(b) ...................................................................... 3, 7

## Other Authorities

Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1766 (4th ed.) .......................... 9

iii

Defendants Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta"), and Corteva, Inc. ("Corteva" and, together with Syngenta, "Defendants") respectfully submit this brief in opposition to Plaintiffs' Motion for Entry of Protective Order (Dkt. Nos. 137-38) and in support of Defendants' Cross-Motion for Entry of Protective Order, filed contemporaneously herewith.

## PRELIMINARY STATEMENT

Defendants oppose Plaintiffs' modifications to the interim protective order and propose an alternative that resolves Plaintiffs' stated concerns without undermining valid confidentiality interests, weakening privilege protections, or frustrating coordination among the Related Actions.[1]

Plaintiffs request that the twelve individual farmers named as class representatives be granted broad access to highly confidential discovery materials produced by Defendants and third parties. These individuals would thus receive a windfall of visibility into the most competitively sensitive information of competing farmers, retailers and distributors with whom Plaintiffs negotiate for supply of crop protection products, and

---

[1] The "Related Actions" include (1) *Federal Trade Commission et al. v. Syngenta Crop Protection AG et al.*, No. 1:22-CV-00828 (M.D.N.C.) (the "FTC Action"); (2) *Griffin v. Syngenta Crop Protection AG et al.*, No. 4:22-cv-01287-BSM (E.D. Ark.) (the "Arkansas Action," and together with the FTC Action, the "Government Actions"); and (3) this action (the "Action").

Defendants and other global innovators and manufacturers. Plaintiffs baldly claim that such access is required under the federal rules, but their claim is contradicted by countless protective orders in class actions—including those involving the same class counsel here—that provide an attorneys-eyes-only designation.

Plaintiffs also seek modifications that would allow counsel to review inadvertently produced privileged documents *after* receiving a clawback request. The approach again disregards producing parties' interests in protecting confidential—and, in this case, privileged—information from outsiders. Plaintiffs' proposal not only conflicts with the default clawback process under the Federal Rules of Civil Procedure, it also requires producing parties to conduct needlessly exacting privilege reviews in order to mitigate the risk of outsiders reviewing their privileged documents. This burden disproportionately affects Defendants and third parties, who will produce the lion's share of documents in this Action. Federal Rule of Evidence 502(d) was enacted to avoid precisely this burden, and Plaintiffs' proposal is inconsistent with the Parties' agreement to adopt the strongest possible privilege protections under that Rule.

Both changes would also frustrate efficient coordination among the Related Actions. By rejecting the attorneys-eyes-only designation already in place in those actions, and weakening the protections afforded in those

2

actions to inadvertently produced privileged material, Plaintiffs would inhibit the efficient sharing of discovery between cases.

Unsurprisingly, Defendants are not alone in their opposition. Counsel for Defendants have been informed by several third parties that they would object to producing documents to Plaintiffs—or to permitting their documents to be reproduced to Plaintiffs—should Plaintiffs' changes be implemented.

Defendants' cross-motion proposes a permanent protective order that is appropriate to the needs of this case, consistent with protections afforded in similar litigations, and aligned with the frameworks governing the parallel government actions, thus enabling efficient coordination. Defendants' proposal addresses Plaintiffs' class-duty concerns without prejudicing the interests of the parties or third parties. Plaintiffs' counsel retains the ability to share Confidential Information in filings, and their ability to share either additional Confidential Information, or Highly Confidential Information contained in filings, is conditioned on the consent of the producing party. This Court's streamlined Local Rule 37.1(b) procedure is assigned to resolve any disputes between Plaintiffs and a producing party, ensuring an efficient and speedy process. Because Plaintiffs have identified no valid basis for deviating from the standard clawback procedures currently in place in all three Related Actions, those procedures should remain unchanged.

Case 1:23-md-03062-TDS-JEP   Document 141   Filed 07/29/24   Page 7 of 23

For the reasons shown herein, Plaintiffs' Motion should be denied, Defendants' Cross-Motion should be granted, and Defendants' proposed permanent protective order should be entered.

## BACKGROUND

The Parties began negotiating a protective order to govern this Action several months ago. By May, it became clear that the Parties' disagreements would not be promptly resolved. Because the dispute threatened to delay Plaintiffs' ability to access the Defendants' and third parties' voluminous investigative productions to the FTC, Defendants proposed that the parties submit an interim protective order that did not have the disputed additions proposed by Plaintiffs.

At the May 23, 2024 hearing, the Court endorsed that approach (Dkt. No. 130 at 10:5-13:6), and the Parties moved for entry of an agreed interim protective order (Dkt. No. 126). The Court entered the agreed interim protective order (Dkt. No. 127) on May 24, 2024.[2]

The Parties engaged in further negotiation about the disputed topics following entry of the interim order. On June 21, counsel for Plaintiffs concluded that the Parties had reached an impasse, and on July 14 Plaintiffs filed their Motion (Dkt. Nos. 137-38).

_____

[2] Additional procedural history may be found in the Parties' Joint Consent Motion for Entry of Interim Stipulated Protective Order (Dkt. No. 126).

4

# ARGUMENT

## I. Defendants' Framework for Disclosure of Protected Material Resolves Plaintiffs' Concerns While Maintaining Appropriate Confidentiality Protections for Defendants and Third Parties

The Parties first disagree about the extent to which class representatives—twelve individual farmers alleged to have purchased Defendants' crop protection products (Dkt. No. 78, ¶¶ 18-28)—should have access to confidential information from Defendants and non-parties.

This Action (and the Government Actions) will involve discovery from numerous participants in the farming industry, including farmers, retailers and distributors of crop protection products, and manufacturers like Defendants. These parties and third parties will be asked to produce competitively sensitive documents and data, including financial data and forecasts, forward-looking business strategies, competitive analyses, and customer information. A protective order that reasonably shields this information from disclosure, other than to attorneys for the Parties and other necessary recipients, is essential to a smooth discovery process.

Attorneys-eyes-only designations are appropriate in cases involving highly sensitive discovery information. *See, e.g.*, *Progress Solar Sols., LLC v. Fire Prot., Inc.*, 2018 WL 11281543, at *2 (E.D.N.C. Sept. 24, 2018) ("The inclusion of provisions limiting production of certain information (including documents) to attorneys only is not uncommon in cases involving the

5

exchange of highly sensitive proprietary information."); *Deman Data Sys.,
LLC v. Schessel*, 2014 WL 204248, at *5 (M.D. Pa. Jan. 16, 2014) (finding an
"attorneys' eyes only" provision appropriate where the "requested information
is highly confidential"); *A/R Roofing, L.L.C. v. CertainTeed Corp.*, 2005 WL
6794228, at *3 (D. Kan. Dec. 5, 2005) (permitting attorneys-eyes-only
designation notwithstanding that the parties were "not manufacturing
competitors," because parties to the litigation were "certainly purchasers of
[defendant's products] and the disclosure of sensitive pricing information
arguably could place [defendant] at a disadvantage in the marketplace,
particularly in the context of future sales negotiations").  Moreover, because
confidential information "cannot later be removed from the thought process of
… competitive decision-makers as they manage the business operations,"
strict limitations on disclosure to such individuals—including class
representatives here—are imperative.  *See McAirlaids, Inc. v. Kimberly-Clark
Corp.*, 299 F.R.D. 498, 501 (W.D. Va. 2014).

Consistent with these considerations, and in accommodation of
Plaintiffs' insistence that they maintain an ability to share key documents
with class representatives, Defendants propose the following modifications to
the existing disclosure provisions:

- Confidential Information "contained in or attached to a court
  filing" remains available to class representatives where
  "disclosure is reasonably necessary for named class

6

representatives to carry out their duties to the class"; and should Plaintiffs' counsel wish to disclose additional Confidential Information, Defendants' proposal offers a streamlined process by which Plaintiffs and the designating party may confer in an effort to reach agreement on disclosure, with any disputes to be resolved through this District's expedited Local Rule 37.1(b) resolution procedures. Defs' Cross-Mot., Ex. 1 (Defs' Proposed Protective Order) ¶ 6(c).

- Highly Confidential – Outside Counsel Eyes Only Information— i.e., Confidential Information that, if disclosed, "is likely to cause significant competitive or commercial harm"—remains, by default, limited to outside counsel, but such information contained in or attached to a court filing may be disclosed to class representatives following conference between Plaintiffs and the designating party. *Id.* ¶ 7(c). If needed, the Local Rule 37.1(b) procedures would govern resolution of any disputes. *Id.*

Defendants' proposal plainly does not seek to "[b]ar[] the putative class representatives from reviewing highly confidential materials" (Dkt. No. 138, p. 3), as Plaintiffs wrongly claim. And Plaintiffs' complaint that conferring with the designating party before sharing their Highly Confidential – Outside Counsel Eyes Only Information is "unworkable" (*id.*) disregards producing parties' professional responsibility to confer promptly and in good faith, and ignores the efficiency of the LR 37.1(b) procedures. It also reflects a misunderstanding of the extent to which class representatives are required to deeply engage in competitively sensitive discovery materials, as discussed below (*infra* pp. 9-11).

Plaintiffs' claim that "[n]o competing interest of Defendants' [sic] here overrides the putative class representatives' interest in viewing the complete

7

court filings in their own case" (*id.*) misses the point. First, Defendants' interests are not the only interests here—third party discovery (likely including discovery from Plaintiffs' direct competitors and local retailers) will be extensive. Second, as shown above, Defendants' proposal does not preclude class representatives from viewing the complete filings in this case. In any event, Defendants ***do*** have a compelling interest in both the smooth coordination of discovery and protection from disclosure of their most commercially sensitive information to end-users of their products.[3]

Unlike Defendants' proposal, Plaintiffs' changes seek to dramatically reduce confidentiality protections for Defendants and non-parties alike by permitting the individual class representatives to view ***any*** information that is "contained in or attached to a court filing or draft of a court filing." Dkt. No. 137-1, ¶¶ 6(c), 7(c). The ability to share "***draft[s]*** of a court filing" renders the scope of this disclosure privilege essentially unbounded, because the universe of documents that Plaintiffs' counsel ***might consider*** for

---

[3] *McEvoy v. Diversified Energy Co. PLC* is inapposite here for at least two reasons. 2023 WL 6195075 (N.D.W. Va. May 2, 2023) (cited at Dkt. No. 138, p. 4). First, *McEvoy* addressed whether confidential information necessary for expert analysis could be shared with plaintiff's expert (whose employer was defendant's competitor). *Id.* at *1. Here, there is no dispute about disclosure of discovery materials to any party's experts. Second, an objection to disclosure of specific identified materials is different from here, where the parties are seeking an appropriate protective order to govern all discovery in the Action, including discovery that has not yet occurred.

8

inclusion in a filing is unlimited. This also means that producing entities will not know which of their confidential documents have been shared with the class representatives.[4]

Plaintiffs' justification for this proposal is that "[c]lass representatives have a fiduciary responsibility to absent class members to monitor the case and class counsel on behalf of the class." Dkt. No. 138, p. 2. Yet Plaintiffs do not cite any case holding that class representatives' duties require them to review extensive, highly confidential materials obtained in discovery.

To the contrary, "a class representative in an antitrust action only needs a 'working knowledge' of the action." *Natchitoches Par. Hosp. Serv. Dist. v. Tyco Int'l, Ltd.*, 247 F.R.D. 253, 265 (D. Mass. 2008) (citation omitted)*; see also, e.g.*, *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 69 (D. Mass. 2005) ("In complex actions such as this one, named plaintiffs are not required to have expert knowledge of all details of the case, ... and a great deal of reliance on the expertise of counsel is to be expected.") (citation omitted); *accord* Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1766 (4th ed.)

---

[4] Given Plaintiffs' expansive view of class representatives' duties, as reflected in their proposed modifications and accompanying Motion, the limitation that documents may only be disclosed where "disclosure is reasonably necessary for named class representatives to carry out their duties to the class pursuant to F.R.C.P. 23" does little, if anything, to mitigate the risks presented by Plaintiffs' proposal. Dkt. No. 137-1, ¶¶ 6(c), 7(c).

9

("[K]nowledge of all the intricacies of the litigation is not required and several courts have found that general knowledge of what is involved is sufficient."). It is sufficient for Plaintiffs' counsel to "rely on their knowledge and examination of any Protected Materials in rendering legal advice" without disclosing the contents of those materials to their clients. *Klein v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 111370, at *18-19 (N.D. Cal. June 14, 2021) (rejecting "propos[al] that [Plaintiffs'] counsel be permitted to share 'high level summaries or characterizations' of [Defendant's] 'highly confidential material' with the class representatives").

Plaintiffs cite to *In re Remicade Antitrust Litig.*, 2023 WL 2530418 (E.D. Pa. Mar. 15, 2023), (Dkt. No. 138, p. 2), which disproves their argument. The *Remicade* class representatives satisfied their duties merely by "participat[ing] in regular conference calls and Board meetings with Class Counsel." 2023 WL 2530418, at *11. Indeed, the protective orders in that litigation *limited disclosure in exactly the way Plaintiffs here claim the federal rules preclude*. *See In re Remicade Antitrust Litig.*, 17-cv-04326 (E.D. Pa.), ECF No. 88, pp. 7, 13 (permitting disclosure of highly confidential information *only to limited in-house counsel* for the parties); ECF No. 103, p. 3 (further limiting disclosure of highly confidential information from certain non-parties *only to outside counsel* for the parties).

10

Plaintiffs' claim that class representatives require access to highly confidential materials is further belied by countless class actions that have preserved a true attorneys-eyes-only designation for highly confidential information. *See, e.g.*, *In re Surescripts Antitrust Litig.*, No. 1:19-cv-06627 (N.D. Ill.), ECF No. 68, pp. 8-9 (attached hereto as Exhibit A); *In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD (N.D. Cal.), ECF No. 278, pp. 14-15 (attached hereto as Exhibit B). Notably, **class counsel in this Action** have previously agreed to the exact disclosure limitations they now claim to be inconsistent with class duties. *See, e.g.*, *In re Interest Rate Swaps Antitrust Litig.,* 1:16-md-02704-PAE (S.D.N.Y.), ECF No. 300, p. 15 (attached hereto as Exhibit C); *De Coster et al. v. Amazon.com, Inc.*, No. 2:21-cv-00693-RSM (W.D. Wa.), ECF No. 67, p. 6 (attached hereto as Exhibit D).

Plaintiffs rely on four agreed-upon protective orders in other class actions as supposed support for their Motion. Mot. 2. But that access has been ***agreed to*** by different parties in other contexts does not mean access is required or warranted in this Action (which, as shown above, it is not).

Plaintiffs argue that the threat of sanctions against the class representatives leaves "Defendants … fully protected" (Dkt. No. 138, p. 4).[5]

---

[5] Plaintiffs again ignore the impact of their proposal on the dozens of ***third parties*** that will produce confidential information in this Action.

But "even the most rigorous efforts of the recipient of [confidential business] information to preserve confidentiality … may not prevent inadvertent compromise … [as i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Parker Compound Bows, Inc. v. Hunters Manufacturing Co., Inc.*, 2014 WL 12462305, at *3 (W.D. Va. Dec. 8, 2014). And should Defendants' most competitively sensitive information be leaked, there is a high likelihood of substantial and irreparable harm, which no sanctions could sufficiently address.

Finally, Plaintiffs' proposal would frustrate efficient coordination between this Action and the two parallel Government Actions. If the attorneys-eyes-only designation available in those actions[6] is not equally available here, parties and non-parties in the Government Actions will have valid reason to object to the reproduction of their materials in this Action.[7] Plaintiffs' proposal thus would erect barriers to seamless inter-action

---

[6] *See* Arkansas Action, ECF No. 91, ¶ 9 (attached hereto as Exhibit E); FTC Action, ECF No. 202, ¶ 7 (attached hereto as Exhibit F).

[7] Defendants' counsel has already heard from several third parties that have produced investigative materials to the FTC and/or have produced materials in discovery in the FTC Action that they will object to reproduction of those materials in the MDL Action should a protective order be entered that allows the access to confidential materials that Plaintiffs' propose.

12

productions, and thereby undermine the Coordination Order entered in the two Related Actions in this District (*see* Dkt. No. 136, pp. 4-6).

Plaintiffs' proposal to allow named class representatives effectively unlimited access to the confidential materials produced by Parties and third parties should be rejected. Instead, Defendants' proposal that aligns with the confidentiality protections in the FTC Action, while still affording class representatives the ability to review confidential materials in appropriate circumstances, should be entered.

## II. Defendants' Proposed Clawback Procedures Are Standard, Consistent with Traditional Privilege Principles, and Appropriate For This Action

The Parties next disagree on Plaintiffs' request to modify the clawback procedures in the interim protective order for inadvertently produced privileged documents. Plaintiffs' proposal to permit "two attorneys … [to] review the document for the sole purpose of determining whether to challenge the privilege claim" (Dkt. No. 137-1, ¶ 14) should be rejected for several reasons.

*First*, Plaintiffs' proposal is "inconsistent … with the text and operation of Rule 26(b)(5)." *In re Google RTB Consumer Priv. Litig.*, 2022 WL 1316586, at *3 (N.D. Cal. May 3, 2022) (rejecting a proposal to permit examination of clawed-back documents). Under Rule 26, if a receiving party is notified of an inadvertent production, it "must promptly return, sequester, or destroy the

13

specified information and any copies it has [and] must not use or disclose the information until the claim is resolved[.]" Fed. R. Civ. P. 26(b)(5)(B). "[T]he receiving party is ***not*** entitled to examine the putatively privileged document as part of a challenge to the privilege claim[.]" *Google*, 2022 WL 1316586, at *3 (emphasis in original).

Rule 26(b)(5)(B) prohibits this examination because "[t]he attorney-client privilege is rooted in the imperative need for confidence and trust," and "it is a common sense observation that if an adverse party is provided access to privileged material—as would often be the case under [Plaintiffs' proposal]—then a pertinent aspect of confidentiality will be lost." *U.S. Equal Emp. Opportunity Comm'n v. George Washington Univ.*, 502 F. Supp. 3d 62, 74 (D.D.C. 2020) (internal quotations and alterations omitted).[8]

---

[8] Because Rule 26 prohibits any review following receipt of a clawback notice, it is immaterial that Plaintiffs' proposal would apply only to documents that have already been reviewed. Indeed, "[t]he purpose of a clawback provision is to place the parties in the positions they would have been in, but for the inadvertent or mistaken production of a document subject to a claim of privilege." *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prods. Liability Litig.*, 2012 WL 2601880, at *8 (S.D.W. Va. July 5, 2012). Protective orders from this Court operate similarly, requiring a receiving party to "immediately refrain from examining the materials" and prohibiting any "further disclos[ure] or use [of] such items for any purpose until any further order of this Court." *See Harwani v. Moses H. Cone Mem'l Hosp. Operating Corp.*, No. 1:21-cv-00522-WO-JEP, Dkt. No. 62, ¶ 14 (Oct. 25, 2023) (attached hereto as Exhibit G).

14

*Second*, the proposed intrusion on attorney-client confidences is antithetical to the purpose of Federal Rule of Evidence 502(d).  Rule 502(d) "is designed to enable a court to enter an order … that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews[.]"  *See* Fed. R. Evid. 502, Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence, Subdivision (d)—Court Orders.  Thus, if "producing parties would likely choose to undertake an exhaustive pre-production review to identify and exclude privileged documents from discovery" because of the provision at issue, that provision fails to "achieve the objectives Congress envisioned."  *See Google*, 2022 WL 1316586, at *3.  The Parties agree that the protective order in this Action should "provide the maximum protection allowed by Federal Rule of Evidence 502(d)."  Dkt. No. 137-1, ¶ 14.

As Plaintiffs informed the Court, "about a million pages [were produced] in the preceding investigation," and "[t]hey expect about another million" to be produced in the litigation.  Dkt. No. 130 at 74:8-10.  Yet, Plaintiffs seek to impose on the Defendants and third parties producing these vast quantities of documents the risk that inadvertently produced, privileged, and highly sensitive attorney-client communications will be subject to review by counsel for receiving parties.  To mitigate this risk, producing parties

15

would need to conduct the exact "exhaustive pre-production privilege reviews" that the Parties have otherwise sought to avoid through Rule 502(d).

Plaintiffs rely on a single stipulated protective order from another court in another matter (Dkt. No. 138, pp. 5-6), but parties having "agreed to a provision in a 502(d) order in another case has no bearing on the resolution of this dispute." *Google*, 2022 WL 1316586, at *2. Plaintiffs tout that the court "*sua sponte* added [a] provision" to the procedures (Dkt. No. 138, p. 5), but the court's handwritten edit merely established the same *in camera* review procedure that otherwise exists under Rule 26. *Compare* Dkt. No. 138-5, p. 16 *with* Fed. R. Civ. P. 26(b)(5)(B) (the receiving party "may promptly present the information to the court under seal for a determination of the claim.").

*Finally*, just like Plaintiffs' first disputed proposal, Plaintiffs' clawback process will undermine coordination among the Related Actions. The protective orders in both other actions have standard clawback procedures. Ex. E, ¶ 20; Ex. F, ¶ 17. If Plaintiffs' modifications are implemented, the protective order in this Action would thus differ materially, introducing unnecessary difficulties to inter-action exchange of materials. Moreover, as relevant to the Related Actions in this District, Plaintiffs' proposal fails to "promote the efficient litigation of the actions and minimize the burden and expense of duplicative discovery across cases" as the Coordination Order intends. Dkt. No. 136, p. 1. Needless burden is particularly undesirable in

16

the case of third parties. *Cf.* Dkt. No. 130 at 99:6-7 ("On subpoenas, I will just ask, to the extent you can, to try to work together to avoid burdens on third parties.").

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs' motion should be denied and Defendants' cross-motion should be granted.

Date: July 29, 2024

| | |
|---|---|
| */s/ Patrick M. Kane* | */s/ Mark E. Anderson* |

Patrick M. Kane
N.C. Bar No. 36861
pkane@foxrothschild.com
FOX ROTHSCHILD LLP
230 N. Elm Street, Suite 1200
PO Box 21927 (27420)
Greensboro, NC  27401
Telephone:  336.378.5200
Facsimile:  336.378.5400

James I. McClammy*
james.mcclammy@davispolk.com
Benjamin Miller *
benjamin.miller@davispolk.com
Daniel J. Thomson*
daniel.thomson@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4292
Facsimile: (212) 701-5292

* Specially appearing under L.R.
83.1(d)

*Attorneys for Defendants Syngenta
Crop Protection AG, Syngenta
Corporation, and Syngenta Crop
Protection, LLC*

Mark E. Anderson
N.C. Bar No. 15764
manderson@mcguirewoods.com
MCGUIREWOODS LLP
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone:  919.755.6600
Facsimile:  919.755.6699

David R. Marriot**
dmarriott@cravath.com
Margaret T. Segall**
msegall@cravath.com
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

** Specially appearing under L.R.
83.1(d)

*Attorneys for Defendant Corteva, Inc.*

18

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing document contains [3,710] words,

excluding those portions exempted by Local Rule 7.3(d).

<u>*/s/ Patrick M. Kane*</u>
Patrick M. Kane