IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

# NOTICE OF JOINDER OF NON-PARTY WILBUR-ELLIS COMPANY LLC IN THE REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

**A.    Joinder Request of Non-Party Wilbur-Ellis Company LLC**

Non-party Wilbur-Ellis Company LLC ("Wilbur-Ellis") joins in the Reply Brief in Further Support of Defendants' Cross-Motion for Entry of a Protective Order (ECF No. 151; hereafter, "Defendants' Reply"). For the reasons stated therein, the Court should **not** enter the Protective Order requested by the MDL Plaintiffs. Instead, the Court should either (1) enter the same Protective Order as the Stipulated Protective Order in the Government Action (ECF No. 202 in the Government Action; hereafter the "Government Action SPO"); or, in the alternative (2) enter the Stipulated Interim Protective in the MDL Action, as non-substantively modified by Defendants to cover the documents being produced in the Government Action (ECF No. 140-2 (Defendants' redline of the Interim Stipulated Protective Order, which, by its original terms, applies only to documents produced before the FTC filed the Government Action)).

**B.    The Court Should Not Adopt the Protective Order Proposed by the MDL Plaintiffs.**

In addition to the reasons stated in its initial Joinder, Wilbur-Ellis now joins in the reasons stated in Defendants' Reply as grounds for the Court **not** to enter the Protective

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION<br><br>This document relates to: ALL ACTIONS | Case No. 1:23-md-3062-TDS-JEP |

# NOTICE OF JOINDER OF NON-PARTY WILBUR-ELLIS COMPANY LLC IN THE REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER

**A.    Joinder Request of Non-Party Wilbur-Ellis Company LLC**

Non-party Wilbur-Ellis Company LLC ("Wilbur-Ellis") joins in the Reply Brief in Further Support of Defendants' Cross-Motion for Entry of a Protective Order (ECF No. 151; hereafter, "Defendants' Reply"). For the reasons stated therein, the Court should **not** enter the Protective Order requested by the MDL Plaintiffs. Instead, the Court should either (1) enter the same Protective Order as the Stipulated Protective Order in the Government Action (ECF No. 202 in the Government Action; hereafter the "Government Action SPO"); or, in the alternative (2) enter the Stipulated Interim Protective in the MDL Action, as non-substantively modified by Defendants to cover the documents being produced in the Government Action (ECF No. 140-2 (Defendants' redline of the Interim Stipulated Protective Order, which, by its original terms, applies only to documents produced before the FTC filed the Government Action)).

**B.    The Court Should Not Adopt the Protective Order Proposed by the MDL Plaintiffs.**

In addition to the reasons stated in its initial Joinder, Wilbur-Ellis now joins in the reasons stated in Defendants' Reply as grounds for the Court **not** to enter the Protective

1

Order proposed by the MDL Plaintiffs. The Protective Order proposed by the MDL Plaintiffs is fatally flawed with respect to its treatment of documents designated as "Highly Confidential – Outside Counsel Eyes Only" and the clawback of inadvertently-produced privileged documents. (*See* ECF No. 151.)

      C.     **The Court Should Adopt the Government Action SPO.**

Instead of adopting the Protective Order proposed by the MDL Plaintiffs, the Court should adopt the Government Action SPO. In opposition, Plaintiffs argued that the Defendants themselves were not seeking entry of the Government Action SPO as the protective order for this case, but that is a red herring. In their Reply, Defendants made clear that they had no objection to having the Government Action SPO become the protective order for this case as well. (ECF No. 151 at 2 n.3.) As an alternative, Wilbur-Ellis does not object if the Court enters as the protective order a version of the Interim Stipulated Protective Order in this case, modified non-substantively to cover documents being produced in this case and in the Government Action. A redlined version of the Interim Stipulated Protective that accomplishes this is ECF 140-2. That document is substantively the same as the Government Action SPO on the key issues of documents designated as "Highly Confidential – Outside Counsel Eyes Only" and the clawback of inadvertently produced privileged documents. Defendants have expressly stated that they do not object to having that document become the protective order in this case either. (ECF No. 151 at 2 n.3.)

[Signatures on next page]

2

Dated this 21st day of August, 2024.

                Respectfully submitted,

                */s/ Derek A. Sutton*
                Derek A. Sutton
                K&L Gates LLP
                N.C. State Bar No. 58864
                derek.sutton@klgates.com
                301 Hillsborough St., Suite 1200
                Raleigh, NC  27603-0003
                Ph:   (919) 743-7322
                Fax: (919) 516-2122

                */s/ Philip S. Van Der Weele*
                Philip Van Der Weele*
                K&L Gates LLP
                phil.vanderweele@klgates.com
                One SW Columbia Street
                Suite 1900
                Portland, OR 97204
                (503) 226-5727

                *Specially appearing under L.R. 83.1(d)

                Attorneys for non-party Wilbur Ellis Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2024, I served the foregoing document on all parties and counsel of record via the CM/ECF system.

DATED: August 21, 2024.                    By: *Philip S. Van Der Weele*
                                                             Philip S. Van Der Weele

4

Case 1:23-md-03062-TDS-JEP    Document 153    Filed 08/21/24    Page 4 of 4