# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | No. 1:22-cv-828-TDS-JEP |

|  |  |
|---|---|
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION | No. 1:23-md-3062-TDS-JEP |

## STIPULATED ORDER GOVERNING
## THE TAKING OF DEPOSITIONS

The Parties to *FTC v. Syngenta Crop Protection AG*, No. 1:22-cv-00828-TDS-JEP

(M.D.N.C.) (the "Government Action"), *In re Crop Protection Prods. Loyalty Program*

*Antitrust Litig.*, No. 1:23-md-03062-TDS-JEP (M.D.N.C.) (the "MDL"), and *Griffin v.*

*Syngenta Crop Protection AG*, No. 4:22-cv-1287-BSM (the "Arkansas Action"), through their respective counsel, stipulate and agree as follows:

## I. SCOPE

1. This Stipulated Order Governing the Taking of Depositions (the "Deposition Protocol") shall govern, upon entry by the Court, the taking of all fact Depositions (including Depositions of Fed. R. Civ. P. 30(b)(6) Witnesses) in the Actions as a supplement to the existing applicable Orders in the Actions, including but not limited to: Government Action Docs. 195 (Scheduling Order), 201 (Stipulated ESI Order), 202 (Stipulated Protective Order), 222 (Coordination Order); MDL Docs. 129 (ESI Order), 133 (Scheduling Order), 136 (Coordination Order); Arkansas Docs. 80 (Final Scheduling Order), 85 (Stipulated ESI Order) and 91 (Protective Order).

2. This Deposition Protocol does not modify the governing rules applicable to Depositions imposed by the aforementioned orders, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of North Carolina, the Local Rules of the United States District Court for the Eastern District of Arkansas, or the Federal Rules of Evidence except as expressly modified herein.

## II. DEFINITIONS

4. "Actions" shall mean the Government Action, the MDL, and the Arkansas Action.

5. "Arkansas Action" shall mean *State of Arkansas ex rel. Griffin v.*

2

*Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-1287-BSM (E.D. Ark.).

6.　　"Arkansas" shall mean the state of Arkansas acting by and through its Attorney General.

7.　　"Attending Counsel" shall mean legal counsel for a Party or for the Witness who is not Deposing Counsel or Defending Counsel, but who is attending a Deposition.

8.　　"Defendant" shall mean Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC (collectively, "Syngenta") and Corteva, Inc. ("Corteva").

9.　　"Defending Counsel" shall mean any attorney defending the Witness at the Deposition.  In the event a Non-Party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

10.　　"Deposing Counsel" shall mean the legal counsel of a Party or Parties noticing and taking a Deposition.  For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a Deposition but is afforded reasonable time to ask follow-up questions of the Witness.

11.　　"Deposition" shall mean any In-Person Deposition or Remote Deposition by oral examination noticed in any of the Actions pursuant to Federal Rule of Civil Procedure 27, 30, or 45.

12.　　"Government Action" shall mean *Federal Trade Commission, et al. v. Syngenta Crop Protection AG, et al.*, Civil Action No. 22-cv-828-TDS-JEP (M.D.N.C.).

13.     "Government Plaintiffs" shall mean the Federal Trade Commission and the states of California, Colorado, Illinois, Indiana, Iowa, Minnesota, Nebraska, Oregon, Tennessee, Texas, Washington, and Wisconsin, acting by and through their respective Attorneys General.

14.     "In-Person Deposition" shall mean a deposition so noticed and attended in person by at least one Deposing Counsel of a Noticing Party.

15.     "MDL" shall mean *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP (M.D.N.C.), including all consolidated member cases (both current and any that may be transferred and consolidated in the future).

16.     "MDL Plaintiffs" shall mean the plaintiffs named in any consolidated or member case in the MDL, including in any consolidated complaint that is or will be filed in the MDL.

17.     "Noticing Party" shall mean a Party noticing a Deposition.

18.     "Non-Party Witness" shall mean a Witness other than a Party Witness from whom a Party seeks testimony by Deposition.

19.     "Party" or "Parties" shall refer to the Government Plaintiffs, MDL Plaintiffs, Arkansas, and Defendants.

20.     "Party Witness" shall mean a Witness employed or retained by a Party or a Party's counsel, or a former employee of a Party represented by such Party's counsel, from whom another Party seeks testimony by Deposition.

21.     "Plaintiff" shall mean Arkansas, any Government Plaintiff, or any

4

MDL Plaintiff.

22.     "Platform" shall mean any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Deposition Protocol.

23.     "Remote Deposition" shall mean a deposition so noticed and attended remotely by the Deposing Counsel of a Noticing Party.  Pursuant to Federal Rules of Civil Procedure 29(a) and 30(b)(4), Remote Depositions shall be permitted in this case and a Noticing Party may notice an In-Person Deposition or a Remote Deposition.

24.     "Witness" shall mean a person whose Deposition is noticed in an Action or who is designated to appear to give testimony in an Action pursuant to Federal Rule of Civil Procedure 30(b)(6).

### III.     DEPOSITION PROTOCOL

25.     The Parties shall indicate in each notice or cross-notice of Deposition whether they intend to take an In-Person Deposition or a Remote Deposition. Noticing Parties shall provide that every Deposition, whether noticed as an In-Person Deposition or Remote Deposition, will provide reasonable accommodations, including providing use of a Platform, to enable the participation of any Attending Counsel or Deposing Counsel who elect to participate remotely.

26.     Each Party that intends to participate in a Deposition (that the Party is eligible to attend), whether as Deposing Counsel or Attending Counsel, must indicate how they plan to participate in the Deposition within ten (10) days of

receiving the first notice for each Witness, either by specification in a timely cross-notice of the Deposition, or by indicating in writing that they plan to attend and whether such attendance will be remote or in-person. For the avoidance of doubt, Attending Counsel who have not cross-noticed a Remote Deposition may only attend in-person with the express permission of the Party or Third Party being deposed.

27.     The location of any In-Person Deposition will be determined by the first Noticing Party to notice an In-Person Deposition of that Witness unless the Witness reasonably requests a different location within seven (7) days of the notice. Absent good cause, In-Person Depositions shall take place at a location convenient for the Witness, such as the location where the Witness resides, is located at the time of the deposition, is employed, or regularly transacts business in person. For Party Witnesses, In-Person Depositions shall take place at the offices of counsel in New York, NY, Washington, DC, Greensboro, North Carolina, or Charlotte, North Carolina, or any alternate location agreed to by the Parties.

28.     Any Deposing Counsel appearing at an In-Person Deposition remotely will be limited to the questioning time provided for in the Coordination Order entered in these Actions, regardless of any technical difficulties experienced during time on the record, provided that the provisions under Paragraph 25, and the provisions under Sections IV and V *infra* are fulfilled. If significant technical difficulties arise, the Parties agree to go off the record and will follow the process set forth in Paragraph 38.

6

29.     If a Party Deposition is noticed as a Remote Deposition and the Witness intends for their attorney or any person other than the court reporter, videographer, and/or audio recorder to be physically present in the room during deposition testimony, that must be disclosed to Deposing Counsel at least ten (10) calendar days prior to the deposition. Deposing Counsel then has the option of attending the deposition in-person, provided that Deposing Counsel provides notice to the Witness and all Attending Counsel within three (3) calendar days of the Witness's disclosure.

30.     The Parties will endeavor to agree on one or more court reporter services for all Depositions in the Actions. Counsel agree to discuss and coordinate with respect to exhibit numbering, and will make best efforts to use the previously marked exhibit number in subsequent depositions.

## IV.     REMOTE TECHNOLOGY PLATFORM

31.     For any Deposition with attorneys participating remotely, the first Noticing Party shall employ and make available a Platform that allows for the court reporter to accurately record the Witness, Deposing Counsel, Defending Counsel, Attending Counsel, and any exhibits that are introduced. The Platform shall also enable all attorneys participating remotely to see any exhibits that are introduced, and to hear and see the Witness, Deposing Counsel, and Defending Counsel.

32.     Any selected Platform must (a) be web based and not require the installation of any applications for use and (b) limit access to the Platform only to those participants agreed upon by the Parties.

33.    The Platform shall be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded.

34.    The first Noticing Party shall be responsible for arranging for the Deposition with the Platform vendor and ensuring that email invitations to attend the Deposition remotely are sent to any persons attending remotely (including, as applicable, the Witness, Deposing Counsel, Defending Counsel, and Attending Counsel). Deposing Counsel, Defending Counsel, and all Attending Counsel shall provide their respective email addresses and all email addresses of attendees from their Party, including the email address of the Witness or the Witness's Counsel, and all other appropriate persons intending to attend the Deposition remotely no later than four (4) days before the Deposition.

35.    Upon the request by any Party, Witness, or Defending Counsel, a Noticing Party whose Platform is to be used to conduct the particular Deposition shall arrange for the Witness and all participating attorneys to have the ability to participate in a test run of the Platform.

36.    At least two (2) business days prior to each Deposition with attorneys participating remotely, the first Noticing Party shall provide, or shall cause the Platform(s) to provide, to all persons attending remotely all details necessary to gain access to each Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements. In order to facilitate reliable use of the Platforms, each participating Party, Witness, or counsel shall be

responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment necessary to conduct the Deposition in accordance with the provisions of this Stipulation. The Parties shall work collaboratively and in good faith with the Platform(s) to assess each Witness's technological capabilities and to troubleshoot any issues in advance of the Deposition so any adjustments can be made, including conducting training sessions separately for a participating Party, Witness, or counsel.

37.    While Deposing Counsel, the Witness, and Defending Counsel all must be visible via video on the Platform while the Deposition is being conducted, any video recording shall be conducted with the camera focused on the Witness, not Deposing Counsel or Defending Counsel, or any of the other attendees.

38.    The Parties agree to work collaboratively to address, troubleshoot, and make such provisions as are reasonable under the circumstances to resolve any technical issues that arise during the Deposition. Any Party may elect to have a technical specialist attend a Deposition to ensure that technical issues are resolved in a timely manner. If technical difficulties arise and persist during the taking of a Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Deposition impracticable, counsel for the Parties and the Witness shall resume the Deposition at the earliest, mutually practicable opportunity. Any Party or a Non-Party Witness may seek a protective order governing whether, or the terms under

9

which, the Deposition may resume.

## V. DEPOSITION EXHIBITS

39. For any Deposition with attorneys participating remotely, Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use can be introduced and shown via the Platform to the Witness, Defending Counsel, the court reporter, and all Attending Counsel in a manner that enables each to review the exhibits in their entirety during the course of the Deposition, pursuant to Federal Rule of Civil Procedure 30(f)(2). The Noticing Party responsible for facilitating the Platform shall be responsible for ensuring that all exhibits or unused documents are deleted and completely removed from the Platform at the conclusion of the Deposition. If Deposing Counsel pre-loads exhibits to the Platform in advance of questioning, the Witness and Defending Counsel may not review the exhibits until the exhibits are introduced on the record.

40. Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

## VI. IN-PERSON DEPOSITION EXHIBITS

41. With respect to any hard-copy exhibit used in an In-Person Deposition, unless otherwise agreed by the Parties planning to attend at the Deposition location, the Party offering an exhibit during examination shall make reasonable efforts to make available six (6) hard copies of each exhibit, unless a request is made for an additional, reasonable number.

10

42. To facilitate the provision of exhibits, each Party should notify the Noticing Attorneys of the anticipated number of attendees, and also whether any such attendee intends to appear remotely via Remote Platform technology at least four (4) business days before the Deposition. When offering any Bates-numbered exhibit, Deposing Counsel shall provide the Bates number of each exhibit to any Attending Counsel remotely attending the In-Person Deposition.

43. After the Deposition is concluded, the Noticing Parties will ensure that any remaining copies of hard copy exhibits are removed from the room and handled consistent with the Protective Order.

## VII.  DEPOSITION EXPENSES

44. The Noticing Parties shall be responsible for retaining and bearing the cost of court reporting and Platform vendors for a given Deposition.

45. Where the Noticing Parties for a Deposition include both Plaintiffs and Defendants, the Party that Noticed the Deposition first shall arrange for the court reporting service and Platform vendor (as necessary) for the deposition.  Unless otherwise agreed, Noticing Party Plaintiffs, collectively, shall bear fifty (50) percent of the costs, and Noticing Party Defendants, collectively, shall bear (50) percent of the costs, of the agreed vendors.  Where there are multiple Noticing Party Plaintiffs, each Plaintiff shall equally split Plaintiffs' collective costs, unless agreed otherwise. Where there are multiple Noticing Party Defendants, each Defendant shall equally split Defendants' collective costs, unless agreed otherwise.

46. The Deposition may be recorded by audiovisual means at the election

of any Party, at such Party's expense. Each Party shall bear its own costs for copies of transcripts and copies of video recordings of any Deposition.

## VIII. COMPLIANCE WITH THE FEDERAL RULES

47. As used in Federal Rule of Civil Procedure 28(a)(1)(A), the "place of examination" for a Remote Deposition shall be the location of the Witness.

48. A Remote Deposition shall be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as the court reporter attends the Deposition via the same Platform used to connect all other remote participants, and so long as all participants (including the court reporter) can clearly hear and be heard by all other participants.

49. Notwithstanding any other rule to the contrary, a Witness's oath or affirmation administered remotely by the court reporter shall be as effective as if administered in person.

## IX. MISCELLANEOUS PROVISIONS

50. At the beginning of any Deposition requiring a Platform, every person logged onto the Platform and participating in the Deposition must be identified for the record. Any person joining the Deposition after its beginning and participating in the Deposition must be identified for the record at the next break.

51. All persons participating in a Remote Deposition, or participating remotely in an In-Person Deposition, shall ensure that they are connected by audio and video at all times. Participants shall mute audio connection when appropriate. Unless otherwise agreed, Defending Counsel, the Witness, and any other persons

12

present in the same room as the Witness shall be and remain connected to the Platform with an active video connection, with the camera turned on, continuously, except during breaks. The Parties will use best efforts to ensure that Defending Counsel and the Witness each have their own standalone video connection, such as an individual laptop or camera [1] All other participants in a separate room from the Witness shall mute their connection and have their video camera off to reduce connectivity issues. Participants who have been muted shall retain the ability to unmute themselves during times when they desire to speak on the record.

52.    If privileged information is disclosed inadvertently during a Deposition because of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

53.    During any Deposition requiring a Remote Technology Platform, the Witness may not communicate with any person, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. As referenced in Paragraph 28, all private chat features provided in a Platform must be disabled. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record; such conversations can occur via breakout rooms provided by the Platform or via other means, provided that such breaks or recesses

---

[1] Other than Defending Counsel and the Witness, participants subject to the requirements in this Paragraph do not require a standalone connection to the Platform; rather, a video feed that includes two or more participants may suffice.

and any such conversations taking place during them comply with applicable federal and local rules and procedures. Notwithstanding the requirements of this Paragraph, a Witness may consult privately with Defending Counsel for the purpose of determining whether a privilege should be asserted so long as the Witness or Defending Counsel states on the record that such consultation is occurring. The Parties shall not oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the Deposition. For the avoidance of doubt, and in keeping with normal Deposition practice, Deposing Counsel, Defending Counsel, and Attending Counsel may engage in private communications or discussion amongst themselves during a Deposition, using any appropriate means (such as email, texting, etc.).

54.     The Witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during a Deposition, without the express consent of counsel for all Parties. During the Deposition, the Witness shall not consult any outside sources of information, including but not limited to, cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony.

55.     Based on their experience under this Deposition Protocol and the needs of an individual Witness, (a) the Parties, or the Parties and any Non-Party Witness,

may stipulate to modifications of this Deposition Protocol applicable to an individual Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Deposition Protocol applicable to all Depositions.

56.    Noticing Parties shall serve a copy of this Deposition Protocol with any subpoena for a Deposition.

57.    All typical rules of professionalism and etiquette shall apply to all Depositions. All persons remotely attending Depositions who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending Depositions remotely shall ensure that they can do so in a space that is free from distractions that would interfere with the Deposition.

**STIPULATED AND AGREED TO BY:**

| */s/ James I. McClammy* | */s/ David R. Marriott* |
|---|---|
| James I. McClammy | David R. Marriott |
| James.mcclammy@davispolk.com | dmarriott@cravath.com |
| DAVIS POLK & WARDWELL LLP | CRAVATH, SWAINE & MOORE LLP |
| 450 Lexington Avenue | 825 Eighth Avenue |
| New York, NY 10017 | New York, NY 10019 |
| Telephone: (212) 450-4292 | Telephone:  (212) 474-1000 |
| Facsimile: (212) 701-5292 | Facsimile:  (212) 474-3700 |
| | |
| *Counsel for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC* | *Counsel for Defendant Corteva, Inc.* |

*/s/ Allyson M. Maltas*
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition

600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon
NICOLE S. GORDON
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94610
Telephone: (415) 510-4400
Email: nicole.gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Aric J. Smith
ARIC J. SMITH
Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Aric.Smith@coag.gov
        Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Christi Foust
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9923
Email: christi.foust@atg.in.gov
        jesse.moore@atg.in.gov
        scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE

16

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of
Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
        jason.pleggenkuhle@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Attorney-in-Charge
Antitrust, False Claims, & Privacy Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 798-3297
Email: tim.smith@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568

/s/ William Shieber
AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation
WILLIAM SHIEBER
PAIGE ETHERINGTON
Assistant Attorneys General
Office of the Attorney General of Texas
300 West 15th Street

17

Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-13111
Email: maddencm@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

/s/ Daniel L. Brockett
Daniel L. Brockett (pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7345
Facsimile (212) 849-7100
danbrockett@quinnemanuel.com
*Interim Class Counsel*

Jeremy Andersen (pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel. (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com
*Interim Class Counsel*

Aj Aiqiao Wood (pro hac vice)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel. (202) 583-8100
ajaiqiaowood@quinnemanuel.com
*Interim Class Counsel*

/s/ Vincent Briganti
**LOWEY DANNENBERG, PC**
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Margaret MacLean (pro hac vice)
Roland R. St. Louis, III (pro hac vice)
Nicole A. Veno (pro hac vice)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com

/s/ Jay J. Chaudhuri
Jay J. Chaudhuri
N.C. State Bar No. 27747
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
50 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone (919) 890-0560
Facsimile (919) 890-0567
jchaudhuri@cohenmilstein.com
*Interim Class Counsel*

Michael B. Eisenkraft (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone (212) 838-7797
Facsimile (212) 838-7745
meisenkraft@cohenmilstein.com
*Interim Class Counsel*

Nina Jaffe-Geffner (pro hac vice)
Zachary Glubiak (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
1100 New York Avenue, Suite 500, NW
Washington D.C. 20005
Tel: (202) 408-4600
njaffegeffner@cohenmilstein.com
zglubiak@cohenmilstein.com
*Interim Class Counsel*

mmaclean@lowey.com
rstlouis@lowey.com
nveno@lowey.com
*Interim Class Counsel*

/s/ Lyn K. Broom
Richard L. Pinto N.C. State Bar No.
9412
Kenneth Kyre, Jr. N.C. State Bar No.
7848
Lyn K. Broom N.C. State Bar No. 17674
**PINTO COATES KYRE &
BOWERS, PLLC**
3202 Brassfield Road
Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com
*Liaison Counsel*

*/s/ Carol O'Keefe*
Carol O'Keefe (pro hac vice)
Rosemarie Fiorillo (pro hac vice)
Ian Moody (pro hac vice)
**KOREIN TILLERY LLC**
505 N 7th St #3600,
St. Louis, MO 63101
Tel: (314) 241-4844
cokeefe@koreintillery.com
rfiorillo@koreintillery.com
imoody@koreintillery.com
*Interim Class Counsel*

George Zelcs (pro hac vice)
Rosemarie Fiorillo (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Chad E. Bell (pro hac vice)
Labeat Rrahmani (pro hac vice)
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com
cbell@koreintillery.com
lrrahmani@koreintillery.com
*Interim Class Counsel*

20

**TIM GRIFFIN**
**Attorney General**

AMANDA WENTZ, ABN 2021066
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR  72201
Telephone:  (501) 682-1178
(501) 682-8118 (fax)
amanda.wentz@arkansasag.gov

TIM GRIFFIN, ABN 95110
323 Center Street, Suite 200
Little Rock, AR  72201
Telephone:  (501) 682-2007
(501) 683-2520 (fax)
Tim.Griffin@ArkansasAG.gov

Brittany Edwards, ABN 2016235
Senior Assistant Attorney General
Telephone:  (501) 682-8114
(501) 682-8118 (fax)
Brittany.Edwards@ArkansasAG.gov

REDDICK LAW, PLLC
BRIAN REDDICK, ABN 94057
HEATHER ZACHARY, ABN 2004216
One Information Way, Suite 105
Little Rock, AR  72202
Telephone:  (501) 943-1456
(501) 907-7793 (fax)
brian@reddicklawfirm.com
hzachary@reddicklawfirm.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
STUART A. DAVIDSON*
Florida Bar No. 84824

By:  *s/ Stuart A. Davidson*
STUART A. DAVIDSON

DOROTHY P. ANTULLIS*
Florida Bar No. 890421
LINDSEY H. TAYLOR*
Florida Bar No. 1027908
ALEXANDER C. COHEN*
Florida Bar No. 1002715
ANNY M. MARTIN*
Florida Bar No. 1000491
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com
amartin@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ARTHUR L. SHINGLER III*
California Bar No. 181719
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
(619) 231-7423 (fax)
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
JACOB G. GELMAN*
California Bar No. 344819
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  (415) 288-4545
(415) 288-4534 (fax)
jgelman@rgrdlaw.com

THE LANIER LAW FIRM, P.C.
W. MARK LANIER*
Texas Bar No. 11934600
ALEX J. BROWN*
Texas Bar No. 24026964
ZEKE DeROSE III*
Texas Bar No. 24057421
SARA E. ABSTON*
Texas Bar No. 24131972
10940 West Sam Houston Parkway
North
Suite 100
Houston, TX  77064
Telephone:  (713) 659-5200
(713) 659-2204 (fax)
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com
zeke.derose@lanierlawfirm.com
sara.abston@lanierlawfirm.com

THE LANIER LAW FIRM
K. RACHEL LANIER*
California Bar No. 343171
2829 Townsgate Road, Suite 100
Westlake Village, CA  91361
Telephone:  (310) 277-5100
rachel.lanier@lanierlawfirm.com

*Attorneys for Plaintiff State of Arkansas*

* Admitted *Pro Hac Vice*

**IT IS SO ORDERED.**

This, the 13th day of March, 2025.

Joi Elizabeth Peake
United States Magistrate Judge