# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN,<br><br>                Plaintiffs,<br><br>      - against -<br><br>SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC.,<br><br>                Defendants. | No. 1:22-cv-828-TDS-JEP |
| IN RE CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION, | No. 1:23-md-3062-TDS-JEP |

**STIPULATED DISCOVERY COORDINATION ORDER**

WHEREAS on July 5, 2024, the Court in the above-captioned cases entered a Discovery Coordination Order (No. 1:22-cv-828, Dkt. 222; No. 1:23-md-3062, Dkt. 136) (the "July 5 Coordination Order") directing the Parties to coordinate discovery in order to promote the efficient litigation of the related actions and minimize the burden and expense of duplicative discovery across cases; and

WHEREAS the Parties now seek to expand the discovery coordination principles established by the July 5 Coordination Order to accommodate coordination amongst the above-captioned cases and the related action pending in the United States District Court for the Eastern District of Arkansas, *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287-BSM (E.D. Ark.); and

WHEREAS this proposed Order is intended to supplement the July 5 Coordination Order;

THE COURT THEREFORE ORDERS AS FOLLOWS:[1]

1. For purposes of this Order:
    (a) "Arkansas Action" means *State of Arkansas v. Syngenta Crop Protection AG, et al.*, No. 4:22-cv-1287-BSM (E.D. Ark.).
    (b) "Contact Attorneys" refers to the email distribution lists identified on Schedule A.
    (c) "Defendants" refers collectively to Corteva, Inc. and its subsidiary Corteva Agriscience LLC ("Corteva"); and Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC ("Syngenta").
    (d) "Government Action" refers to *FTC, et al. v. Syngenta Crop Protection AG, et al.*, No. 1:22-cv-00828-TDS-JEP (M.D.N.C.).
    (e) "Government Plaintiffs" refers collectively to all plaintiffs in the Government Action.
    (f) "MDL Action" refers to *In re Crop Protection Products Loyalty Program Antitrust Litigation*, Civil Action No. 23-md-3062-TDS-JEP, including all consolidated member cases (both current and any that may be transferred and consolidated in the future).
    (g) "Non-Party" refers to a person or entity not a Party to any of the Related Actions.
    (h) "Non-Party Witness" means any witness not employed by a Party and not formerly employed by a Defendant.
    (i) "Parties" refers collectively to the parties to any Related Action.
    (j) "Plaintiffs" refers collectively to plaintiffs in any Related Action.
    (k) "Related Actions" means the Arkansas Action, the MDL Action, and the Government Action.

---

[1] This Order does not apply to the deposition(s) of any Party's testifying expert witnesses.

(l) "Noticing Party" means a Party issuing a deposition notice, cross-notice, or subpoena or seeking a request for international judicial assistance in obtaining testimony.

2. Counsel for all Parties shall be bound by this Order.

## JURISDICTION

3. The Parties agree that the Middle District of North Carolina will have sole jurisdiction over any dispute under this stipulated Order, including but not limited to those relating to deposition time or allocation of deposition hours.

## COORDINATION OF DEPOSITIONS

A Noticing Party shall, within one (1) calendar day of issuing the deposition notice, subpoena, or request, and not less than fourteen (14) calendar days before the date of the deposition, provide notice to all other Parties. Other Parties shall be entitled to join or cross-notice the first Noticing Party's notice, subpoena, or request for a deposition of a particular witness by providing notice to all Parties within ten (10) calendar days of receiving notice from the initial Noticing Party for that witness.

4. No witness deposed in any Related Action shall be deposed a second time in any Related Action, absent agreement by the witness or an order from the applicable court upon a showing of good cause.

5. A Party in any of the Related Actions may use deposition testimony taken in the other Related Actions to the extent allowed under the applicable Federal Rules of Civil Procedure or Federal Rules of Evidence.

6. All transcripts, exhibits, and (if applicable) recordings of depositions taken in one Related Action shall be made available for purchase from the relevant court reporting service to all Parties.

7. A Party may not subpoena or cross-notice a deposition noticed in a Related Action, and thus may not treat such deposition as having been obtained from discovery in that Party's pending case, where doing so would result in exceeding that Party's applicable discovery limits, including as established in the operative scheduling orders in the Government Action (Scheduling Order, FTC, et al. v. Syngenta Crop Protection AG, et al., No. 1:22-cv-00828-TDS-JEP (M.D.N.C.), ECF No. 195) and MDL Action (Scheduling Order, In re Crop Protection Products Loyalty Program Antitrust Litigation, No. 1:23-md-3062-TDS-JEP (M.D.N.C.), ECF No. 133).

## COORDINATION OF PARTY DEPOSITIONS

8. Prior to any Plaintiff scheduling a deposition of any Defendant or current or former employee of any Defendant (a "Defendant Witness"), such Plaintiff shall notify and discuss scheduling with all other Plaintiffs with the goal of proceeding with depositions on a mutually agreeable schedule.

9. Any deposition of a Defendant Witness that is noticed or cross-noticed by Plaintiffs in two Related Actions shall be limited to eleven (11) hours of questioning time over two (2) consecutive business days. Any deposition of a Defendant Witness that is noticed or cross-noticed by Plaintiffs in all Related Actions shall be limited to fourteen (14) hours of questioning time over two (2) consecutive business days.

10. For any deposition of a Defendant Witness that is noticed by more than one Related Action Plaintiff, the noticing Plaintiffs shall endeavor to avoid duplicative questioning and limit the overall length of the deposition.[2]

11. For any deposition of a Defendant Witness that is noticed by Plaintiffs in more than one Related Action, the noticing Plaintiffs may agree to split questioning time and may yield any time to another Plaintiff at any time during their examination. In the event that noticing Plaintiffs are unable to agree as to the allocation of questioning time among the noticing Plaintiffs, the Government Plaintiffs shall receive seven (7) hours and each other noticing Plaintiff shall thereafter receive three (3) hours; unless the Government Plaintiffs have not noticed the deposition, in which case questioning time will be split evenly between the plaintiffs in the MDL and Arkansas Actions.

12. For any deposition of a Defendant Witness, one (1) hour of the total allotted deposition time shall be reserved for questioning by deponent's counsel.

## COORDINATION OF NON-PARTY DEPOSITIONS

13. The Parties shall endeavor to ensure that depositions of Non-Party Witnesses proceed on a mutually agreeable schedule for all Parties.

14. For any deposition of a Non-Party Witness that is noticed or cross-noticed in two of the three Related Actions, the Parties agree they will not oppose an extension of the time limit of that deposition for up to eleven (11) hours of questioning time. For any deposition of a Non-Party Witness that is noticed or cross-noticed in all Related Actions, the Parties agree they will not oppose an extension of the time limit of that deposition for up to fourteen (14) hours of questioning time.

15. For any deposition of a Non-Party Witness, the Noticing Parties shall agree on an intended overall length for such deposition and inform the Non-Party Witness of any extension of time sought beyond the time limits provided for by the applicable Federal Rules of Civil Procedure. Parties shall arrive at such agreement and inform the Non-Party Witness, as applicable, in advance of such deposition. Should the Non-Party Witness object to the extension sought, and the Non-Party Witness and the Noticing Parties fail to reach an alternative agreement on a time limit for the deposition, the Non-Party Witness may seek a protective order in an appropriate court (which may include this Court). For

---

[2] For the avoidance of doubt, this provision does not represent or provide a separate or independent basis for an objection or witness instruction beyond those provided for in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or, to the extent applicable in a Related Action, the Middle District of North Carolina Local Rules or the Eastern District of Arkansas Local Rules.

4

the avoidance of doubt, this provision does not prevent a Party from seeking, in the course of a deposition or at the conclusion of an agreed-upon time limit, additional time beyond what may have been agreed to for good cause shown.

16. If a deposition of a Non-Party Witness is noticed or cross-noticed by at least one Defendant and at least one Plaintiff, Defendants collectively are entitled to fifty percent (50%) of the questioning time, and Plaintiffs collectively are entitled to fifty percent (50%) of the questioning time.

17. In any deposition noticed or cross-noticed by Plaintiffs in two or more Related Actions, the noticing Plaintiffs may agree to split questioning time and may yield time to another noticing Plaintiff at any time during their examination. In the event that noticing Plaintiffs are unable to agree to an allocation of questioning time, each noticing Plaintiff is entitled to an equal portion of noticing Plaintiffs' total questioning time.

18. In any deposition noticed or cross-noticed by both Syngenta and Corteva, Defendants may agree to split the Defendants' allocated questioning time and may yield any time to one another at any time during their examination. In the event that Defendants are unable to agree to the allocation of questioning time, each will be entitled to an equal portion of Defendants' total questioning time.

19. For any deposition of a Non-Party Witness that is noticed in more than one Related Action, the Noticing Parties shall endeavor to limit the overall length of the deposition.

20. For any deposition of a Non-Party Witness, any non-noticing side shall be entitled to one (1) hour of questioning time taken from the total allotted time of the deposition. The non-noticing side may continue questioning for a reasonable time beyond the one (1) hour allotted if (a) there is more than one hour remaining of the overall agreed-upon length of the deposition or, if there is not more than one hour remaining, (b) the Non-Party agrees to the additional questioning time. Additional questioning time allocated to the non-noticing side shall not exceed two (2) hours absent authorization from the Court for good cause shown.

21. Where one or more Defendants have issued a deposition notice captioned in less than all Related Actions, any amendment to expand the caption to include other Related Actions must be made within 14 days after the applicable Defendant's initial deposition notice. Amendments to notices issued prior to the date of this Order, shall be due within 14 days of entry of this Order. Upon receipt of an amended Defendant notice, impacted Plaintiffs shall have the opportunity to withdraw any previously served Plaintiff cross-notices.

## COORDINATION OF DOCUMENT, DATA, AND WRITTEN DISCOVERY

22. Syngenta shall re-produce to all Parties (i) any production of Syngenta documents or data, and (ii) any written discovery responses by Syngenta in response to a request by any Plaintiff. Corteva shall re-produce to all Parties (i) any production to any Plaintiff of Corteva documents or data, and (ii) any written discovery responses by Corteva in response to a request by any Plaintiff.

5

23. Each Plaintiff shall re-produce to all Parties (i) any production of the applicable Plaintiff's documents or data, and (ii) any written discovery responses made by the applicable Plaintiff in response to a request by any Defendant.

24. Each Party shall promptly notify the Contact Attorneys for all other Parties of any subpoenas issued in any Related Action by that Party to any Non-Party. In the event of any productions made by that Non-Party in response to that Party's subpoena, that Party shall re-produce such production to all other Parties.[3] Prior to making such re-production, the Non-Party shall be given ten (10) days' notice of its opportunity to object to such re-production. During the ten-day period, no re-production shall be made unless the Non-Party expressly agrees in writing (which may be by email) to the re-production. In the event that the Non-Party objects to re-production in writing prior to the expiration of the ten-day period, no re-production shall be made until the objection is resolved (by agreement or court order) or withdrawn. If the Non-Party does not object in writing by the end of the ten-day period, the applicable Party shall promptly reproduce the Non-Party production to all other Parties.

25. Counsel in each Related Action shall not seek to circumvent or expand upon the discovery limits applicable in each Related Action by collaborating on any written discovery requests with counsel in the other Related Actions.

---

[3] Where a Non-Party production is made in response to more than one Party's subpoena, the reproduction obligation described in this paragraph shall lie with the Party that issued the first such subpoena.

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| */s/ James I. McClammy* | */s/ David R. Marriott* |

James I. McClammy    David R. Marriott
James.mcclammy@davispolk.com    dmarriott@cravath.com
DAVIS POLK & WARDWELL LLP    CRAVATH, SWAINE & MOORE LLP
450 Lexington Avenue    825 Eighth Avenue
New York, NY 10017    New York, NY 10019
Telephone: (212) 450-4292    Telephone: (212) 474-1000
Facsimile: (212) 701-5292    Facsimile: (212) 474-3700

*Counsel for Defendants Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Crop Protection, LLC*

*Counsel for Defendant Corteva, Inc.*

*/s/ Allyson M. Maltas*
ALLYSON M. MALTAS
Senior Trial Counsel
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

/s/ Nicole S. Gordon    /s/ Aric J. Smith
NICOLE S. GORDON    ARIC J. SMITH
Deputy Attorney General    Assistant Attorney General
Office of the California Attorney General    Colorado Department of Law
455 Golden Gate Avenue, Suite 11000    Office of the Attorney General
San Francisco, CA 94610    Ralph L. Carr Judicial Center
Telephone: (415) 510-4400    1300 Broadway, 7th Floor
Email: nicole.gordon@doj.ca.gov    Denver, CO 80203
    Telephone: (720) 508-6000
*Attorney for Plaintiff State of California*    Email: Aric.Smith@coag.gov
            Conor.May@coag.gov

*Attorneys for Plaintiff State of Colorado*

/s/ Paul J. Harper
PAUL J. HARPER
Assistant Attorney General, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3000
Email: paul.harper@ilag.gov

*Attorney for Plaintiff State of Illinois*

/s/ Noah Goerlitz
NOAH GOERLITZ
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 725-1018
Email: noah.goerlitz@ag.iowa.gov

*Attorney for Plaintiff State of Iowa*

/s/ Justin McCully
JUSTIN MCCULLY
Office of the Attorney General of Nebraska
2115 State Capitol Building
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: Justin.McCully@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

/s/ Christi Foust
CHRISTI FOUST
JESSE MOORE
Deputy Attorneys General
SCOTT BARNHART
Chief Counsel and Director of Consumer Protection
Office of the Indiana Attorney General
Indiana Government Center South – 5th Fl.
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-9923
Email: christi.foust@atg.in.gov
　　　jesse.moore@atg.in.gov
　　　scott.barnhart@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

/s/ Katherine Moerke
KATHERINE MOERKE
JASON PLEGGENKUHLE
ELIZABETH ODETTE
Assistant Attorneys General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Telephone: (651) 296-3353
Email: katherine.moerke@ag.state.mn.us
　　　jason.pleggenkuhle@ag.state.mn.us
　　　elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Hamilton Millwee
HAMILTON MILLWEE
Assistant Attorney General
Office of the Attorney General of
Tennessee
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*

/s/ Luminita Nodit
LUMINITA NODIT
Assistant Attorney General,
Antitrust Division
Washington State Office
of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Telephone: (206) 254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State
of Washington*

/s/ Timothy D. Smith
TIMOTHY D. SMITH
Attorney-in-Charge
Antitrust, False Claims, & Privacy
Section
Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Telephone: (503) 798-3297
Email: tim.smith@doj.oregon.gov

*Attorney for Plaintiff State of Oregon*

/s/ William Shieber
AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation
WILLIAM SHIEBER
PAIGE ETHERINGTON
Assistant Attorneys General
Office of the Attorney General of Texas
300 West 15th Street
Austin, TX 78701
Telephone: (512) 936-1674
Email: William.Shieber@oag.texas.gov

*Attorneys for Plaintiff State of Texas*

/s/ Caitlin M. Madden
CAITLIN M. MADDEN
LAURA E. MCFARLANE
Assistant Attorneys General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-13111
Email: maddencm@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

9

Case 1:23-md-03062-TDS-JEP   Document 229   Filed 03/13/25   Page 9 of 15

*/s/ Daniel L. Brockett*
Daniel L. Brockett (pro hac vice)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. (212) 849-7345
Facsimile (212) 849-7100
danbrockett@quinnemanuel.com
*Interim Class Counsel*

Jeremy Andersen (pro hac vice)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel. (213) 443-3685
Facsimile (213) 443-3100
jeremyandersen@quinnemanuel.com
*Interim Class Counsel*

Aj Aiqiao Wood (pro hac vice)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel. (202) 583-8100
ajaiqiaowood@quinnemanuel.com
*Interim Class Counsel*

*/s/ Jay J. Chaudhuri*
Jay J. Chaudhuri
N.C. State Bar No. 27747
**COHEN MILSTEIN SELLERS & TOLL PLLC**
50 Fayetteville St., Suite 980
Raleigh, NC 27601
Telephone (919) 890-0560
Facsimile (919) 890-0567
jchaudhuri@cohenmilstein.com
*Interim Class Counsel*

Michael B. Eisenkraft (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, New York 10005
Telephone (212) 838-7797
Facsimile (212) 838-7745
meisenkraft@cohenmilstein.com
*Interim Class Counsel*

Nina Jaffe-Geffner (pro hac vice)
Zachary Glubiak (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, Suite 500, NW
Washington D.C. 20005
Tel: (202) 408-4600
njaffegeffner@cohenmilstein.com
zglubiak@cohenmilstein.com
*Interim Class Counsel*

/s/ Vincent Briganti
**LOWEY DANNENBERG, PC**
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Margaret MacLean (pro hac vice)
Roland R. St. Louis, III (pro hac vice)
Nicole A. Veno (pro hac vice)
44 South Broadway, Suite 1100
White Plains, New York 10601
Tel. (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
mmaclean@lowey.com
rstlouis@lowey.com
nveno@lowey.com
*Interim Class Counsel*

/s/ Lyn K. Broom
Richard L. Pinto N.C. State Bar No. 9412
Kenneth Kyre, Jr. N.C. State Bar No. 7848
Lyn K. Broom N.C. State Bar No. 17674
**PINTO COATES KYRE & BOWERS, PLLC**
3202 Brassfield Road
Greensboro, NC 27410
Tel: (336) 282-8848
Facsimile: (336) 282-8409
rpinto@pckb-law.com
kkyre@pckb-law.com
lbroom@pckb-law.com
*Liaison Counsel*

*/s/ Carol O'Keefe*
Carol O'Keefe (pro hac vice)
Rosemarie Fiorillo (pro hac vice)
Ian Moody (pro hac vice)
**KOREIN TILLERY LLC**
505 N 7th St #3600,
St. Louis, MO 63101
Tel: (314) 241-4844
cokeefe@koreintillery.com
rfiorillo@koreintillery.com
imoody@koreintillery.com
*Interim Class Counsel*

George Zelcs (pro hac vice)
Rosemarie Fiorillo (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Chad E. Bell (pro hac vice)
Labeat Rrahmani (pro hac vice)
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
gzelcs@koreintillery.com
rfiorillo@koreintillery.com
rewing@koreintillery.com
cbell@koreintillery.com
lrrahmani@koreintillery.com
*Interim Class Counsel*

11

**TIM GRIFFIN**
**Attorney General**

AMANDA WENTZ, ABN 2021066
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-1178
(501) 682-8118 (fax)
amanda.wentz@arkansasag.gov

TIM GRIFFIN, ABN 95110
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-2007
(501) 683-2520 (fax)
Tim.Griffin@ArkansasAG.gov

Brittany Edwards, ABN 2016235
Senior Assistant Attorney General
Telephone: (501) 682-8114
(501) 682-8118 (fax)
Brittany.Edwards@ArkansasAG.gov

REDDICK LAW, PLLC
BRIAN REDDICK, ABN 94057
HEATHER ZACHARY, ABN 2004216
One Information Way, Suite 105
Little Rock, AR 72202
Telephone: (501) 943-1456
(501) 907-7793 (fax)
brian@reddicklawfirm.com
hzachary@reddicklawfirm.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
STUART A. DAVIDSON*
Florida Bar No. 84824

By: *s/ Stuart A. Davidson*
STUART A. DAVIDSON

DOROTHY P. ANTULLIS*
Florida Bar No. 890421
LINDSEY H. TAYLOR*
Florida Bar No. 1027908
ALEXANDER C. COHEN*
Florida Bar No. 1002715
ANNY M. MARTIN*
Florida Bar No. 1000491
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  (561) 750-3000
(561) 750-3364 (fax)
sdavidson@rgrdlaw.com
dantullis@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com
amartin@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR L. SHINGLER III*
California Bar No. 181719
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
(619) 231-7423 (fax)
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACOB G. GELMAN*
California Bar No. 344819
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  (415) 288-4545
(415) 288-4534 (fax)
jgelman@rgrdlaw.com

13

THE LANIER LAW FIRM, P.C.
W. MARK LANIER*
Texas Bar No. 11934600
ALEX J. BROWN*
Texas Bar No. 24026964
ZEKE DeROSE III*
Texas Bar No. 24057421
SARA E. ABSTON*
Texas Bar No. 24131972
10940 West Sam Houston Parkway North
Suite 100
Houston, TX  77064
Telephone:  (713) 659-5200
(713) 659-2204 (fax)
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com
zeke.derose@lanierlawfirm.com
sara.abston@lanierlawfirm.com

THE LANIER LAW FIRM
K. RACHEL LANIER*
California Bar No. 343171
2829 Townsgate Road, Suite 100
Westlake Village, CA  91361
Telephone:  (310) 277-5100
rachel.lanier@lanierlawfirm.com

*Attorneys for Plaintiff State of Arkansas*

* Admitted *Pro Hac Vice*

**IT IS SO ORDERED.**

This, the 13th day of March, 2025.

_____
Joi Elizabeth Peake
United States Magistrate Judge