**Attachment B**

<u>Alternative Sealing Procedure</u>

1.      **Applicability.**  These procedures apply in lieu of the Default Procedures for Motions to Seal provided by LR 5.4(c) and supersede all other LR 5.5 proposals and orders previously entered in this action.

2.      **Confidential Information.**  For purposes of this alternative proposal, "Confidential Information" means any information designated as confidential or highly confidential by a party or non-party.

3.      **Filing of Motion-Related Documents Under Seal.**  For any motion that contains or is likely to contain Confidential Information in its briefing or exhibits, the following procedure applies:

    a.  The moving party shall initially file only the motion on the public docket.  If the motion itself unavoidably contains Confidential Information, the moving party shall file a complete unredacted copy of the motion under seal and immediately thereafter file a redacted version of the motion on the public docket.

    b.  The parties shall not file any briefing or any exhibits in support on the motion until after briefing is complete.  Instead, on the day the motion is filed, the moving party shall serve all briefing by electronic means on all parties entitled to service.  Contemporaneously with service, the moving party shall file a certificate of service on the public docket.  All other parties shall follow the same process on the dates their briefing is due:

electronically serving their briefing on all parties entitled to service and contemporaneously filing certificates of service on the public docket. Opening briefs must be served and certificates of service filed on the date the motion is filed. Response and reply briefs must be served and certificates of service filed on the dates those briefs are otherwise due. Effecting electronic service and filing of the above-referenced certificate of service shall constitute timely compliance with the applicable motion or briefing deadline

c. Beginning no later than 14 days after briefing on the motion is complete, the parties shall cooperate to do the following:

   i. File on the public docket a complete chronological set of all briefing (including opening briefs, response briefs, and reply briefs) with Confidential Information redacted. If redacting the Confidential Information from a document would render that document of no value to the public, a slipsheet may be filed in lieu of the redacted document.

   ii. File under seal a complete chronological set of all briefing (including opening briefs, response briefs, and reply briefs). In this sealed set, all Confidential Information that was redacted in the publicly filed version shall be highlighted. For any document for which only a slipsheet was filed on the public docket, each page shall include a notation indicating that the document is filed

entirely under seal in lieu of highlighting the entire document.

iii. Filings shall be organized by party and by motion. For motions for which there otherwise would be simultaneous filings by multiple parties, the parties will ensure that each brief and accompanying materials in the chronological filing sequence is docketed together, by party and by brief, and not interspersed with other filings by another party.  For each motion by each party, the public version shall be filed immediately before the corresponding sealed version, and the parties shall coordinate to ensure that public and sealed versions have consecutive docket numbers, and that attachment numbers align.  By way of example, the docket will have in sequence (without other filings interspersed) (1) the public versions of Corteva's motion for summary judgment, brief in support with exhibits, response in opposition with exhibits, reply in support with exhibits; and then (2) the sealed versions of Corteva's motion for summary judgment, brief in support with exhibits, response in opposition with exhibits, reply in support with exhibits; and then (3) the public versions of Syngenta's motion for summary judgment, brief in support with exhibits, response in opposition with exhibits, reply in support with exhibits; and so on until all motions due to be filed on a single day are complete.

iv. File a joint motion to seal by the end of the next business day after completion of the filings described in 3.c.i-iii.

v. Within three days of the filing of the joint motion to seal, the parties shall cause one full set of the sealed briefing, in bound, highlighted and tabbed form, to be delivered to chambers, pursuant to the Court's published Judicial Preferences.

4.    **Notice to Non-Parties**.  When a party uses any Confidential Information of a non-party in briefing, the party utilizing that Confidential Information shall promptly notify the non-party who produced the Confidential Information that such Confidential Information has been used and will be filed in this case consistent with this alternative sealing procedure ("Notice of Use of Confidential Information").  The date Confidential Information is "used" in briefing is the date that briefing or exhibits containing that Confidential Information is served on another party.

a. Each Notice of Use of Confidential Information to the non-party must contain a specific description of the non-party's Confidential Information that has been used in the briefing.  For deposition testimony designated as Confidential Information by the non-party, the Notice shall include specific page and line designations from the deposition transcript.  For documents produced by the non-party in the litigation, the Notice shall include the Bates numbers of the documents at issue.

b. The party using the non-party's Confidential Information shall provide Notice of Use of Confidential Information after each round of briefing

in which that party has used such Confidential Information.  When a non-party's Confidential Information has been used in reply briefing, such Notice must be provided no later than two (2) business days after the reply briefing has been served.

c. Non-parties who receive notice under this alternative sealing procedure shall have seven (7) days after briefing on the motion is complete to inform the notifying party whether they consent to having their Confidential Information filed on the public docket.  If the non-party does not provide consent to public filing of their Confidential Information within seven (7) days, the non-party shall bear the burden of filing a response to the joint motion to seal with their justification for keeping the Confidential Information under seal as contemplated by this Alternative Sealing Procedure, per Paragraph 6 below.

d. Notice of Use of Confidential Information pursuant to this alternative sealing procedure shall include a copy of this Alternative Sealing Procedure and shall specify: the date by which the non-party must respond regarding whether the Confidential Information may be filed on the public docket.

5. **Joint Motion to Seal.**  The Parties shall file a joint motion to seal in accordance with the timeline set forth in Paragraph 3(c) above.  The joint motion to seal shall include a table similar to the checklist required by LR 5.4, identifying: (i) all materials filed under seal; (ii) a non-confidential description of the material; (iii) the

general basis for sealing; (iii) the docket number and page number of the material in both the sealed and corresponding public versions; and (iv) the identity of the party or non-party that designated the material as Confidential Information. As soon as practicable after the filing of the joint motion to seal, the Parties shall notify each non-party whose Confidential Information is included of the date by which the non-party must file a response to the joint motion to seal, as set forth in Paragraph 6 below.

6. **Responses to Joint Motion to Seal.** Within seven (7) days after the filing of the joint motion to seal, each party and non-party whose Confidential Information has been filed under seal (as identified in the table included in the joint motion to seal), shall file a response to the joint motion to seal. The response shall include the supporting materials required by LR 5.4(c)(3). To the extent the response requires discussion of the Confidential Information, a sealed supplement may be filed separately consistent with LR 5.4(c)(3).

7. **LR 5.4 Checklist and Summary Chart.** Any Party or non-party filing a response to a joint motion to seal shall submit the LR 5.4 Checklist and Summary Chart to the assigned district and magistrate judges' ECF mailboxes contemporaneously with the filing of the response.

8. **Objections.** Any party that opposes sealing shall file such objection within seven (7) days after the filing of the response to the joint motion to seal.

9. **Other Sealed Documents.** To the extent any party seeks to file documents under seal that are not connected to a motion, that party shall follow the default sealing procedures of LR 5.4(c).