# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF OREGON, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF WASHINGTON, and STATE OF WISCONSIN, <br><br> Plaintiffs, <br> vs. <br><br> SYNGENTA CROP PROTECTION AG, SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, and CORTEVA, INC., <br><br> Defendants. | Case No. 1:22-cv-00828-TDS-JEP |
| IN RE: CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION <br><br><br> This document relates to: All actions. | Case No. 1:23-MD-03062-TDS-JEP |

## ORDER

During the April 6, 2026 status conference held in both of the above-captioned actions, the Court entered an Oral Order MODIFYING and SUPPLEMENTING the

Court's February 18, 2026 LR 5.5 Order in these actions (the "LR 5.5 Order")[1]. This modification was made with the agreement of the Parties in both actions, and is designed to address the burden, particularly the burden on third parties, related to the sealing requests for sections of the Expert Reports. Under this modification, set out below, the Expert Reports still must be narrowly redacted, but the supporting materials for sealing may be more generally presented, and any additional supporting material may be provided at a later hearing or on request from the Court to the extent necessary. By agreement of the Parties as reflected in the proposal submitted for adoption, the modification is as follows:

1.      The April 13, 2026 deadline referenced in the LR 5.5 Order is extended to April 22, 2026, and beginning on that date the Parties shall file public redacted versions and sealed highlighted versions of all briefing for: (1) the motions for class certification in the MDL Action, and (2) the Rule 702 motions, motion to strike, and summary judgment motions in the Government Action. The public redacted versions and sealed versions of this briefing that is to be filed beginning on April 22, 2026 shall include the final proposed redacted versions and highlighted under seal versions of all documents, including the Expert Reports referenced in the Parties' April 2, 2026 Joint Motion to Set Telephonic Status Conference.

2.      With respect to the "table" for the forthcoming joint motions to seal referenced by incorporation in the LR 5.5 Order, the Expert Reports may be included in a

_____

[1] The February LR 5.5 Orders in both actions are substantively identical and adopted the Parties' alternative sealing proposals with slight modification and clarification. *See* Case No. 1:22-cv-00828 ("Government Action") (Doc. #415); Case No. 1:23-MD-03062 ("MDL Action") (Doc. #345).

separate table from that for the briefing and other exhibits to that briefing. The table for the Expert Reports does not need to contain a line-by-line identification of designated confidential information sought to be sealed, but that detailed information is still required as to designated confidential information sought to be sealed in the briefs and other exhibits thereto. The table for the Expert Reports instead may identify in a more general and consolidated manner the Parties or third-parties whose information is sought to be sealed in the Expert Reports and the basis for sealing that Party or third-party's information. That general description should include enough information to allow the Court to make a preliminary determination to allow the documents to remain under temporary seal pending consideration and review of all of the materials, and to allow any interested parties to file any objection to the motion to seal.

3.    With respect to the responses to the joint motions to seal that are required by the LR 5.5 Order, those responses need only address that information the Party or third-party seeks to keep under seal that appears in the briefs or in exhibits to the briefs *other than the Expert Reports*.[2] At a later date, by hearing or by directing additional submission of materials, the Court will require from the Parties and third-parties more specific identification of the information sought to be sealed in the Expert Reports and supporting material justifying the requested sealing, to the extent necessary to make sealing determinations.

---

[2] Thus, any third-party whose designated confidential information appears only in the Expert Reports and not in any of the other briefing or exhibits thereto need not file a response to the joint motions to seal within the initial 7-day response deadline and may await further guidance from the Court.

4. Regardless of the above, Parties and third-parties may still elect in their response to the joint motions to seal contemplated by the LR 5.5 Order to more specifically identify the information they seek to keep sealed in the Expert Reports and provide the supporting material justifying the requested sealing.

5. To further lessen the burden on third-parties, the Court relieves any third-parties of the requirement in LR 83.1 to associate with local counsel as specifically relates to the filing of an initial response to the joint motions to seal, the filing of any later Court-directed additional submissions related to sealed materials, and appearing for a hearing before the Court for the sole purpose of addressing the sealing of the third-party's information.

6. Unless changed by the modifications and supplementations set out herein, the February 18, 2026 Order and any document incorporated by reference remains in full force and effect as originally stated.

IT IS THEREFORE ORDERED that the February 18, 2026 Order Establishing Sealing Procedures is modified as set out herein.

This, the 16th day of April, 2026.

Joi Elizabeth Peake
United States Magistrate Judge